UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TOWER MANUFACTURING CORPORATION,<br><br>Plaintiff,<br>v.<br><br>SHANGHAI ELE MANUFACTURING CORPORATION,<br><br>Defendant. | Civil Action No. 06-170S |

**PLAINTIFF TOWER'S NOTICE REGARDING THE INAPPLICABILITY OF RULE 4(M)'s 120-DAY TIME LIMIT ON SERVING PROCESS IN RESPONSE TO THE SHOW CAUSE ORDER**

Plaintiff Tower Manufacturing Corporation files this Notice in response to the Court's Show Cause Order dated August 15, 2006, regarding service of process on Defendant Shanghai ELE Manufacturing Corporation ("Shanghai ELE").

Tower acknowledges that it has not completed service of process on the Chinese Defendant, Shanghai ELE Manufacturing Corporation ("Shanghai ELE"), within the 120-day time limit set by Federal Rule 4(m). However, because Shanghai ELE is a foreign corporation that Tower must serve in a foreign country, Federal Rule 4(m)'s 120 day time limit does not apply to the service of the complaint and summons on Shanghai ELE in China. Tower has engaged a professional process server to effect

service of process on Shanghai ELE in China, and that process server has taken reasonable steps to effect process. Therefore, because (1) Federal Rule 4(m) does not apply and (2) Tower has made efforts to serve Shanghai ELE in a timely matter, this court should not dismiss the complaint.

## I. THE 120-DAY PERIOD TO EFFECT SERVICE IS INAPPLICABLE TO SERVICE IN A FOREIGN COUNTRY.

Tower's service of the complaint and summons on Shanghai ELE is not restricted by the time limits of Federal Rule 4(m). Federal Rule 4(m) plainly states that it "does not apply to service in a foreign country." Federal Rule 4(m). Federal courts have recognized that the 120-day period to effect service does not apply to service of process effected outside the United States. See Lucas v. Natoli, 936 F.2d 432, 432-433 (9th Cir. 1991 (plain language of Federal Rule 4 indicates that 120-day limitation period does not apply to service in a foreign country); see Cargill Ferrous Int'l v. M/V Elikon, 154 F.R.D. 193, 195-196 (N.D. Ill. 1994) (120-day period to effect service inapplicable to service in foreign country) see Nylok Corp. v. Fastener World Incorp., 396 F.3d 805 (7th Cir. 2005) (dismissal of suit under Federal Rule 4(m) improper where service had to be

made in Korea and Taiwan and plaintiff had engaged a process server to serve the documents).

These courts and the Federal Rules recognize that "the timeliness of foreign service is often out of the plaintiff's control." Nylok Corp., 396 F.3d at 807. Therefore, the 120-day limitation does not apply to service by Tower on Shanghai ELE in China.

## II. TOWER HAS BEGUN THE PROCESS OF SERVING THE COMPLAINT AND SUMMONS ON SHANGHAI ELE IN CHINA

In addition, Tower has made and continues to make reasonable efforts to serve Shanghai ELE in a timely manner. On April 11, 2006, Tower filed the complaint and received the summons. On April 14, 2006, as detailed in the Affidavit of Joshua Cobb (attached as Exhibit A to this Notice), the Plaintiff engaged APS International, Ltd. ("APS") as its foreign process server. On July 5, 2006, after all the documents had been prepared and translated, APS sent the appropriate documents via DHL courier to the Division of Judicial Assistance at the Ministry of Justice for the People's Republic of China. (Ex. A

paragraph 5). Based on Mr. Cobb's experience, he estimates that Tower may be able to file a translated Certificate of Service in this court sometime in approximately January 2007. (Ex. A, paragraph 9).

## III. CONCLUSION

The 120-day time limitation for service of Federal Rule 4(m) does not apply in this action because (1) Shanghai ELE is a foreign defendant who must be served in a foreign country, and (2) Tower and its agent have taken reasonable steps to effect service of process. For these reasons, this case should remain pending and Tower should be permitted to file its Certificate of Service after receipt from its agent.[1]

[1] If Tower learns or determines that for any reason service will not be completed on Shanghai ELE, Tower will so advise the court.

Dated: August 30, 2006

Respectfully submitted,

PLAINTIFF
TOWER MANUFACTURING CORPORATION,

By its attorneys:

/s/ Bruce W. Gladstone
Bruce W. Gladstone, #2781
Email: bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, RI 02903
Tel.: 401.331.5700
Fax: 401.331.5787

/s/ John J. Cotter
John J. Cotter
(*admitted pro hac vice*)
Email: jcotter@klng.com
KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Telephone: (617) 261-3100
Fax: (617) 261-3175

H:\ARCHIVE\nbd\SHALO28123\ELE\Pldgs\Plaintiff Notice Re Rule 4(M).DOC