EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **TOWER MANUFACTURING CORPORATION** | |
| Plaintiff | Case No. **98CV12611PBS** |
| v | |
| **SHANGHAI ELE MANUFACTURING CORPORATION** | |
| Defendant. | **AFFIDAVIT OF JOSHUA R. COBB** |
| | REGARDING SERVICE IN CHINA VIA THE HAGUE SERVICE CONVENTION |

State of Minnesota )
) s.s
County of Hennepin )

The affiant hereby states:

1. I, Joshua R. Cobb, am a United States citizen and a Paralegal in the employ of APS International, Ltd. (APS). In my capacity as a paralegal for APS, I have caused thousands of documents to be served abroad over the past five years, including in China.

2. My experience has shown that service outside the United States is a time-consuming process because of the rate at which papers are processed by foreign governments. In the case of China, service typically takes three to four months from when papers are delivered to Chinese authorities.

3. APS received the complaint and summons in this case, along with payment for APS fees/services from Plaintiff's Attorney, Kirkpatrick & Lockhart, on April 14th, 2006, and processing by me and others at APS began shortly after that, including preparing documents and translating the summons and complaint.

4. On April 20th, 2006, the office of Kirkpatrick & Lockhart asked that translations be completed, and that subsequently APS should wait for further authorization to forward the documents abroad. The translations were completed on April 24th, 2006. I attach copies of these translations as Exhibit 1.

5. On July 5th, 2006, Kirkpatrick & Lockhart authorized me to forward the documents abroad for service. I then had the necessary Hague convention documentation completed (copies attached as Exhibit 2), and sent these documents along with the English language complaint and summons, and their corresponding Chinese translations, via DHL courier to the Division of Judicial Assistance at the Ministry of Justice for the People's Republic of China on the same day, July 5th, 2006. A true and accurate copy of the DHL [receipt] is attached as Exhibit 3.

6. The documents will be served in accordance with an international treaty for the service abroad of legal documents in civil cases pursuant to <u>The Hague Convention on the Service of Judicial and Extrajudicial Documents on Civil or Commercial Matters,</u> TIAS #10072, 20UST 361 (2/10/69) 28 USCA, 1988 Sup. pamphlet page 121.

7. DHL acknowledged receipt of the documents by the Division of Judicial Assistance at the Ministry of Justice for the People's Republic of China on July 10th, 2006. I attach as Exhibit 4 a true and correct copy of DHL's acknowledgment. Based on my experience with service in China pursuant to the Hague Convention, once the Division of Judicial Assistance at the Ministry of Justice for the People's Republic of China has reviewed, approved and logged the Request, the documents will be forwarded to a local authority with jurisdiction over the defendant Shanghai ELE Manufacturing Corporation. Once this local authority has reviewed, approved and logged the Request, service will then be attempted on the defendant. My experience has shown that service in China is usually completed three to four months from the date which the documents are received by the Division of Judicial Assistance at the Ministry of Justice for the People's Republic of China. However, it is not uncommon for Requests for Service to take longer than this general time frame. Neither plaintiff's attorney, nor I, nor APS has the authority or ability to control foreign government officials or to dictate the rate at which a Request is processed by the Government of the People's Republic of China. Furthermore, the Hague Convention places no time constraints upon foreign governments with respect to how soon they must effect service after receipt of the Request.

8. Once service has been effected, I expect that the Certificate (Proof of Service) will be completed, sealed, and returned to the Division of Judicial Assistance at the Ministry of Justice for the People's Republic of China, who in turn will log the Certificate and return it to me at APS. Transmission of the Certificate typically takes approximately 4 - 6 weeks. Once I receive the completed Certificate, I will have it translated into English and

returned via courier service to the office of Kirkpatrick & Lockhart. I anticipate that translation and transmission of the completed Certificate will take 7 - 10 working days.

9. Based on my experience with service of U.S. court papers in China, and the facts described above, I estimate that Tower's counsel may be in a position to the Certificate sometime in January 2007.

Affiant states nothing further.

______________________________

Joshua R. Cobb, Paralegal
APS International, Ltd.
APS International Plaza
7800 Glenroy Road
Minneapolis, MN 55439-3122
(800) 328-7171

Subscribed and sworn before me this 24th day of August, 2006.

by Glenda Fichtner, Notary Public

GLENDA E. FICHTNER
NOTARY PUBLIC-MINNESOTA
MY COMMISSION EXPIRES 1-31-2010