UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TOWER MANUFACTURING CORPORATION,<br><br>Plaintiff,<br>v.<br><br>SHANGHAI ELE MANUFACTURING CORPORATION,<br><br>Defendant. | Civil Action No. 06-170S |

**PLAINTIFF TOWER'S MEMORANDUM IN SUPPORT OF TOWER'S OBJECTION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Plaintiff Tower Manufacturing Corporation files this memorandum in support of its objection to Defendant Shanghai ELE Manufacturing Corporation's Motion for Protective Order. Shanghai ELE's motion seeks to deny Tower jurisdictional deposition discovery about Shanghai ELE's "customer support center in America," which discovery should prove relevant in Tower's opposition to Shanghai ELE's Motion to Dismiss Tower's patent infringement complaint for alleged lack of personal jurisdiction. In short, Shanghai ELE's motion should be denied because Shanghai ELE failed to:

- Failed to meet and confer with Tower before filing its motion, as required by F.R.C.P. 26(c); and
- Does not show good cause for this motion, because evidence relating to Shanghai ELE's United States customer support

center is relevant to the Tower's response to Shanghai ELE's Motion to Dismiss.

## I. INTRODUCTION

Throughout its website, www.elemfg.com, Shanghai ELE, a Chinese manufacturer of electrical devices, describes its penetration into the United States market for its leakage current detection interruption ("LCDIs")[1] (accused of infringement) and its Ground Fault Current Interrupters ("GFCIs").[2] Both LCDIs and GFCIs serve to prevent shock or fire when a fault occurs. Shanghai ELE displays on its website its UL certifications for both its LCDIs and GFCIs and its issued United States patent. Shanghai ELE even brags about its customer service to United States customers, including that it has a "customer support center in America, providing global service." (See http://www.elemfg.com/en/about/index_04.asp, last accessed on January 5, 2007, attached as Exhibit A).

Plaintiff Tower Manufacturing Corporation is a forty-nine year old, family owned, Rhode Island-based designer and

---

[1] An LCDI is an electrical plug and cord set that can be found on many large appliances, such as air conditioners. The LCDI is designed to prevent household fires caused by current leaking through the cord in the event of damage to the cord.

[2] A GFCI is an electrical safety device that instantly shuts down a circuit if a leakage occurs. Building codes commonly require GFCIs on bathroom and outdoor circuits. See e.g. definition of GFCI *available at* http://www.bradcosupply.com/lumber_dictionary.aspx#G, last accessed on January 8, 2007.

manufacturer of LCDIs and other electrical devices. Tower seeks information through a Rule 30(b)(6) deposition from Shanghai ELE on its "customer support center located in America" in order to respond to Shanghai ELE's Motion to Dismiss. (Dkt. No. 13). This information is relevant to showing that Shanghai ELE has sufficient minimum contacts with the United States and this District to make it appropriate to exercise personal jurisdiction over Shanghai ELE.

## II. SHANGHAI ELE FAILED TO CERTIFY THAT IT MET AND CONFERRED WITH TOWER

Shanghai ELE unilaterally filed its Motion for Protective Order without meeting and conferring with Tower as required by F.R.C.P. 26(c). On December 14, 2006, Tower served on Shanghai ELE a notice of a Rule 30(b)(6) deposition requesting that Shanghai ELE's testimony from a representative with knowledge of Shanghai ELE's customer support center. (Tower's Notice of Rule 30(b)(6) Deposition, attached as Exhibit B). Tower noted in its cover letter accompanying the Notice that it would be willing to discuss a mutually convenient time and place for the deposition. (Tower's December 14, 2006 letter, attached as Exhibit C).

Shanghai ELE responded on December 18, 2006, with two threats: a protective order and sanctions. (Shanghai ELE December 18, 2006 letter, attached as Exhibit C). Tower responded on December 20, 2006 with a letter requesting Shanghai

ELE to explain its threats and an invitation to discuss these matters in detail. (Tower December 20, 2006 letter, attached as Exhibit D). Shanghai ELE then filed on December 22, 2006, its Motion for Protective Order. (Dkt. No. 22) Apparently, Shanghai ELE prepared a letter dated December 21, 2006, but sent it by regular mail. Tower's counsel received this letter on December 26, 2006, five days after Shanghai ELE drafted it and four days after Shanghai filed its Motion for Protective Order. (Shanghai ELE December 21, 2006 letter, attached as Exhibit E). Shanghai ELE's counsel did not attempt to telephone Tower's counsel as Tower's counsel had requested in Tower's December 20th letter.

In addition, Shanghai ELE did not (and could not) certify that it had met and conferred before filing this motion which alone is basis to deny Shanghai ELE's motion. Frazier v. South Eastern Pennsylvania Transportation Authority, 161 F.R.D. 309, 312 (E.D. Pa. 1995) (court denied plaintiff's first motion for protective order for lack of certification).

## III. SHANGHAI ELE HAS FAILED TO SHOW GOOD CAUSE FOR ITS PROTECTIVE ORDER BECAUSE THE DISCOVERY TOWER SEEKS IS RELEVANT AND IS NOT HARMFUL TO SHANGHAI ELE

Shanghai ELE bears the burden of proof and must either specifically demonstrate that disclosure would result in a clearly defined or serious injury or show that the material sought is "fully irrelevant and could have no possible bearing

on the issues." Grinnell Corp. v. Hackett, 70 F.R.D. 326, 333 (D.R.I. 1976). Shanghai ELE is unable to do either.

Because the Federal Rules provide a broad test for relevancy, this Court has held that "an order to vacate a notice of the taking of a deposition is generally regarded by the court as both unusual and unfavorable, and most requests of this kind are denied." Id. at 333; see also Kuwait Airways Corp. v. American Security Bank, 1987 WL 11994 *2 (D.D.C. May 26, 1987) (denied protective order prohibiting deposition and noted that "it is difficult to show sufficient grounds to prohibit the taking of a deposition.")

Shanghai ELE is unable to show good cause for a protective order because Shanghai ELE has failed to show that this information is irrelevant and specifically demonstrate that this information would result in injury to Shanghai ELE. In fact, the case Shanghai ELE cites for its claim that it has good cause to file its motion, Anderson v. Cryovac, 805 F.2d 1 (1st Cir. 1986), relates to the issuance of a protective order sealing materials already discovered from third parties. Thus, Anderson is irrelevant.

**a. Tower's discovery request is relevant and within the normal scope of jurisdictional discovery due a diligent plaintiff**

**i. Tower has been diligently seeking discovery relating to Shanghai ELE's contacts with Rhode Island and the United States from both Shanghai ELE and third parties**

Upon service of Shanghai ELE's Motion to Dismiss two days before Thanksgiving, Tower's counsel immediately exercised diligence in investigating Shanghai ELE's contacts. First, Tower's counsel contacted Shanghai ELE's counsel to request limited discovery. Shanghai ELE agreed to limited discovery, but the parties were unable to agree on the scope of that discovery. Second, Tower served Interrogatories (attached as Exhibit G) and Document Requests (attached as Exhibit H) on December 8, 2006, requesting that Shanghai ELE expedite its responses. While Shanghai ELE in form cooperated by serving timely responses on December 21, 2006, its responses were deficient. (Shanghai ELE's responses to Tower's Interrogatories, attached as Exhibit I; Shanghai ELE's responses to Tower's Requests for Production, attached as Exhibit J). Third, Tower requested on December 29, 2006, supplementation of Shanghai ELE's responses and then discussed these deficiencies with Shanghai ELE's counsel on January 2, 2007. (Tower's December 29, 2006 letter, attached as Exhibit K; Tower's January

3, 2007 letter, attached as Exhibit L). Finally, Tower is filing a Motion to Compel on January 8, 2007.

Tower has also engaged in a substantial amount of fact finding on its own and through third parties. For example, through a review of Shanghai ELE's website, Tower determined that Shanghai ELE claims to have a customer support center in the United States. Tower has also investigated third party retailers such Benny's, Inc., located at 340 Waterman Avenue, Esmond, RI 02917, for information relating to their air conditioner sales.

In sum, Tower has been a diligent plaintiff in seeking discovery, unlike the plaintiffs in the cases Shanghai ELE cites. The plaintiff in Sunview Condominium never sought interrogatories or document requests on its products liability claim before it sought a deposition, and had failed to appeal the magistrate's decision denying the deposition. Sunview Condominium Ass'n v. Flexel Int'l., Ltd., 116 F.3d 962 (1st Cir. 1997).

The other two cases that Shanghai ELE cites relate to the permissible quanta of jurisdictional discovery the courts permitted the plaintiffs.[3] Shanghai ELE cites Surpitski v.

[3] As noted above, Anderson relates to only protective orders for sealing previously produced court documents. Shanghai ELE also cites Barret v. Lombardi, for the proposition that Tower is required to provide the Court with facts showing why

Hughes-Keenam Corp., where the First Circuit held that when the defendant is a “stranger” to the plaintiff, the plaintiff should not be required to litigate the jurisdictional discovery issues “on affidavits without the benefit of full discovery.” 362 F.2d 254, 255 (1st Cir. 1966). The court noted that the plaintiff was entitled to propound further interrogatories and request depositions. Id.

The Supreme Court of Rhode Island also permits jurisdictional discovery when the plaintiff’s complaint alleges *indirect* liability and the defendant’s affidavits only address *direct* liability. Smith v. Johnson-Manville Corp., 489 A.2d 336, 339 (R.I. 1985). Similarly, Tower is seeking discovery on Shanghai ELE’s direct and *indirect* contacts with Rhode Island and the United States. But, Shanghai ELE has only provided information on its *direct* contacts with Rhode Island. The Rhode Island Supreme Court also noted that “[s]everal courts have held it to be error to grant [a motion to dismiss for lack of personal jurisdiction] without affording the plaintiff an opportunity for discovery.” Id. at 340. Therefore, Tower is entitled to discovery on Shanghai ELE’s direct and indirect

---

jurisdictional discovery should be permitted. 239 F. 3d 23 (1st Cir. 2001). Although Barret deals with personal jurisdiction, it does not address discovery related to personal jurisdiction. The final case cited by Shanghai ELE, United States v. Swiss American Bank Ltd., will be discussed in the next section.

contacts with the United States, including discovery on Shanghai ELE's customer support center.

**ii. Tower has a colorable claim for jurisdiction and is not engaging in a fishing expedition; rather Tower's request to depose a person with knowledge of Shanghai ELE's American service center is reasonable and relevant to show Shanghai ELE's contacts with the United States**

Tower did not serve its Rule 30(b)(6) deposition notice as a fishing expedition. Rather, Tower has identified the fish and "the question is whether it is in the pond." Surpitski, 352 F.2d 254 at 256. Tower has a colorable claim that Shanghai ELE has sufficient contact the United States for this Court to exercise jurisdiction, and Shanghai ELE's customer service center is relevant to this jurisdictional inquiry.

**1. Tower's complaint alleges a federal question, thus Shanghai ELE's contacts with the United States are the relevant contacts for the jurisdictional inquiry**

Shanghai ELE claims to be a formidable player in the United States market, and has substantial contacts with the United States. This Court may constitutionally exercise jurisdiction over Shanghai ELE not only because of Shanghai ELE's sufficient contacts with Rhode Island, but also because of Shanghai ELE's substantial contacts with the United States.

Shanghai ELE's contacts with the United States may be aggregated to show jurisdiction in Rhode Island as patent law is a federal question and Rule 4(k)(2) permits nationwide service

of process for federal question actions. Fed. R. Civ. Proc. 4(k)(2); See United States v. Swiss American Bank, Ltd., 274 F.3d 610 (1st Cir. 2001) (court noted that nationwide contacts were to be examined for jurisdictional purposes for a federal question case); Cochran Consulting, Inc. v. Uwatec USA, Inc., 102 F.3d 1224, 1232 (Fed. Cir. 1996) (Federal Circuit approved of district court's finding of jurisdiction based on F.R.C.P. 4(k)(2)). Therefore, this Court may find jurisdiction over Shanghai ELE based on Shanghai ELE's nationwide contacts.

**2. Shanghai ELE's customer support center in the United States is a relevant contact with the United States**

Shanghai ELE's website states that one of Shanghai ELE's contacts is a customer service center in America. Shanghai ELE has stated in this litigation, however, that it does not "have, own, or operate a service or support center in the United States." Shanghai ELE's Motion for Protective Order at p. 7, (Dkt. No. 22); see also Shanghai ELE's response to Tower's Interrogatory No. 4, attached as Exhibit I, page 7; see also Shanghai ELE's letter of December 21, 2006, attached as Exhibit F. That conflicts with Shanghai ELE's statements outside of litigation that it has a "customer support center in America." At a minimum, Tower is entitled to discovery to determine which of Shanghai ELE's statements – pre-litigation or during litigation – is accurate.

In addition, Shanghai ELE's relationship with a United States entity that performs customer service for Shanghai ELE, regardless of whether or not Shanghai ELE owns or operates such a center, may be one of the many contacts that Shanghai ELE has with the United States. Tower requests discovery on this customer service center and if needed expects to aggregate any resulting contacts with the United States to show the required minimum contacts.

**b. Shanghai ELE has not specifically proven that this Rule 30(b)(6) deposition would cause Shanghai ELE clearly defined or serious injury**

Shanghai ELE does not claim that it will suffer serious harm by providing a Rule 30(b)(6) witness. Instead, besides arguing that the subject is irrelevant, Shanghai ELE claims that it lacks knowledge of such a support center. However, "overwhelming authority indicates that an alleged lack of knowledge is as insufficient ground to prohibit the taking of a deposition." Kuwait Airways, at *3.

Shanghai ELE also claims that Tower has had adequate access to this information through Shanghai ELE's responses to Tower's Interrogatories. As noted in Tower's Motion to Compel, Shanghai ELE did not fully respond to Tower's Interrogatories, and Tower has no other means to gather evidence related to Shanghai ELE's customer service center besides a Rule 30(b)(6) deposition. Since Shanghai ELE's objections to Tower's notice of Rule

30(b)(6) deposition are that Shanghai ELE lacks knowledge and Shanghai ELE has not proven that Tower has other means of proof available, Shanghai ELE's Motion for Protective Order should be denied.

## IV. CONCLUSION

For the foregoing reasons, this Court should deny Shanghai ELE's Motion for Protective Order and permit Tower to seek discovery regarding Shanghai ELE's customer support center.

Dated: January 8, 2007

Respectfully submitted,

PLAINTIFF
TOWER MANUFACTURING CORP.,

By its attorneys:

/s/

John J. Cotter
Larissa S. Bifano
*(pro hac vice)*
Email: jcotter@klgates.com
Email: lbifano@klgates.com
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Tel.: 617.261.3100
Fax: 617.261.3175

Bruce W. Gladstone (#2643)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, RI 02903
Tel.: 401.331.5700
Fax: 401.331.5787
Email: bgladstone@cm-law.com

CERTIFICATE OF SERVICE

I, Larissa S. Bifano, certify that on January 8, 2007, a true and correct copy of PLAINTIFF TOWER'S MEMORANDUM IN SUPPORT OF TOWER'S OBJECTION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER was served upon the attached Service List in the manner indicated.

s/ Larissa S. Bifano

**SERVICE LIST**

| | | |
|---|---|---|
| Jeffrey S. Brenner<br>**Nixon Peabody LLP**<br>One Citizens Plaza<br>Providence, RI 02903 | ECF | Local Counsel for Defendant,<br>**Shanghai ELE Manufacturing Corp.** |
| Tony D. Chen<br>**Alschuler Grossman LLP**<br>1620 26th Street, Suite 4000N<br>Santa Monica, CA 90404-4060 | ECF | Counsel for Defendant,<br>**Shanghai ELE Manufacturing Corp.** |
| Bruce W. Gladstone<br>**Cameron & Mittleman LLP**<br>56 Exchange Terrace<br>Providence, RI 02903 | ECF | Local Counsel for Plaintiff,<br>**Tower Manufacturing Corp.** |

BOS-1042160 v2