# EXHIBIT F

ALSCHULER GROSSMAN STEIN & KAHAN LLP
ATTORNEYS AT LAW

TONY D. CHEN
ATTORNEY AT LAW
TCHEN@AGSK.COM
Direct Dial: 310-255-9025
Direct Fax: 310-907-2025

OUR FILE NUMBER
13764-207036

December 21, 2006

Larissa S. Bifano, Esq.
Kirkpatrick & Lockhart Nicholson Graham LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950

Re: *Tower Mfg. Corp. v. Shanghai ELE Mfg. Corp.*
U.S. District Court Rhode Island No. CA 06-170S

Dear Ms. Bifano:

I am writing in response to your letter dated December 20, 2006. Your letter again failed to provide any reason and authority to support your Rule 30(b)(6) Deposition Notice, which is grossly overreaching as it goes well beyond the scope of permissible discovery under Rhode Island case law and the Federal Rules of Civil Procedure.

Prior to serving us your Deposition Notice, you had already served us with Tower's Interrogatories and Requests for Production of Documents relating to jurisdictional issues. While you have unilaterally set a two-week deadline for us to respond to these discovery demands during this busy holiday season, Shanghai ELE has nevertheless responded to the demands in a timely manner. Our responses to your interrogatories and requests for productions have been served to you earlier today. We believe that we have cooperated in good faith with you in providing Tower the limited jurisdictional discovery.

However, Tower's entitlement to a limited discovery is not absolute, and there are certain boundaries in relation to the scope of jurisdictional inquiry permitted. For example, in a case similar to ours, Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997), the plaintiff argued that it should have been permitted to engage in jurisdictional discovery (including taking deposition) in response to defendant's motion to dismiss for lack of personal jurisdiction. Id. at 964. The First Circuit affirmed the District Court's decision to prohibit the discovery, noting that the rule permitting jurisdictional discovery has its limitations. The Court reasoned that a plaintiff is not necessarily entitled to take depositions, especially where it never attempted to learn of jurisdictional facts through interrogatories or demands for document production. Id.

Here, while Tower may be entitled to a "modicum" of jurisdictional discovery in response to Shanghai's motion to dismiss, it has already availed itself of that privilege by propounding the interrogatories and requests for production of documents. Shanghai ELE's responses to Tower's written discovery, served to you today, have answered your questions

regarding the "support center" mentioned in its website, *i.e.*:

1. Shanghai ELE does not have, own or operate a service or support center in the United States;

2. The technical support phone number on Shanghai ELE's website is a local telephone number in Shanghai, China;

3. For its GFCI products (not at issue in this case), if Shanghai ELE receives any inquires for service or support, it will refer them to the companies in the United States that sell Shanghai ELE's GFCI's,

4. All Shanghai ELE's LCDI products (at issue in this case) were sold to other manufacturers for assembling as a component to air conditioner units of those manufacturers, and as a result, Shanghai ELE has never received any inquiry from any customers in the United States about its LCDI's as they were never sold as a stand-alone product in the United States market;

5. Shanghai ELE did not sell any LCDI through its website, because the website merely reacts to provide company and product information and it does not take sales orders proactively.

These answers, together with the Declaration of Mr. Long Zhang, CEO of Shanghai ELE, in support of its Motion to Dismiss, provide you with an ample basis from which to gauge Shanghai ELE's jurisdictional contacts with Rhode Island, and make your Rule 30(b)(6) Deposition totally unnecessary.

For the reasons stated in detail above, we believe that your pending Deposition Notice (or the threatened Rule 45 deposition) is entirely inappropriate. Since you did not agree to voluntarily withdraw the Notice, and given the fact that the deposition date unilaterally set by you between the holidays is fast approaching, we have no choice but to move for a protective order from the court. Pending the court's decision on our motion, there will be no one from Shanghai ELE appearing at your office in Boston for the deposition scheduled on December 28, 2006.

Very truly yours,

Tony D. Chen

TDC:js

cc: Jeffrey Brenner, Esq

917903_1.DOC