# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TOWER MANUFACTURING CORPORATION,<br>Plaintiff,<br>v.<br>SHANGHAI ELE MANUFACTURING CORPORATION,<br>Defendant. | Civil Action No. 06-170 |

**FIRST SET OF PLAINTIFF TOWER'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-12) RELATING TO JURISDICTIONAL ISSUES**

Plaintiff Tower Manufacturing Corporation ("Tower") requests that Shanghai ELE Manufacturing Corporation ("Shanghai ELE") produce for inspection and copying the following documents and things, in accordance with the definitions and instructions set forth below, at the office of Kirkpatrick & Lockhart Nicholson Graham, LLP, located at State Street Financial Center, 1 Lincoln Street, Boston, MA, 02111, within two weeks after service.

**Definitions and Instructions**

A. "Documents" shall mean every writing or records of every type and description, including, but not limited to, correspondence, cables, wires, telegrams, notes, calendars, memoranda, notes of telephone calls and conferences, inter-

office and intra-office communications of all types, drawings, blueprints, sketches, block diagrams, notebooks, data operating or maintenance manuals, operating and product specifications, invoices, contracts, assignments, licenses, agreements, purchase orders, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, videos, voice recordings, maps, charts, reports, surveys, minutes, statistical compilations, or electronic documents, such as documents on a diskette, CD, DVD or hard drive or any other digital medium, and including metadata; and every copy of every such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

B. "Person" shall mean any individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity.

C. "Date" shall mean the exact day, month and year if ascertainable, or, if not, the best available approximation (including by reference to other events).

D. "Identify" when used in reference to:

(1) an individual, means to state his or her full name, present or last known residential and business address,

present or last known phone number, and present or last known employment position and/or business affiliation;

(2) a firm, partnership, corporation, proprietorship, joint venture, association, or other organization or entity, means to state its full name, present or last known address and place of incorporation or formation;

(3) a document, means to state the date, title (if any), each author, each recipient, type of document (i.e., publication, letter, memorandum, book, telegram, chart, etc.), other means of identifying it (e.g., Bates number), and its present location or custodian;

(4) a communication, means to state its date and place, the person(s) who participated in it or who were present during any part of it or who have knowledge about it and the substance of the communication; and

(5) a product, means to state the product's description, manufacturer, designation by the manufacturer thereof (e.g., proprietary name, established name, product classification number and/or catalog number), and brand name or trademark.

E. "Plaintiff" shall mean Tower, its divisions, subsidiaries, affiliated or related companies, parents, agents, servants,

employees, attorneys, and all persons in active concert and participation with Tower.

F. "Defendant," "you," shall mean defendant Shanghai ELE its predecessors, divisions, subsidiaries, affiliated or related companies, parents, agents, servants, employees, attorneys, and all persons in active concert and participation with Shanghai ELE.

G. "And" and "or" shall be construed both conjunctively and disjunctively and the singular shall be deemed to also refer to the plural and vice versa.

H. "All" or "each" shall both be construed as all and each.

I. "Relating to" and "relate to" and words to that effect shall mean, in addition to the customary and usual meaning of those words, refer or refer to, assess, describe, embody, evidence, mention, reflect or record.

J. "Concerning" and alternate forms of the word mean, in addition to the customary and usual meaning of the word, relating to, referring to, describing, evidencing, or constituting.

K. "Leakage Current Detection Interrupter" or "LCDI" means any power delivery system having power and return lines and an electrical circuit in which a power switch is opened in the event that leakage or arcing current is detected.

L. With respect to any Request for Production as to which an objection is made, state the specific grounds for the objection and respond to such Request for Production to the extent to which there is no objection.

M. Requests for Production include any and all relevant documents and things within your possession, custody or control, including, without limitation, documents and things located in the personal files of all past and present directors, officers, agents, representatives, employees, attorneys, and accountants of or retained by you.

N. Documents from any single file shall be produced in the same order as they were found in such file, and the files from which they are being produced shall be identified. If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the original.

O. If you object to producing any document responsive to these requests on the ground of attorney-client privilege or attorney work product, or for any other reason, for each such document, state:

(1) the identity of the authors or creators;

(2) the identity of all addressees and recipients;

(3) its subject matter;

(4) the identity of persons to whom the document or any portion of it has already been revealed;

(5) the source of the document;

(6) the date of the document; and

(7) the basis for withholding the document.

P. In producing the documents requested, if you do not produce the documents as they were kept in the ordinary course of business, indicate the specific request(s) pursuant to which each document or group of documents is being produced.

Q. These requests for the production of documents shall be deemed continuing and supplemental responses should be provided as additional information becomes available.

R. If any document or thing that would have been responsive has been destroyed or is otherwise no longer in the respondent's possession, custody, or control,

1) describe the content of the document or thing, and state the location of all copies; and

(2) state the date of, and identify the person responsible for its destruction, loss, transfer, or other action by which the document or thing left the respondent's possession, custody or control.

## REQUESTS

1. All documents and things that were reviewed, referred to, relied upon, consulted, or identified in connection with investigating and responding to Tower's First Set of Interrogatories (Nos. 1-8).

2. All documents and things referring or relating to the subject matter of Tower's First Set of Interrogatories (Nos. 1-8).

3. All documents and things referring or relating to any companies in or outside the United States, who have purchased or contracted to purchase LCDIs from Shanghai ELE, including all contracts and communications relating to those purchases.

4. All documents and things referring or relating to any companies in or outside the United States, who distribute products into the United States and the State of Rhode Island, where those products include an LCDI manufactured or sold by Shanghai ELE.

5. All documents and things referring or relating to any companies, retailers, wholesalers, installers, or suppliers in the United States, who have or had retail outlets, stores, distribution centers, warehouses, or other facilities in the State of Rhode Island and also carry, carried, or have

contracted to or agreed to carry products that contain an LCDI manufactured by Shanghai ELE.

6. All documents and things referring or relating to any Rhode Island residents, or entities with retail outlets, stores, distribution centers, warehouses, or other facilities in the State of Rhode Island, to whom Shanghai ELE has provided support services.

7. All documents and things referring or relating to any Rhode Island residents or entities who have purchased or inquired about Shanghai ELE's LCDIs through Shanghai ELE's website at http://www.elemfg.com. Please include any documents and things referring or relating to website hits, traffic, orders, inquiries, and complaints by, to, or from persons located in Rhode Island.

8. All documents and things referring and relating to any Rhode Island companies or individuals who own any stock or possess any ownership interest in Shanghai ELE, including the identity and contact information for any Shanghai ELE American partner who owns Shanghai ELE's stock.

9. All documents and things referring or relating to any distribution channels that could result in a Shanghai ELE LCDI being sold as part of a product in Rhode Island, including all

LCDI customers, and the customers, distributors, agents, wholesalers, and retailers of those LCDI customers, and information on any restrictions against such sales.

10. All documents and things referring or relating to any restrictions or limitations placed on the distribution, sale, or use of any Shanghai ELE LCDI.

11. All instructions and manuals that describe or concern the installation, shipping, operation, use, repair, or replacement of any Shanghai ELE LCDI.

12. All documents and things referring or relating to any warranties Shanghai ELE provides or has provided relating to its LCDIs.

Dated: December 8, 2006

Respectfully submitted,

PLAINTIFF
TOWER MANUFACTURING CORPORATION,

By its attorneys:

Larissa S. Bifano (*pro hac vice*)
Email: lbifano@klng.com
John J. Cotter (*pro hac vice*)
Email: jcotter@klng.com
KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Telephone: (617) 261-3100
Fax: (617) 261-3175

Bruce W. Gladstone
Email: bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, RI 02903
Tel.: (401) 331-5700
Fax: (401) 331-5787

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was served by facsimile and U.S. Mail, postage prepaid, this 8th day of December, 2006, upon:

Tony D. Chen
ALSCHULER GROSSMAN STEIN & KAHAN LLP
1620 26th Street
Fourth Floor, North Tower
Santa Monica, California 90404-4060
Tel.: 310.225.9025
Fax: 310.907.2025

Jeffery Brenner
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel.: 401.454.1042
Fax: 401.454.1030

ATTORNEYS FOR DEFENDANT
SHANGHAI ELE MANUFACTURING CORPORATION

Larissa S. Bifano