# EXHIBIT I

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TOWER MANUFACTURING CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SHANGHAI ELE MANUFACTURING CORPORATION,<br><br>Defendant. | Civil Action No. CA 06 170S |

**DEFENDANT SHANGHAI ELE MANUFACTURING CORPORATION'S RESPONSE TO PLAINTIFF TOWER'S FIRST SET OF INTERROGATORIES (NOS. 1-8) RELATING TO JURISDICTIONAL ISSUES**

Defendant Shanghai ELE Manufacturing Corporation ("Shanghai ELE") responds to Plaintiff Tower Manufacturing Corporation's ("Tower") First Set of Interrogatories ("Interrogatories"), as follows.

**GENERAL OBJECTIONS**

1. Shanghai ELE objects to the Interrogatories insofar as they attempt to impose any requirement greater than or different from those imposed by the Federal Rules of Civil Procedure or any applicable rules or orders of the Court. Shanghai ELE will not comply with any attempt to impose obligations not supported by proper authority.

2. Shanghai ELE objects to the Interrogatories to the extent they seek information or other matters protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or immunity. Shanghai ELE's responses to the Interrogatories shall not include any information protected by such privileges or immunities,

and any inadvertent disclosure of such information is not intended to be, and shall not be deemed, a waiver of such privilege or immunity. Shanghai ELE does not interpret these Interrogatories to seek attorney work product or attorney-client privileged communication after this litigation was commenced, and such communication will not be disclosed.

3. Shanghai ELE objects to the Interrogatories insofar as they request disclosure of opinions of counsel or other information before any deadline set forth in or any applicable rules or orders of the Court.

4. Shanghai ELE objects to the Interrogatories to the extent that they seek trade secrets or confidential or proprietary information, including any information as to which Shanghai ELE is under a confidentiality obligation to a third party. Shanghai ELE will disclose such information only subject to an appropriate protective order.

5. Shanghai ELE objects to the Interrogatories to the extent they request the disclosure of information that may invade any constitutional or statutory right to privacy of Shanghai ELE employees, or former employees, or others.

6. Shanghai ELE objects to the Interrogatories to the extent they request disclosure of information obtained or received by expert witnesses or consultants retained by counsel for Shanghai ELE or communications with such persons. Such information will be disclosed only pursuant to the procedures set forth in Rule 26(a)(2) of the Federal Rules of Civil Procedure or any applicable rules or orders of the Court.

7. Shanghai ELE objects to Tower's definition and use of the term "Plaintiff" on the grounds that the definition is vague, ambiguous, overbroad, unduly burdensome, oppressive, and harassing, and results in Interrogatories for documents and things that are irrelevant and not likely to lead to the discovery of admissible evidence. For example, Tower's definition includes affiliated or related companies, and past and present employees, agents, servants and attorneys who have not been identified by Tower and are not known to Shanghai ELE. In responding to these Interrogatories, Shanghai ELE interprets and limits

"Plaintiff" to mean Tower.

8. Shanghai ELE objects to Tower's definition and use of the terms "Defendant" and "You" on the grounds that the definition is vague, ambiguous, overbroad, unduly burdensome, oppressive, and harassing, and results in Interrogatories for documents and things that are irrelevant and not likely to lead to the discovery of admissible evidence. For example, Tower's definition includes, not only Shanghai ELE, but also predecessors, affiliated or related companies that have nothing to do with any issue in this case, along with past employees, agents, servants and attorneys who had nothing to do with any issue in this case. In responding to these Interrogatories, Shanghai ELE interprets and limits "Defendant" and "You" to mean Shanghai ELE.

9. Shanghai ELE objects to Tower's definition and use of the terms "relating to" and "relate to" on the grounds that the definition is vague, ambiguous, overbroad, unduly burdensome, oppressive, and harassing, and results in Interrogatories for documents and things that are irrelevant and not likely to lead to the discovery of admissible evidence. Taken as set forth by Tower, Tower's Interrogatories containing the term "relating to" or "relate to" ask for literally information ever obtained or received by or in connection with Shanghai ELE. Accordingly, Shanghai ELE will interpret and limit its responses to particular Interrogatories that use "relating to" or "relate to" as set forth below.

///

///

///

///

## INTERROGATORIES

INTERROGATORY NO. 1:

Please identify and provide contact information, including the name, postal and email address, phone number, and contact person of any companies, in or outside the United States, that have purchased or have contracted to purchase LCDIs from Shanghai ELE.

RESPONSE TO INTERROGATORY NO. 1:

Each of Shanghai ELE's General Objections is incorporated herein by reference. Shanghai ELE specifically objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Shanghai ELE also specifically objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Shanghai ELE responds to this interrogatory as follows: No companies in the State of Rhode Island has ever purchased or contracted to purchase LCDIs from Shanghai ELE.

INTERROGATORY NO. 2:

Please identify and provide contact information, including the name, postal and email address, phone number, and contact person of any companies, in or outside the United States, that have distributed or distribute products into the United States or the State of Rhode Island, where those products contain an LCDI manufactured by Shanghai ELE.

RESPONSE TO INTERROGATORY NO. 2:

Each of Shanghai ELE's General Objections is incorporated herein by reference. Shanghai ELE specifically objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Shanghai ELE also specifically objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Shanghai ELE responds to this interrogatory as follows: Shanghai ELE only sold its LCDI products to manufacturers in China, and has no knowledge of or control over whether any product contain an LCDI manufactured by Shanghai ELE has ever been or is being distributed into the State of Rhode Island and if so, who has or have distributed or distribute(s) such products into Rhode Island.

INTERROGATORY NO. 3:

Please identify and provide contact information, including the name, postal and email address, phone number, and contact person of any companies, retailers, wholesalers, installers or suppliers in the United States, who have or had retail outlets, stores, distribution centers, warehouses, or other facilities in the State of Rhode Island and also carry, carried, or have contracted to or agreed to carry products that contain an LCDI manufactured by Shanghai ELE.

RESPONSE TO INTERROGATORY NO. 3:

Each of Shanghai ELE's General Objections is incorporated herein by reference. Shanghai ELE specifically objects to this interrogatory to the extent it seeks information that

is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Shanghai ELE also specifically objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Shanghai ELE responds to this interrogatory as follows: Shanghai ELE has no knowledge of or control over any companies, retailers, wholesalers, installers or suppliers in the State of Rhode Island, who have or had retail outlets, stores, distribution centers, warehouses, or other facilities in Rhode Island and also carry, carried, or have contracted to or agreed to carry products that contain an LCDI manufactured by Shanghai ELE.

INTERROGATORY NO. 4:

Please identify any Rhode Island residents, companies, or retailers with stores in the State of Rhode Island, to whom Shanghai ELE has provided support or other services and provide a list of all the calls from or to Rhode Island that Shanghai ELE's customer support center has received or made.

RESPONSE TO INTERROGATORY NO. 4:

Each of Shanghai ELE's General Objections is incorporated herein by reference. Shanghai ELE specifically objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Shanghai ELE also specifically objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive,

harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Shanghai ELE responds to this interrogatory as follows: Shanghai ELE has never provided any support or other services to any Rhode Island residents, companies, or retailers with stores in the State of Rhode Island. Shanghai ELE does not have, own or operate any service or support center in Rhode Island or any other states of the United States. The technical support telephone number provided on Shanghai ELE's website at http://www.elemfg.com/en/about/index_04.asp is a local telephone number in Shanghai, China, and Shanghai ELE has never received or made any calls from or to any company or customer in Rhode Island. For its GFCI products (not at issue in this case), if Shanghai ELE receives any inquires for service or support, it will refer them to the companies in the United States that sell Shanghai ELE's GFCI's. However, all LCDIs manufactured by Shanghai ELE (at issue in this case) were sold to other manufacturers for assembling as a component to air conditioner units of those manufacturers. Therefore, Shanghai ELE has never received any inquiry from any customers in the United States about its LCDI's, because Shanghai ELE's LCDIs were not sold as a stand-alone product in the United States market. Shanghai ELE has not sold any LCDI through its website, because the website merely reacts to provide company and product information and it does not take sales orders proactively.

INTERROGATORY NO. 5:

Please identify any Rhode Island residents, companies or retailers who have purchased or inquired about Shanghai ELE's LCDIs through Shanghai ELE's website at http://www.elemfg.com, including information relating to website hits, traffic, emails, text messages, orders, inquiries and complaints by, from, or to persons located in Rhode Island.

RESPONSE TO INTERROGATORY NO. 5:

Each of Shanghai ELE's General Objections is incorporated herein by reference. Shanghai ELE specifically objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Shanghai ELE also specifically objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Shanghai ELE responds to this interrogatory as follows: no Rhode Island residents, companies or retailers has purchased or inquired about Shanghai ELE's LCDIs through Shanghai ELE's website at http://www.elemfg.com. Shanghai ELE has never received or sent through its said website any emails, text messages, orders, inquiries and complaints by, from, or to any person located in Rhode Island.

INTERROGATORY NO. 6:

Please identify and provide contact information, including the name and address, of any Rhode Island companies or individuals who own any stock or who possesses an ownership interest in Shanghai ELE, including the identity and contact information for any Shanghai ELE American partner who owns Shanghai ELE's stock.

RESPONSE TO INTERROGATORY NO. 6:

Each of Shanghai ELE's General Objections is incorporated herein by reference. Shanghai ELE specifically objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other

applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Shanghai ELE also specifically objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Shanghai ELE responds to this interrogatory as follows: no Rhode Island company or individual owns any stock or possesses an ownership interest in Shanghai ELE. Shanghai ELE does not have any "American partner" who owns Shanghai ELE's stock.

INTERROGATORY NO. 7:

Please identify any distribution channels that would result in a Shanghai ELE LCDI being sold individually or as part of a product in Rhode Island, including all LCDI customers, and the customers, distributors, agents, wholesalers, and retailers of those LCDI customers, and information on any restrictions against such sales.

RESPONSE TO INTERROGATORY NO. 7:

Each of Shanghai ELE's General Objections is incorporated herein by reference. Shanghai ELE specifically objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Shanghai ELE also specifically objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Shanghai ELE responds to this interrogatory as follows: Shanghai ELE only sold its LCDI products to manufacturers in China, and has no knowledge of or control over any distribution channels that would result in a LCDI manufactured by Shanghai ELE being sold individually or as part of a product in Rhode Island.

INTERROGATORY NO. 8:

For each of the foregoing Interrogatories, identify the individuals who are most knowledgeable with respect to the subject matter of the Interrogatory, including, but not limited to, the individuals who prepared or assisted in the preparation of the response to the Interrogatory or a portion of the Interrogatory, and the individuals who were consulted in connection with providing a response to the Interrogatory.

RESPONSE TO INTERROGATORY NO. 8:

Each of Shanghai ELE's General Objections is incorporated herein by reference. Shanghai ELE specifically objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Shanghai ELE also specifically objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Shanghai ELE responds to this interrogatory as follows: Barkley Bao, Marketing Manager, Shanghai ELE, Xincheng Economic Zone, Second Section, No 1 Lane, 2933 Huqingping Highway, Zhaoxiang Town,

Qingpu District, Shanghai, China Postal Code 201703, Telephone number 021-5975-6768 (contact only through counsel for Shanghai ELE).

Dated: Dec. 20, 2006

Respectfully submitted

DEFENDANT
SHANGHAI ELE MANUFACTURING CORPORATION,

By its attorneys

/S/

Jeffrey S. Brenner
Email: jbrenner@nixonpeabody.com
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
Telephone: 401.454.1030
Fax: 401.454.1042

Of Counsel:

ALSCHULER GROSSMAN STEIN & KAHAN LLP

Tony D. Chen
Email: tchen@agsk.com
Marshall B. Grossman
William J. O'Brien
1620 26th Street, Suite 4000N
Santa Monica, CA 90404-4060
Telephone: 310.225.9025
Fax: 310.907.2025

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TOWER MANUFACTURING CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SHANGHAI ELE MANUFACTURING CORPORATION,<br><br>Defendant. | Civil Action No. CA 06 170S |

**VERIFICATION**

STATE OF RHODE ISLAND

I have read the foregoing Defendant Shanghai ELE Manufacturing Corporation's Response to Plaintiff Tower's First Set of Interrogatories (Nos. 1-8) Relating to Jurisdictional Issues and know its contents. I am the Marketing Manager of Shanghai ELE Manufacturing Corporation, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

Executed on December 21, 2006, at Shanghai, China

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Barkley Bao
Barkley Bao

917557_1.DOC

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2006, a copy of the foregoing DEFENDANT SHANGHAI ELE MANUFACTURING CORPORATION'S RESPONSE TO PLAINTIFF TOWER'S FIRST SET OF INTERROGATORIES (NOS. 1-8) RELATING TO JURISDICTIONAL ISSUES was served on counsel for all parties by facsimile transmission and by mail, as follows:

Thomas F. Holt, Esq.
John J. Cotter, Esq.
Larissa S. Bifano, Esq.
Kirkpatrick & Lockhart Nicholson Graham LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950

Attorneys for Tower Manufacturing Corp.
Telephone: 617.261.3100
Fax: 617.261.3175

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

Attorneys for Tower Manufacturing Corp.
Telephone: 401.331.5700
Fax: 401.331.5787

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 21, 2006.

Jacqueline Spoonts