# EXHIBIT J

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TOWER MANUFACTURING CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SHANGHAI ELE MANUFACTURING CORPORATION,<br><br>Defendant. | Civil Action No. CA 06 170S |

**DEFENDANT SHANGHAI ELE MANUFACTURING CORPORATION'S RESPONSE TO PLAINTIFF TOWER'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-12) RELATING TO JURISDICTIONAL ISSUES**

Defendant Shanghai ELE Manufacturing Corporation ("Shanghai ELE") responds to Plaintiff Tower Manufacturing Corporation's ("Tower") First Set of Requests for Production of Documents and Things ("Requests"), as follows.

**GENERAL OBJECTIONS**

1. Shanghai ELE objects to the Requests insofar as they attempt to impose any requirement greater than or different from those imposed by the Federal Rules of Civil Procedure or any applicable rules or orders of the Court. Shanghai ELE will not comply with any attempt to impose obligations not supported by proper authority.

2. Shanghai ELE objects to the Requests to the extent they request production of documents or things containing communications or other matters protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege or immunity. Shanghai ELE's production pursuant to the Requests shall not include any documents protected by such privileges or immunities, and any inadvertent production of such

documents and things is not intended to be, and shall not be deemed, a waiver of such privilege or immunity. Shanghai ELE does not interpret these Requests to seek attorney work product or attorney-client privileged communications after this litigation was commenced, and such documents will not be produced or listed on Shanghai ELE's privilege log.

3. Shanghai ELE objects to the Requests insofar as they request disclosure of opinions of counsel or other materials before any deadline set forth in or any applicable rules or orders of the Court.

4. Shanghai ELE objects to the Requests to the extent that they seek trade secrets or confidential or proprietary information, including any information as to which Shanghai ELE is under a confidentiality obligation to a third party. Shanghai ELE will produce such information only subject to an appropriate protective order.

5. Shanghai ELE objects to the Requests to the extent they request the production of documents and things that may invade any constitutional or statutory right to privacy of Shanghai ELE employees, or former employees, or others.

6. Shanghai ELE objects to the Requests to the extent they request production of documents generated or received by expert witnesses or consultants retained by counsel for Shanghai ELE or communications with such persons. Such documents will be produced only pursuant to the procedures set forth in Rule 26(a)(2) of the Federal Rules of Civil Procedure or any applicable rules or orders of the Court.

7. Shanghai ELE objects to the demand in the Requests that requested items be produced within thirty days from service of the Requests and be produced at the offices of Tower's counsel in Boston. This timing and location are unreasonable, unduly burdensome, and impractical. Shanghai ELE will instead produce documents at a mutually convenient time and place.

8. An agreement by Shanghai ELE to search for and produce responsive documents does not mean that such documents exist. Such a response means that Shanghai

ELE will produce responsive documents that it can locate with reasonable diligence and that are not otherwise protected from disclosure.

9. Shanghai ELE objects to Tower's definition and use of the term "Plaintiff" on the grounds that the definition is vague, ambiguous, overbroad, unduly burdensome, oppressive, and harassing, and results in requests for documents and things that are irrelevant and not likely to lead to the discovery of admissible evidence. For example, Tower's definition includes affiliated or related companies, and past and present employees, agents, servants and attorneys who have not been identified by Tower and are not known to Shanghai ELE. In responding to these Requests, Shanghai ELE interprets and limits "Plaintiff" to mean Tower.

10. Shanghai ELE objects to Tower's definition and use of the terms "Defendant" and "You" on the grounds that the definition is vague, ambiguous, overbroad, unduly burdensome, oppressive, and harassing, and results in requests for documents and things that are irrelevant and not likely to lead to the discovery of admissible evidence. For example, Tower's definition includes, not only Shanghai ELE, but also predecessors, affiliated or related companies that have nothing to do with any issue in this case, along with past employees, agents, servants and attorneys who had nothing to do with any issue in this case. In responding to these Requests, Shanghai ELE interprets and limits "Defendant" and "You" to mean Shanghai ELE.

11. Shanghai ELE objects to Tower's definition and use of the terms "relating to" and "relate to" on the grounds that the definition is vague, ambiguous, overbroad, unduly burdensome, oppressive, and harassing, and results in requests for documents and things that are irrelevant and not likely to lead to the discovery of admissible evidence. Taken as set forth by Tower, Tower's Requests containing the term "relating to" or "relate to" ask for literally every document ever created by or received by or in connection with Shanghai ELE, as well as an impossibly vast number of other documents and things. Accordingly, Shanghai

ELE will interpret and limit its responses to particular requests that use "relating to" or "relate to" as set forth below.

///

///

///

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 1:

All documents and things that were reviewed, referred to, relied upon, consulted, or identified in connection with investigating and responding to Tower's First Set of Interrogatories (Nos. 1-8).

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Each of Shanghai ELE's General Objections is incorporated herein by reference. Shanghai ELE specifically objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Shanghai ELE also specifically objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure. The bases for these objections include, without limitation, this request's use of the terms "reviewed", "referred to", "relied upon", "consulted", and "identified".

Subject to and without waiving the foregoing objections, Shanghai ELE will produce any non-privileged, non-work-product documents that is identified in Shanghai ELE's Response to Tower's First Set of Interrogatories (Nos. 1-8).

REQUEST FOR PRODUCTION NO. 2:

All documents and things referring or relating to the subject matter of Tower's First Set of Interrogatories (Nos. 1-8).

RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Each of Shanghai ELE's General Objections is incorporated herein by reference. Shanghai ELE specifically objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Shanghai ELE also specifically objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure. The bases for these objections include, without limitation, this request's use of the terms "relating to" and "subject matter".

Subject to and without waiving the foregoing objections, Shanghai ELE will produce any non-privileged, non-work-product documents that is identified in Shanghai ELE's Response to Tower's First Set of Interrogatories (Nos. 1-8).

REQUEST FOR PRODUCTION NO. 3:

All documents and things referring or relating to any companies in or outside the United States, who have purchased or contracted to purchase LCDIs from Shanghai ELE, including all contracts and communications relating to those purchases.

RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Each of Shanghai ELE's General Objections is incorporated herein by reference. Shanghai ELE specifically objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Shanghai ELE also specifically objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is

not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure. Shanghai ELE further specifically objects to this request on the grounds that it is beyond the limited scope of this discovery on the jurisdictional issues pertaining to the State of Rhode Island. The bases for these objections include, without limitation, this request's use of the terms "relating to" and "any companies in or outside the United States".

Subject to and without waiving the foregoing objections, Shanghai ELE has conducted a reasonable and diligent search for non-privileged, non-work-product documents that identify any company in the State of Rhode Island who has purchased or contracted to purchase LCDIs directly from Shanghai ELE, and found no such document presently in the possession, control, or custody of Shanghai ELE.

REQUEST FOR PRODUCTION NO. 4:

All documents and things referring or relating to any companies in or outside the United States, who distribute products into the United States and the State of Rhode Island, where those products include an LCDI manufactured or sold by Shanghai ELE.

RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Each of Shanghai ELE's General Objections is incorporated herein by reference. Shanghai ELE specifically objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Shanghai ELE also specifically objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure. Shanghai ELE further specifically objects to this request on the grounds that it is beyond the limited

scope of this discovery on the jurisdictional issues pertaining to the State of Rhode Island. The bases for these objections include, without limitation, this request's use of the terms "relating to" and "any companies in or outside the United States".

Subject to and without waiving the foregoing objections, Shanghai ELE has conducted a reasonable and diligent search for non-privileged, non-work-product documents that identify any company in the State of Rhode Island who distributes products into the State of Rhode Island, where such company's products include an LCDI manufactured and sold by Shanghai ELE to such company, and found no such document presently in the possession, control or custody of Shanghai ELE.

REQUEST FOR PRODUCTION NO. 5:

All documents and things referring or relating to any companies, retailers, wholesalers, installers, or suppliers in the United States, who have or had retail outlets, stores, distribution centers, warehouses, or other facilities in the State of Rhode Island and also carry, carried, or have contracted to or agreed to carry products that contain an LCDI manufactured by Shanghai ELE.

RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Each of Shanghai ELE's General Objections is incorporated herein by reference. Shanghai ELE specifically objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Shanghai ELE also specifically objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure. Shanghai ELE further specifically objects to this request on the grounds that it is beyond the limited

scope of this discovery on the jurisdictional issues pertaining to the State of Rhode Island. The bases for these objections include, without limitation, this request's use of the terms "relating to" and "any companies … in the United States".

Subject to and without waiving the foregoing objections, Shanghai ELE has conducted a reasonable and diligent search for non-privileged, non-work-product documents that identify any companies, retailers, wholesalers, installers, or suppliers in the State of Rhode Island who have any retail outlets, stores, distribution centers, warehouses, or other facilities in Rhode Island that carry, carried, or have contracted to or agreed to carry products that contain an LCDI manufactured by Shanghai ELE, and found no such document presently in the possession, control or custody of Shanghai ELE.

REQUEST FOR PRODUCTION NO. 6:

All documents and things referring or relating to any Rhode Island residents, or entities with retail outlets, stores, distribution centers, warehouses, or other facilities in the State of Rhode Island, to whom Shanghai ELE has provided support services.

RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Each of Shanghai ELE's General Objections is incorporated herein by reference. Shanghai ELE specifically objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Shanghai ELE also specifically objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure. Shanghai ELE further specifically objects to this request on the grounds that it is beyond the limited scope of this discovery on the jurisdictional issues pertaining to the State of Rhode Island.

The bases for these objections include, without limitation, this request's use of the term "relating to".

Subject to and without waiving the foregoing objections, Shanghai ELE has conducted a reasonable and diligent search for non-privileged, non-work-product documents that identify any Rhode Island residents, or entities with retail outlets, stores, distribution centers, warehouses, or other facilities in the State of Rhode Island, to whom Shanghai ELE has provided support services, and found no such document presently in the possession, control or custody of Shanghai ELE.

REQUEST FOR PRODUCTION NO. 7:

All documents and things referring or relating to any Rhode Island residents or entities who have purchased or inquired about Shanghai ELE's LCDIs through Shanghai ELE's website at http://www.elemfg.com. Please include any documents and things referring or relating to website hits, traffic, orders, inquiries, and complaints by, to, or from persons located in Rhode Island.

RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Each of Shanghai ELE's General Objections is incorporated herein by reference. Shanghai ELE specifically objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Shanghai ELE also specifically objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure. Shanghai ELE further specifically objects to this request on the grounds that it is beyond the limited scope of this discovery on the jurisdictional issues pertaining to the State of Rhode Island.

The bases for these objections include, without limitation, this request's use of the terms "relating to" and "website hits, traffic".

Subject to and without waiving the foregoing objections, Shanghai ELE has conducted a reasonable and diligent search for non-privileged, non-work-product documents that identify any Rhode Island residents or entities who have purchased or inquired about Shanghai ELE's LCDIs through Shanghai ELE's website at http://www.elemfg.com, or any orders, inquiries, and complaints by, to, or from persons located in Rhode Island through Shanghai ELE's said website, and found no such document presently in the possession, control or custody of Shanghai ELE.

REQUEST FOR PRODUCTION NO. 8:

All documents and things referring and relating to any Rhode Island companies or individuals who own any stock or possess any ownership interest in Shanghai ELE, including the identify and contact information for any Shanghai ELE American partner who owns Shanghai ELE's stock.

RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Each of Shanghai ELE's General Objections is incorporated herein by reference. Shanghai ELE specifically objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Shanghai ELE also specifically objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure. Shanghai ELE further specifically objects to this request on the grounds that it is beyond the limited scope of this discovery on the jurisdictional issues pertaining to the State of Rhode Island.

The bases for these objections include, without limitation, this request's use of the terms "relating to" and "American partner".

Subject to and without waiving the foregoing objections, Shanghai ELE has conducted a reasonable and diligent search for non-privileged, non-work-product documents that identify any Rhode Island companies or individuals who own any stock or possess any ownership interest in Shanghai ELE, and found no such document presently in the possession, control or custody of Shanghai ELE.

REQUEST FOR PRODUCTION NO. 9:

All documents and things referring or relating to any distribution channels that could result in a Shanghai ELE LCDI being sold as part of a product in Rhode Island, including all LCDI customers, and the customers, distributors, agents, wholesalers, and retailers of those LCDI customers, and information on any restrictions against such sales.

RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Each of Shanghai ELE's General Objections is incorporated herein by reference. Shanghai ELE specifically objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Shanghai ELE also specifically objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure. Shanghai ELE further specifically objects to this request on the grounds that it is beyond the limited scope of this discovery on the jurisdictional issues pertaining to the State of Rhode Island. The bases for these objections include, without limitation, this request's use of the terms "relating to", "any distribution channels that could result" and "LCDI customer".

Subject to and without waiving the foregoing objections, Shanghai ELE has conducted a reasonable and diligent search for non-privileged, non-work-product documents that identify any distribution channels in Rhode Island that could result in a LCDI manufactured by Shanghai ELE being sold as part of a product in Rhode Island, or any Rhode Island customers who have purchased Shanghai ELE's LCDI, or any Rhode Island distributors, agents, wholesalers, and retailers of such Rhode Island customers, and found no such document presently in the possession, control or custody of Shanghai ELE.

REQUEST FOR PRODUCTION NO. 10:

All documents and things referring or relating to any restrictions or limitations placed on the distribution, sale, or use of any Shanghai ELE LCDI.

RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

Each of Shanghai ELE's General Objections is incorporated herein by reference. Shanghai ELE specifically objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Shanghai ELE also specifically objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure. Shanghai ELE further specifically objects to this request on the grounds that it is beyond the limited scope of this discovery on the jurisdictional issues pertaining to the State of Rhode Island. The bases for these objections include, without limitation, this request's use of the terms "relating to" and "any restrictions or limitations placed on the distribution, sale, or use of any Shanghai ELE LCDI". For example, Tower's request would require the production of documents concerning certain restrictions and limitations on the distribution, sale, or use of

LCDI products manufactured by Shanghai ELE, such as the pricing, quantity, packaging, delivery terms, safety warning, *etc.*, that are totally irrelevant to the jurisdiction issues of this limited discovery. Without further clarification and narrowing of the scope of this request, Shanghai ELE is unable to conduct a reasonable and diligent search in response to this request and as a result, Shanghai ELE is unable to produce any non-privileged, non-work-product documents presently in the possession, control or custody of Shanghai ELE in response to this request.

REQUEST FOR PRODUCTION NO. 11:

All instructions and manuals that describe or concern the installation, shipping, operation, use, repair, or replacement of any Shanghai ELE LCDI.

RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

Each of Shanghai ELE's General Objections is incorporated herein by reference. Shanghai ELE specifically objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Shanghai ELE also specifically objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure. Shanghai ELE further specifically objects to this request on the grounds that it is beyond the limited scope of this discovery on the jurisdictional issues pertaining to the State of Rhode Island. Any instructions and manuals that describe or concern the installation, shipping, operation, use, repair, or replacement of any LCDI products manufactured by Shanghai ELE are totally irrelevant to the jurisdiction issues of this limited discovery. Without further clarification and narrowing of the scope of this request, Shanghai ELE is unable to conduct a reasonable and

diligent search in response to this request and as a result, Shanghai ELE is unable to produce any non-privileged, non-work-product documents presently in the possession, control or custody of Shanghai ELE in response to this request.

REQUEST FOR PRODUCTION NO. 12:

All documents and things referring or relating to any warranties Shanghai ELE provides or has provided relating to its LCDIs.

RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Each of Shanghai ELE's General Objections is incorporated herein by reference. Shanghai ELE specifically objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Shanghai ELE also specifically objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure. Shanghai ELE further specifically objects to this request on the grounds that it is beyond the limited scope of this discovery on the jurisdictional issues pertaining to the State of Rhode Island. Any warranties policies Shanghai ELE provides or has provided relating to its LCDIs are totally irrelevant to the jurisdiction issues of this limited discovery.

///

///

///

Without further clarification and narrowing of the scope of this request, Shanghai ELE is unable to conduct a reasonable and diligent search in response to this request and as a result, Shanghai ELE is unable to produce any non-privileged, non-work-product documents presently in the possession, control or custody of Shanghai ELE in response to this request.

Dated: Dec. 20, 2006

Respectfully submitted

DEFENDANT
SHANGHAI ELE MANUFACTURING CORPORATION,

By its attorneys

/S/

Jeffrey S. Brenner
Email: jbrenner@nixonpeabody.com
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
Telephone: 401.454.1030
Fax: 401.454.1042

Of Counsel:

ALSCHULER GROSSMAN STEIN & KAHAN LLP

T. D. Chen

Tony D. Chen
Email: tchen@agsk.com
Marshall B. Grossman
William J. O'Brien
1620 26th Street, Suite 4000N
Santa Monica, CA 90404-4060
Telephone: 310.225.9025
Fax: 310.907.2025

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TOWER MANUFACTURING CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SHANGHAI ELE MANUFACTURING CORPORATION,<br><br>Defendant. | Civil Action No. CA 06 170S |

**VERIFICATION**

STATE OF RHODE ISLAND

I have read the foregoing Defendant Shanghai ELE Manufacturing Corporation's Response to Plaintiff Tower's First Set of Interrogatories (Nos. 1-8) Relating to Jurisdictional Issues and know its contents. I am the Marketing Manager of Shanghai ELE Manufacturing Corporation, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

Executed on December 21, 2006, at Shanghai, China

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Barkley Bao
Barkley Bao

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2006, a copy of the foregoing DEFENDANT SHANGHAI ELE MANUFACTURING CORPORATION'S RESPONSE TO PLAINTIFF TOWER'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-12) RELATING TO JURISDICTIONAL ISSUES was served on counsel for all parties by facsimile transmission and by mail, as follows:

Thomas F. Holt, Esq.
John J. Cotter, Esq.
Larissa S. Bifano, Esq.
Kirkpatrick & Lockhart Nicholson Graham LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950

Attorneys for Tower Manufacturing Corp.

Telephone: 617.261.3100
Fax: 617.261.3175

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

Attorneys for Tower Manufacturing Corp.

Telephone: 401.331.5700
Fax: 401.331.5787

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 21, 2006.

Jacqueline Spoonts