# EXHIBIT K

K&L®
Kirkpatrick & Lockhart Nicholson Graham LLP

State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
617.261.3100
Fax 617.261.3175
www.klng.com

Robert P. Smith

617.951.9146
Fax: 617.261.3175
robert.smith@klng.com

December 29, 2006

**Via Facsimile 310.907.2025**

Tony D. Chen
Alschuler Grossman Stein & Kahan LLP
1620 26th St.
Fourth Floor, North Tower
Santa Monica, CA 90404-4060

Re: *Tower Manufacturing Corp. v. Shanghai ELE Manufacturing Corp.*, Case No. 06-170S

Dear Mr. Chen:

Tower has significant concerns about many of Shanghai ELE's responses and objections to Tower's First Set of Interrogatories ("Interrogatories") and First Set of Requests for Production of Documents and Things (the "Requests").

In its General Objection No. 8 to the Interrogatories and General Objection No. 10 to the Requests, Shanghai ELE objects to Tower's definition of the terms "Defendant" and "You" as "vague, ambiguous, overbroad, unduly burdensome, oppressive, and harassing" and states, without legal support, that Tower's definition include entities "that have nothing to do with any issue in this case . . . ." Shangahi ELE then declines to produce documents or respond to interrogatories that involve entities other than Shanghai ELE itself. We disagree because many U.S. district courts have exercised personal jurisdiction over alien defendants that indirectly ship infringing products into the United States. *See e.g., Beverly Hills Fan v. Royal Sovereign Corp.*, 21 F.3d 1558, 1567 (Fed. Cir. 1994). In *Beverly Hills Fan*, the Federal Circuit affirmed a district court's exercise of personal jurisdiction over a Chinese fan manufacturer that, like Shanghai ELE, did not directly ship its infringing products to the United States. Because direct contact with the forum state is not essential to exercise personal jurisdiction, all persons and entities identified in Tower's definition of "Defendant" and "You" are relevant. Please withdraw this objection and supplement accordingly.

Shanghai ELE's General Objections to Tower's definition of the terms "relating to" or "related to" is largely meaningless and should be clarified and/or withdrawn.

Shanghai ELE's responses to at least Interrogatory Nos. 1-3 are non-responsive in that they relate only to Rhode Island. In federal question cases, a defendant may be subject to federal jurisdiction if it has minimum contacts with the United States rather than with the forum state. *See Cryomedics, Inc. v. Spembly*, 397 F.Supp. 287, 290-91 (D.Conn 1975). In that regard,

Kirkpatrick & Lockhart Nicholson Graham LLP



Shanghai ELE's contacts with the United States, as a whole, are as relevant as its contacts with Rhode Island. Please confirm that Shanghai ELE will supplement its responses.

Shanghai ELE's responses to Request Nos. 1, 2 are largely non-responsive because they do not indicate whether or not responsive documents exist. A proper response to a document request requires that the responding party state, as to each request, either that there are responsive documents and they will be produced or that there are no responsive documents. Please indicate whether or not responsive documents exist.

Shanghai ELE's responses to Request Nos. 3-11 are also non-responsive in that they address only the State of Rhode Island. In each response, Shanghai ELE states, without legal support, that Tower's Requests go "beyond the limited scope of this discovery on the jurisdictional issues pertaining to the State of Rhode Island." As explained above, Shanghai ELE may be subject to personal jurisdiction in Rhode Island based on its aggregate contacts with the United States. In that regard, this information is relevant and must be produced.

In its response to Request No. 12, Shanghai ELE calls Tower's request for warranties relating to its LCDIs "beyond the limited scope of discovery on this jurisdictional issues pertaining to the State of Rhode Island." In *Beverly Hills Fan*, the Federal Circuit found that a warranty, *inter alia*, "reflect[ed] an ongoing relationship" with the forum state. *Beverly Hills Fan*, 21 F.3d at 1564. Please confirm that Shanghai ELE will produce documents responsive to this request.

In many responses, Shanghai ELE objects to Tower's Requests based on the use of certain terms but then fails to state the meaning that it attributed to these terms when conducting its search for responsive documents. For example, in its response to Request No. 8, Shanghai ELE objects to the use of the term "American partner," and in its response to Request No. 9, to the term "LCDI customer." Please supplement these responses with the meanings assumed so that Tower can confirm that Shanghai ELE undertook a reasonable search for responsive documents.

We ask that you either correct the deficiencies outlined above immediately or confirm that we have satisfied the meet and confer obligations. In any event, I will contact you today at 1 pm PST.

Very truly yours,

Robert P. Smith

RPS:

Kirkpatrick & Lockhart Nicholson Graham LLP



cc: Bruce W. Gladstone
Jeffery S. Brenner