IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Tower Manufacturing Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Shanghai ELE Manufacturing Corporation,<br><br>Defendant. | Civil Action No.06-170S-DLM |

**PLAINTIFF TOWER'S MOTION TO COMPEL DISCOVERY**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, and Local Rules 7 and 37, Plaintiff Tower Manufacturing Corporation moves for an Order compelling defendant Shanghai ELE Manufacturing Corporation to fully respond to Tower's First Set of Interrogatories and First Set of Requests for Production of Documents and Things, the responses to which were served on December 21, 2006. (Exhibits A and B).

## I. INTRODUCTION

Shanghai ELE has moved to dismiss Tower's complaint for patent infringement because of an alleged lack of personal jurisdiction (Motion to Dismiss at Docket No. 13). Shanghai ELE's LCDI products are found on air conditioners sold by a number of manufacturers across the U.S., including Rhode Island, and Tower seeks the jurisdictional discovery at issue to expose

all of Shanghai ELE's contacts when opposing Shanghai's Motion to Dismiss.

Counsel for Tower has made a good faith effort to obtain complete responses to the interrogatories and requests for production without Court action, but has been unable to do so. In a December 29, 2006 letter to counsel for Shanghai ELE, Tower explained its concerns about many of Shanghai ELE's responses and objections. (Exhibit C). On January 2, 2007, counsel for the parties discussed Tower's concerns by telephone but Shanghai ELE did not commit to supplementing its responses in the manner Tower requested due to a fundamental disagreement over the scope of jurisdictional discovery. Accordingly, Tower has filed this motion to compel complete answers to Interrogatory Nos. 1-3 and 7 and Request for Production Nos. 3-5 and 9-12.

Discovery to support jurisdiction is appropriate when "a party demonstrates that it can supplement its jurisdictional allegations through discovery." Trintec Industries, Inc. v. Pedre Promotional Products, Inc., 395 F.3d 1275, 1283 (Fed. Cir. 2005). Although Tower can presently establish, for example, that infringing LCDI's manufactured by Shanghai ELE have been offered for sale and sold in the State of Rhode Island, limited discovery is necessary to ensure that the record is complete in showing all of Shanghai ELE's contacts with the forum.

The parties have jointly moved for an extension of time for Tower to respond to Shanghai ELE's Motion to Dismiss until after the Court rules on this Motion to Compel and on Shanghai ELE's

pending Motion for a Protective Order (Docket No. 22), both of which bear on the scope of jurisdictional discovery.

## II. GENERAL DEFICIENCIES IN SHANGHAI ELE'S DISCOVERY RESPONSES

As set forth in detail below, Shanghai ELE's responses to Tower's interrogatories and requests for production of documents are inadequate and incomplete because they omit information about (1) Shanghai ELE's indirect contacts with Rhode Island; and (2) Shanghai ELE's direct and indirect contacts with the United States as a whole, each of which are likely to further support personal jurisdiction over Shanghai ELE.

### A. Shanghai ELE's efforts to serve, directly or indirectly, the U.S. market through an established distribution network are discoverable for purposes of establishing personal jurisdiction

Discovery of evidence relating to Shanghai ELE's distribution network, including its relationship with intermediate distributors and other third party suppliers, is essential to document the regular flow of the products at issue in this patent infringement litigation, i.e. Leakage Current Detection Interrupters ("LCDIs"), from Shanghai ELE to the U.S. market. In determining the relevance of a request for jurisdictional discovery, Federal Circuit law applies because the relevance of the request implicates patent law. Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc., 813 F.2d 1207, 1209 (Fed.Cir. 1987). In a factual similar Federal Circuit case involving an

infringing component of a final product, the Court allowed a patent owner like Tower to discover information relating to the distribution channel used by a defendant ("CMO"), who manufactured LCD modules outside the U.S., sold the modules directly to original equipment manufacturers that, in turn, incorporated them into computer monitors. Commissariat a l'Energie Atomique v. Chi Mei Optoelectronics Corp., 395 F.3d 1315, 1317, 1323 (Fed. Cir. 2005). The monitors were then shipped to major computer manufacturers, which then shipped their products to U.S retailers for sale to consumers. The court reasoned that discovery may establish "the defendant's intent and purpose to serve the Delaware market, including demonstration of [the defendant's] 'ongoing relationships with retailers in Delaware'; [the defendant's] knowledge that its products were being shipped to Delaware; its design and marketing efforts directed to the U.S. market (including Delaware) . . . ." Commissariat a l'Energie Atomique, 395 F.3d at 1323. Notably, the Federal Circuit allowed jurisdictional discovery of defendant CMO's three-layer distribution network (intermediaries include LCD monitor manufacturers, computer manufacturers, and computer retailers) even though CMO made no direct sales to U.S. retailers. CMO also claimed it did not perform any work in the forum of Delaware, had no operations or employees in Delaware, had no license to do business in Delaware, and did not own or lease any property in Delaware. Id. at 1317.

Just like the situation in Commissariat a l'Energie Atomique in which an alien manufacturer’s distribution network for delivering infringing products to the U.S. market is subject to jurisdictional discovery, Shanghai ELE’s distribution network for providing infringing LCDIs to the U.S. market (including Rhode Island) is subject to jurisdictional discovery. Shanghai ELE’s two-layer distribution network (intermediaries include air conditioner manufacturers and air conditioner retailers) is even more direct than the three-layer distribution network subject to jurisdictional discovery in Commissariat a l'Energie Atomique. For at least these reasons, Tower should be allowed jurisdictional discovery of Shanghai ELE’s indirect contacts with the State of Rhode Island.

### B. Shanghai ELE May Be Subject To Personal Jurisdiction Under Fed. R. Civ. P. 4(k)(2) Based on its Contacts with the United States as a Whole

Ignoring Federal Rule of Civil Procedure 4(k)(2), Shanghai ELE contends that its responses should be limited to its contacts with the State of Rhode Island. Rule 4(k)(2) was enacted precisely to address the situation here; namely, to establish personal jurisdiction over a foreign defendant based on its contacts with the United States as a whole particularly when the foreign entity lacks sufficient contacts with a single state. FED.R.CIV.P. 4(k)(2), 1993 Amend. Notes. In such cases, the Federal Circuit has recognized that Rule 4(k)(2) may be applied to establish personal jurisdiction over foreign

defendants accused of patent infringement. Cochran Consulting, Inc. v. Uwatec USA, Inc., 102 F.3d 1224, 1232 (Fed. Cir. 1996). The First Circuit has also applied Rule 4(k)(2) for claims arising out of federal law. U.S. v. Swiss American Bank, 274 F.3d 610, 618 (1st Cir. 2001). Thus, foreign defendants have been subject personal jurisdiction in accordance with Rule 4(k)(2) in both the Federal Circuit and First Circuit.

Shanghai ELE contends that it does not direct its activities to the United States, but the facts suggest otherwise. For example, Shanghai ELE has purportedly obtained U.S. Patents and an Underwriters Laboratory certificate for its LCDIs. (Exhibit D); see also Miller Pipeline Corp. v. British Gas plc, 901 F.Supp. 1416, 1423 (S.D.Ind. 1995)(foreign defendant's status as a United States patent holder were among aggregate contacts sufficient to support personal jurisdiction). Shanghai ELE also advertises a "customer support center in America" and claims to have "a good business relationship with [the] supermarkets of America." (Exhibit E). Limited discovery relating to these matters would reveal the extent to which Shanghai ELE's business activity is aimed towards the United States. This information, known only to Shanghai ELE, would help determine whether jurisdiction exists under Rule 4(k)(2).

## III. SPECIFIC DEFICIENCIES IN SHANGHAI ELE'S DISCOVERY RESPONSES

In accordance with Local Rule 37, Tower sets forth each interrogatory and request for production that requires further

response and the reasons why Tower maintains that Shanghai ELE's response is inadequate.

> DEFINITIONS AND INSTRUCTIONS
>
> "Defendant," "you," shall mean defendant Shanghai ELE its predecessors, divisions, subsidiaries, affiliated or related companies, parents, agents, servants, employees, attorneys, and all persons in active concert and participation with Shanghai ELE.
>
> GENERAL OBJECTION NO. 8:
>
> Shanghai ELE objects to Tower's definition and use of the terms "Defendant" and "You" on the grounds that the definition is vague, ambiguous, overbroad, unduly burdensome, oppressive, and harassing, and results in Interrogatories for documents and things that are irrelevant and not likely to lead to the discovery of admissible evidence. For example, Tower's definition includes, not only Shanghai ELE, but also predecessors, affiliated or related companies that have nothing to do with any issue in this case, along with past employees, agents, servants and attorneys who had nothing to do with any issue in this case. **In responding to these Interrogatories, Shanghai ELE interprets and limits "Defendant" and "You" to mean Shanghai ELE.**

(Emphasis added).

The objection appears to deny Tower information relating to agents and other third parties that act on Shanghai ELE's behalf. Were this type of objection permitted under the Federal Rules, a defendant could simply engage a third party to perform infringing acts while forever shielding itself from discovery. Shanghai ELE should be compelled to supplement its responses to include Shanghai ELE's "predecessors, divisions, subsidiaries or related companies, parents, agents, servants, employees,

attorneys, and all persons in active concert and participation with Shanghai ELE."

INTERROGATORY NO 1:

Please identify and provide contact information, including the name, postal and email address, phone number, and contact person of any companies, in or outside the United States, that have purchased or have contracted to purchase LCDIs from Shanghai ELE.

RESPONSE TO INTERROGATORY NO. 1:

Each of Shanghai ELE's General Objections is incorporated herein by reference. Shanghai ELE specifically objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Shanghai ELE also specifically objects to interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Shanghai ELE responds to this interrogatory as follows: **No companies in the State of Rhode Island has ever purchased or contracted to purchase LCDIs from Shanghai ELE.**

(Emphasis added).

Shanghai ELE's response to this interrogatory is incomplete because it omits Shanghai ELE's (1) indirect contacts with Rhode Island and (2) all contacts, whether direct or indirect, with the United States. The interrogatory requests contact

information for purchasers of LCDIs "in or outside the United States." Shanghai ELE's response is limited to its direct contacts with the State of Rhode Island.

Relief Requested: Shanghai ELE should be compelled to supplement this response to include contact information for companies that purchase its infringing LCDIs that may ultimately be offered for sale (1) in Rhode Island, for the reasons described above in Section II.A, and (2) in the United States, for the reasons described above in Section II.B.

INTERROGATORY NO.2:

> Please identify and provide contact information, including the name, postal and email address, phone number, and contact person of any companies, in or outside the United States, that have distributed or distribute products into the United States or the State of Rhode Island, where those products contain an LCDI manufactured by Shanghai ELE.

RESPONSE TO INTERROGATORY NO. 2:

> Each of Shanghai ELE's General Objections is incorporated herein by reference. Shanghai ELE specifically objects to this interrogatory to he extent it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Shanghai ELE also specifically objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.
>
> Subject to and without waiving the foregoing objections, Shanghai ELE responds to this

> interrogatory as follows: Shanghai ELE only sold its LCDI products to manufacturers in China, and has no knowledge of or control over whether any product contain[s] an LCDI manufactured by Shanghai ELE has ever been or is being distributed into the State of Rhode Island and if so, who has or have distributors distribute(s) such products into Rhode Island.

Shanghai ELE's response to this interrogatory is incomplete because it omits Shanghai ELE's contacts with the United States, both direct and indirect. The interrogatory requests contact information for distributors of Shanghai ELE LCDIs located "in or outside the United States." Shanghai ELE's response is limited to its direct contacts with the State of Rhode Island, for which it states it has none.

Relief Requested: For the reasons described above in Section II.B, Shanghai ELE should be compelled to supplement this response to include contact information for companies that distribute, either directly or indirectly, Shanghai ELE LCDIs in the United States.

INTERROGATORY NO. 3:

> Please identify and provide contact information, including the name, postal and email address, phone number, and contact person of any companies, retailers, wholesalers, installers or suppliers in the United States, who have or had retail outlets, stores, distribution centers, warehouses, or other facilities in the State of Rhode Island and also carry, carried, or have contracted to or agreed to carry products that contain an LCDI manufactured by Shanghai ELE.

RESPONSE TO INTERROGATORY NO. 3:

> Each of Shanghai ELEs General Objections is incorporated herein by reference. Shanghai ELE

specifically objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Shanghai ELE also specifically objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Shanghai ELE responds to this interrogatory a follows: Shanghai ELE has no knowledge of or control over any companies, retailers, wholesalers, installers or suppliers in the State of Rhode Island, who have or had retail outlets, stores, distribution centers, warehouses, or other facilities in Rhode Island and also carry, carried, or have contracted to or agreed to carry products that contain an LCDI manufactured by Shanghai ELE.

Shanghai ELE’s response to this interrogatory is incomplete because it omits Shanghai ELE’s (1) indirect contacts with Rhode Island and (2) all its contacts, whether direct or indirect, with the United States involving its LCDI. The interrogatory requests contact information for companies in the U.S. with operations in Rhode Island. Shanghai ELE’s response is limited to its direct contacts with the State of Rhode Island.

Relief Requested: For the reasons described above in Sections II.A and II.B above, Shanghai ELE should be compelled to supplement this response to include contact information for companies in the U.S. that have Rhode Island operations and may

carry or may have agreed to carry Shanghai ELE LCDIs obtained directly or indirectly from Shanghai ELE.

INTERROGATORY NO, 7:

Please identify any distribution channels that would result in a Shanghai ELE LCDI being sold individually or as part of a product in Rhode Island, including all LCDI customers, and the customers, distributors, agents, wholesalers, and retailers of those LCDI customers, and information on any restrictions against such sales.

RESPONSE TO INTERROGATORY NO. 7:

Each of Shanghai ELE's general Objections is incorporated herein by reference. Shanghai ELE specifically objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Shanghai ELE also specifically objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Shanghai ELE responds to this interrogatory as follows: Shanghai ELE only sold its LCDI products to manufacturers in China, and has no knowledge of or control over any distribution channels that would result in a LCDI manufactured by Shanghai ELE being sold individually or as part of a product in Rhode Island.

Shanghai ELE’s response to this interrogatory is incomplete because it omits Shanghai ELE’s (1) indirect contacts with Rhode Island and (2) all contacts with the United States, both direct

and indirect. The interrogatory asks Shanghai ELE to identify the participants in its distribution channel that cause its infringing LCDIs to enter Rhode Island, either directly or indirectly. Shanghai ELE admits that its sells LCDIs to manufacturers in China but declines to identify the manufacturers or any other participants in its distribution network.

Relief Requested: For the reasons described above in Sections II.A and II.B, Shanghai ELE should be compelled to supplement this response to include all participants in the distribution channel that may cause its LCDIs to enter Rhode Island or the United States, either directly or indirectly.

REQUEST FOR PRODUCTION NO. 3

> All documents and things referring or relating to any companies in or outside the United States, who have purchased or contracted to purchase LCDIs from Shanghai ELE, including all contracts and communications relating to those purchases.

RESPONSE TO REQUEST FOR PRODUCTION NO. 3

> Each of Shanghai ELE's General Objections is incorporated herein by reference. Shanghai ELE specifically objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Shanghai ELE also specifically objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil

> Procedure. Shanghai ELE further specifically objects to this request on the grounds that it is beyond the limited scope of this discovery on the jurisdictional issues pertaining to the State of Rhode Island. The bases for these objections include, without limitation, this request's use of the terms “relating to" and "any companies in or outside the United States".
>
> Subject to and without waiving the foregoing objections, Shanghai ELE has conducted a reasonable and diligent search for non-privileged, non-work-product documents that identify any company in the State of Rhode Island who has purchased or contracted to purchase LCDIs **directly** from Shanghai ELE, and found no such document presently in the possession, control, or custody of Shanghai ELE.

(Emphasis added).

Shanghai ELE’s response to this request is deficient in that it limits Shanghai ELE’s search for documents relating to Rhode Island companies that purchased LCDIs directly from Shanghai ELE. The request asks Shanghai ELE to produce documents “relating to any companies in or outside the United States, who have purchased or contracted to purchase LCDIs from Shanghai ELE, . . .”

Relief Requested: For the reasons described above in Sections II.A and II.B, Shanghai ELE should be compelled to supplement this response and produce documents relating to any companies that have purchased LCDIs from Shanghai ELE, either directly or indirectly, that may be imported into the United States.

REQUEST FOR PRODUCTION NO. 4

All documents and things referring or relating to any companies in or outside the United States, who distribute products into the United States and the State of Rhode Island, where those products include an LCDI manufactured or sold by Shanghai ELE.

RESPONSE TO REQUEST FOR PRODUCTION NO. 4

Each of Shanghai, ELE's General Objections is incorporated herein by reference. Shanghai ELE specifically objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or my other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Shanghai ELE also specifically objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure. Shanghai ELE further specifically objects to this request on the grounds that it is beyond the limited scope of this discovery on the jurisdictional issues pertaining to the State of Rhode Island. The bases for these objections include, without limitation, this request's use of the terms "relating to" and "any companies in or outside the United States".

Subject to and without waiving the foregoing objections, Shanghai ELE has conducted a reasonable and diligent search for non-privileged, non-work-product documents that identify any company in the State of Rhode Island who distributes products **into the State of Rhode Island**, where such company's products include an LCDI manufactured and sold by Shanghai ELE to such company, and found no such document presently in the possession, control or custody of Shanghai ELE.

(Emphasis added).

Shanghai ELE’s response to this request is deficient in that it limits Shanghai ELE’s search for documents relating to Rhode Island companies that distribute products into the State of Rhode Island. The request asks Shanghai ELE to produce documents “relating to any companies in or outside the United States, who distribute products into the United States and the State of Rhode Island, where those products include an LCDI manufactured or sold by Shanghai ELE.”

Relief Requested: For the reasons described above in Sections II.A and II.B, Shanghai ELE should be compelled to supplement this response and produce documents relating to any companies in or outside the United States that distribute devices with LCDIs manufactured by Shanghai ELE into the United States or Rhode Island.

REQUEST FOR PRODUCTION NO. 5

> All documents and things referring or relating to any companies, retailers, wholesalers, installers, or suppliers in the United States, who have or had retail outlets, stores, distribution centers, warehouses, or other facilities in the State of Rhode Island and also carry, carried, or have contracted to or agreed to carry products that contain an LCDI manufactured by Shanghai ELE.

RESPONSE TO REQUEST FOR PRODUCTION NO. 5

> Each of Shanghai ELE's General Objections is incorporated herein by reference. Shanghai ELE specifically objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Shanghai ELE also

> specifically objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure, Shanghai ELE further specifically objects to this request on the grounds that it is beyond the limited scope of this discovery on the jurisdictional issues pertaining to the State of Rhode Island. The bases for these objections include, without limitation, this request's use of the terms "relating to" and "any companies . . . in the United States".
>
> Subject to and without waiving the foregoing objections, Shanghai ELE has conducted a reasonable and diligent search for non-privileged, non-work-product documents that identify any companies, retailers, wholesalers, installers, or suppliers **in the State of Rhode Island** who have any retail outlets, stores, distribution centers, warehouses, or other facilities in Rhode Island that carry, carried, or have contracted to or agreed to carry products that contain an LCDI manufactured by Shanghai ELE, and found no such document presently in the possession, control or custody of Shanghai ELE.

(Emphasis added).

Shanghai ELE's response to this request is deficient in that it limits Shanghai ELE's search for documents relating to Rhode Island companies with retail outlets in Rhode Island that carry products containing Shanghai ELE LCDIs and fails to address United States companies that have retail centers in Rhode Island. The request asks Shanghai ELE to produce documents "relating to any companies, retailers, wholesalers, installers, or suppliers in the United States, who have or had retail outlets, stores, distribution centers, warehouses, or other facilities in the State of Rhode Island and also carry,

carried, or have contracted to or agreed to carry products that contain an LCDI manufactured by Shanghai ELE."

Relief Requested: For the reasons described above in Sections II.A and II.B, Shanghai ELE should be compelled to supplement this response and produce documents relating to any companies, retailers, wholesalers, installers, or suppliers throughout the United States that have retail outlets, stores, distribution centers, warehouses, or other facilities in Rhode Island that carry, carried, or have contracted to or agreed to carry products that contain a Shanghai ELE LCDI.

REQUEST FOR PRODUCTION NO. 9

All documents and things referring or relating to any distribution channels that could result in a Shanghai ELE LCDI being sold as part of a product in Rhode Island, including all LCDI customers, and the customers, distributors, agents, wholesalers, and retailers of those LCDI customers, and information on any restrictions against such sales.

RESPONSE TO REQUEST FOR PRODUCTION NO. 9

Each of Shanghai ELE's General Objections is incorporated herein by reference. Shanghai ELE specifically objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential, or proprietary, Shanghai ELE also specifically objects to this request on the pounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure. Shanghai ELE also specifically objects to this request on the grounds that it is beyond the

> limited scope of this discovery on the jurisdictional issues pertaining to the State of Rhode Island. The bases for these objections include, without limitation, this request's use of the terms "relating to" any distribution channels that could result" and "LCDI customer".
>
> Subject to and without waiving the foregoing objections, Shanghai ELE has conducted a reasonable and diligent search for non-privileged, non-work-product documents that identify any **Rhode Island companies or individuals** who own any stock or possess any ownership interest in Shanghai ELE, and found no such document presently in the possession, control or custody of Shanghai ELE.

(Emphasis added).

Shanghai ELE's response to this request is deficient in that it limits Shanghai ELE's search for documents relating to distribution channels in Rhode Island that could result in the sale of product containing a Shanghai ELE LCDI in Rhode Island. The request asks Shanghai ELE to produce documents "relating to any distribution channels that could result in a Shanghai ELE LCDI being sold as part of a product in Rhode Island . . ." This request includes distribution channels that are not solely contained in Rhode Island, but United States distribution channels as well.

Relief Requested: For the reasons described above in Sections II.A and II.B, Shanghai ELE should be compelled to supplement this response and produce documents relating to any distribution channel through which Shanghai ELE LCDIs, either alone or as part of a product, reach Rhode Island either directly or indirectly.

> <u>REQUEST FOR PRODUCTION NO. 10</u>
>
> All documents and things referring or relating to any restrictions or limitations placed on the distribution, sale, or use of any Shanghai ELE LCDI.
>
> <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 10</u>
>
> Each of Shanghai ELE's General Objections is incorporated herein by reference. Shanghai ELE specifically objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Shanghai ELE also specifically objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead the discovery on the jurisdictional issues pertaining to the State of Rhode Island. The bases for these objections include, without limitation, this request's use of the terms "relating to" and "any restrictions or limitations placed on the distribution, sale, or use of any Shanghai ELE LCDI". For example, Tower's request would require the production of documents concerning certain restrictions and limitations on the distribution, sale, or use of LCDI products manufactured by Shanghai ELE, such as pricing, quantity, packaging, delivery terms, safety warning, *etc.*, that are **totally irrelevant** to the jurisdiction issues of this limited discovery. Without further clarification and narrowing of the scope of this request, Shanghai ELE is unable to conduct a reasonable and diligent search in response to this request and as a result, Shanghai ELE is unable to produce any non-privileged, non-work-product documents presently in the possession, control or custody of Shanghai ELE in response to this request.

(Emphasis added).

Shanghai ELE's refuses to respond to this request because Shanghai ELE claims that this request is "totally irrelevant."

The request asks Shanghai ELE to produce documents "relating to any restrictions or limitations placed on the distribution, sale, or use of any Shanghai ELE LCDI." These types of documents relate to Shanghai ELE's distribution channels and contacts with both the United States and Rhode Island, directly and indirectly.

Relief Requested: For the reasons described above in Sections II.A and II.B, Shanghai ELE should be compelled to supplement this response and produce documents relating to any restrictions or limitations placed on the distribution, sale, or use of any Shanghai ELE LCDI.

REQUEST FOR PRODUCTION NO. 11

> All instructions and manuals that describe or concern the installation, shipping, operation, use, repair, or replacement of any Shanghai ELE LCDI.

RESPONSE TO REQUEST FOR PRODUCTION NO. 11

> Each of Shanghai ELE's General Objections is incorporated herein by reference. Shanghai ELE specifically objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Shanghai ELE also specifically objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure. Shanghai ELE further specifically objects to this request on the grounds that it is beyond the limited scope of this discovery on the jurisdictional issues pertaining to the State of Rhode Island. Any

> instructions and manuals that describe or concern the installation, shipping, operation, use, repair, or replacement of any LCDI products manufactured by Shanghai ELE are **totally irrelevant** to the jurisdiction issues of this limited discovery. Without further clarification and narrowing of the scope of this request, Shanghai ELE is unable to conduct a reasonable and diligent search in response to this request and as a result, Shanghai ELE is unable to product any non-privileged, non-work-product documents presently in the possession, control or custody of Shanghai ELE in response to this request.

(Emphasis added).

Shanghai ELE's refuses to respond to this request because Shanghai ELE claims it is "totally irrelevant." The request asks Shanghai ELE to produce documents relating to installation, shipping, operation, use, repair, or replacement of any Shanghai ELE LCDI. Shipping information, for example, may provide evidence of Shanghai ELE's distribution network. Likewise, repair or replacement information may indicate an ongoing relationship.

Relief Requested: For the reasons described above in Sections II.A and II.B, Shanghai ELE should be compelled to supplement this response and produce documents relating to the installation, shipping, operation, use, repair, or replacement of any Shanghai ELE LCDI because these documents may relate to Shanghai ELE's direct and indirect contacts with both the United States and Rhode Island.

REQUEST FOR PRODUCTION NO. 12

12. All documents and things referring or relating to any warranties Shanghai ELE provides or has provided relating to its LCDIs.

RESPONSE TO REQUEST FOR PRODUCTION NO. 12

Each of Shanghai ELE's General Objections is incorporated herein by reference. Shanghai ELE specifically objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential of proprietary. Shanghai ELE also specifically objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure. Shanghai ELE further specifically objects to this request on the grounds that it is beyond the limited scope of this discovery on the jurisdictional issues pertaining to the State of Rhode Island. Any warranties policies Shanghai ELE provides or has provided relating to its LCDIs are **totally irrelevant** to the jurisdiction issues of this limited discovery.

(Emphasis added).

Shanghai ELE's response to this request is deficient in that it claims that Shanghai ELE's warranty policies are "totally irrelevant" to jurisdictional issues. However, the Federal Circuit has found that an alleged infringer's warranty on an infringing product is relevant because that warranty, for example, may "reflect an ongoing relationship" with the forum state. Beverly Hills Fan v. Royal Sovereign Corp., 21 F.3d 1558, 1564 (Fed. Cir. 1994).

Relief Requested: For the foregoing reasons Shanghai ELE should be compelled to supplement this response and produce documents relating to any warranties that Shanghai ELE provides or has provided to its LCDIs.

## IV. CONCLUSION

For at least the reasons discussed above, Tower respectfully requests that the Court issue an Order compelling Shanghai ELE to fully respond to Interrogatory Nos. 1-3, and 7 and Request for Production Nos. 3-5 and 9-12.

Dated: January 8, 2007

s/Larissa S. Bifano

Bruce W. Gladstone (#2643)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, RI 02903
Tel.: 401.331.5700
Fax: 401.331.5787
Email: bgladstone@cm-law.com

John J. Cotter (*pro hac vice*)
Larissa S. Bifano (*pro hac vice*)
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
Email: jcotter@klgates.com
Email: lbifano@klgates.com

State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Tel.: 617.261.3100
Fax: 617.261.3175
Attorneys for Plaintiff,
**Tower Manufacturing Corporation.**

CERTIFICATE OF SERVICE

I, Larissa S. Bifano, certify that on January 8, 2007, a true and correct copy of PLAINTIFF TOWER'S MOTION TO COMPEL DISCOVERY was served upon the attached Service List in the manner indicated.

s/ Larissa S. Bifano

**SERVICE LIST**

| | | |
|---|---|---|
| Jeffrey S. Brenner<br>**Nixon Peabody LLP**<br>One Citizens Plaza<br>Providence, RI 02903 | ECF | Local Counsel for Defendant,<br>**Shanghai ELE Manufacturing Corp.** |
| Tony D. Chen<br>**Alschuler Grossman LLP**<br>1620 26th Street, Suite 4000N<br>Santa Monica, CA 90404-4060 | ECF | Counsel for Defendant,<br>**Shanghai ELE Manufacturing Corp.** |
| Bruce W. Gladstone<br>**Cameron & Mittleman LLP**<br>56 Exchange Terrace<br>Providence, RI 02903 | ECF | Local Counsel for Plaintiff,<br>**Tower Manufacturing Corp.** |