UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TOWER MANUFACTURING CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SHANGHAI ELE MANUFACTURING CORPORATION,<br><br>Defendant. | Civil Action No. CA 06 170S |

**DEFENDANT SHANGHAI ELE MANUFACTURING CORPORATION'S OPPOSITION TO PLAINTIFF TOWER MANUFACTURERING CORPORATION'S MOTION TO COMPEL DISCOVERY**

Defendant Shanghai ELE Manufacturing Corporation ("Shanghai ELE") hereby submits its Opposition to the Motion to Compel Discovery filed by Plaintiff Tower Manufacturing Corporation ("Tower").

## I. INTRODUCTION

In this action, Tower sued Shanghai ELE for patent infringement, alleging that Shanghai ELE's Leakage Current Detection & Interruption (LCDI) devices infringe Tower's patent. Shanghai ELE moved to dismiss the action for lack of personal jurisdiction.

In connection with its opposition to Shanghai ELE's motion, Tower propounded written discovery demands on Shanghai ELE. Shanghai ELE cooperated in good faith with Tower in responding to the written discovery. While objecting to the overly broad and irrelevant demands

made by Tower, Shanghai ELE nonetheless complied with the discovery demands and provided adequate answers with regard to the forum state of Rhode Island.

While Tower may be entitled to limited scope discovery directed at Shanghai ELE's forum related patent infringement activities, it is not entitled to engage in a fishing expedition. Its motion to compel should be denied for the reasons stated in detail below.

## II. TOWER'S MOTION TO COMPEL SHOULD BE DENIED AS SHANGHAI ELE HAS PROVIDED ADEQUATE RESPONSE AND TOWER IS NOT ENTITLED TO UNLIMITED SCOPE DISCOVERY

Tower's motion to compel should be denied because Shanghai ELE has cooperated in good faith with Tower in its discovery and provided sufficient responses to Tower's forum state related inquiries, and Tower is not entitled to unlimited scope discovery.

### A. SHANGHAI ELE HAS COORPORATED IN GOOD FAITH WITH TOWER IN THIS DISCOVERY PROCESS

As described in detail in the accompanying Declaration of Tony Chen, Shanghai ELE has cooperated in good faith with Tower in this discovery process.

Before Tower served its written discovery demands on Shanghai ELE, Shanghai ELE's counsel and Tower's counsel engaged in extensive discussions with regard to the scope of Tower's proposed jurisdiction related discovery. Shanghai ELE has repeatedly expressed its willingness to cooperate with Tower in its discovery regarding jurisdiction issues but also maintained that the scope of Tower discovery should be limited to the issues raised in Shanghai ELE's underlying Motion to Dismiss, *i.e.*, Shanghai ELE's forum related patent infringement activities, if any, in the State of Rhode Island.

Even after Tower has surprisingly served upon Shanghai ELE its written discovery

demands with a scope much broader than what had been discussed among counsel for the parties, and unilaterally imposed a two-week shortened time limit on Shanghai ELE for responding to these demands, Shanghai ELE still cooperated in good faith by providing its adequate and timely response to Tower's written discovery demands.

Shanghai ELE's counsel also conferred extensively with Tower's counsel with regard to Tower's concerns over Shanghai ELE's responses. Unfortunately counsel for the parties were unable to resolve the differences between Tower's and Shanghai ELE's respective positions and Tower filed this motion to compel.

**B. TOWER IS NOT ENTITLED TO UNLIMITED DISCOVERY ON SHANGHAI ELE'S ACTIVITIES OUTSIDE OF THE UNITED STATES THAT ARE NOT RELATED TO THE STATE OF RHODE ISLAND**

While Tower may be entitled to limited "modicum" jurisdictional fact discovery, this entitlement is not absolute, and federal courts have set forth certain boundaries in relation to the scope of the inquiry permitted. *See e.g.*, Surpitski v. Hughes-Keenan Corp., 362 F.2d 254 (1st Cir. 1966); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); *and* MOORE'S FEDERAL PRACTICE, 26.41, at 26-144 (3d ed. 2005). In this motion, Tower is trying to obtain information on Shanghai ELE's activities outside of the forum state and even outside of the United States, that may be totally unrelated to the State of Rhode Island.

**1. Shanghai ELE Has No Established Distribution Network to Serve the Rhode Island Market**

Tower appears to suggest that it is entitled to seek discovery on Shanghai ELE's outside forum activities because Shanghai ELE has an established distribution network to serve the Rhode Island market.

Tower cited Commissariat a l'Energie Atomique v. Chi Mei Optoelectronics Corp., 395 F.3d 1315 (Fed. Cir. 2005). However, Tower's reliance on Commissariat a l'Energie Atomique is misplaced, as the relevant issue in that case was whether the district court should grant plaintiff's discovery request, whereas the issue here in the instant motion is not whether or not Tower can conduct discovery (as Shanghai ELE has already afforded Tower such opportunity), but rather the proper scope of Tower's discovery.

Shanghai ELE does not have an established distribution channel to serve the Rhode Island market. As provided by Shanghai ELE's answer to Tower's Interrogatory No. 2, Shanghai ELE only sold its LCDI products to manufacturers in China, and has no knowledge of or control over whether any product contain an LCDI manufactured by Shanghai ELE has ever been or is being distributed into the State of Rhode Island and if so, who has or have distributed or distribute(s) such products into Rhode Island.

**2. Tower Has Not Shown that Rule 4(k)(2) Inquiry Is Applicable In Deciding Shanghai ELE's Underlying Motion to Dismiss**

The purpose of Tower's limited discovery is for its opposition to Shanghai ELE's underlying Motion to Dismiss for lack of personal jurisdiction in the State of Rhode Island. Tower now tries to expand its discovery to Shanghai ELE's contact with any state of the Union, without first showing that such inquiry is appropriate at this time.

As the federal courts require, to establish personal jurisdiction under Rule 4(k)(2) of the Federal Rule of Civil Procedure, the plaintiff needs to make a *prima facie* showing that personal jurisdiction is not available under any situation-specific federal statute. United States v. Swiss Am. Bank, Ltd., 191 F.3d 30, 41 (1st Cir. 1999). Tower has not made such showing. Nor is whether Shanghai ELE is or is not subject to personal jurisdiction of any state an issue for

Shanghai ELE's underlying Motion to Dismiss. Therefore, it is improper for Tower to expand its jurisdictional discovery from forum state related activities to any-state related activities.

## III. THE SCOPE OF TOWER'S DISCOVERY DEMANDS MUST BE LIMITED TO SHANGHAI ELE'S FORUM RELATED ACTIVITIES

Shanghai ELE believes that it has already adequately responded to Tower's written discovery demands. However, Shanghai ELE is prepared to supplement its responses if Tower's written demands are amended to clearly define their proper and limited scope.

### A. TOWER'S INTERROGATORIES

#### 1. Interrogatory No. 1

Tower's Interrogatory No. 1 is currently written as follows:

> "Please identify and provide contact information, including the name, postal and email address, phone number, and contact person of any companies, in or outside the United States, that have purchased or have contracted to purchase LCDIs from Shanghai ELE."

The scope of this Interrogatory is inappropriate as it covers companies outside of the United States that have purchased or contracted to purchase LCDIs from Shanghai ELE, even if such LCDIs were assembled in the air conditioner units that are not sold in the United States. Shanghai ELE may be able to supplement its answer to this Interrogatory if it is amended as follows with the emphasized language:

> "Please identify and provide contact information, including the name, postal and email address, phone number, and contact person of any companies, in or outside the United States, that have purchased or have contracted to purchase LCDIs from Shanghai ELE ***and that Shanghai ELE knew have sold products with Shanghai ELE's LCDI as a component part in the State of Rhode Island or other state(s) of the United States***."

2. **Interrogatory No. 2**

Tower's Interrogatory No. 2 is currently written as follows:

> "Please identify and provide contact information, including the name, postal and email address, phone number, and contact person of any companies, in or outside the United States, that have distributed or distribute products into the United States or the State of Rhode Island, where those products contain an LCDI manufactured by Shanghai ELE."

The scope of this Interrogatory is inappropriate. Shanghai ELE only sells its LCDI products to air conditioner manufacturers and has no knowledge of or control over where such manufacturers sell their air conditioners. Tower's Interrogatory in effect is seeking the identities of all of Shanghai ELE's customers, to whom Tower may sell Tower's LCDIs in competition with Shanghai ELE. Shanghai ELE may be able to supplement its answer to this Interrogatory if it is amended as follows with the emphasized language:

> "Please identify and provide contact information, including the name, postal and email address, phone number, and contact person of any companies, in or outside the United States, that ***Shanghai ELE knew*** have distributed or distribute products into the United States or the State of Rhode Island, where those products contain an LCDI manufactured by Shanghai ELE."

3. **Interrogatory No. 3**

Tower's Interrogatory No. 3 is currently written as follows:

> "Please identify and provide contact information, including the name, postal and email address, phone number, and contact person of any companies, retailers, wholesalers, installers or suppliers in the United States, who have or had retail outlets, stores, distribution centers, warehouses, or other facilities in the State of Rhode Island and also carry, carried, or have contracted to or agreed to carry products that contain an LCDI manufactured by Shanghai ELE."

The scope of this Interrogatory is inappropriate. Shanghai ELE only sells its LCDI products to air conditioner manufacturers and has no knowledge whether some other third party companies may have somehow obtained from some sources on the United States domestic market certain air conditioners that contain Shanghai ELE's LCDI products. Shanghai ELE may be able to supplement its answer to this Interrogatory if it is amended as follows with the emphasized language:

> "Please identify and provide contact information, including the name, postal and email address, phone number, and contact person of any companies, retailers, wholesalers, installers or suppliers in the United States, ***to whom Shanghai ELE has sold its LCDI products, and*** who have or had retail outlets, stores, distribution centers, warehouses, or other facilities in the State of Rhode Island and also carry, carried, or have contracted to or agreed to carry products that contain an LCDI manufactured by Shanghai ELE."

4. **Interrogatory No. 7**

Tower's Interrogatory No. 7 is currently written as follows:

> "Please identify any distribution channels that would result in a Shanghai ELE LCDI being sold individually or as part of a product in Rhode Island, including all LCDI customers, and the customers, distributors, agents, wholesalers, and retailers of those LCDI customers, and information on any restrictions against such sales."

The scope of this Interrogatory is inappropriate. Shanghai ELE only sells its LCDI products to air conditioner manufacturers and has no knowledge of any distribution channel that would result in a Shanghai ELE LCDI being sold individually or as part of a product in Rhode Island. Shanghai ELE may be able to supplement its answer to this Interrogatory if it is amended as follows with the emphasized language:

> "Please identify any distribution channels that ***Shanghai ELE knew*** would result in a Shanghai ELE LCDI being sold individually or as part of a product in Rhode Island, including all LCDI customers, and the customers, distributors, agents, wholesalers, and retailers of those LCDI customers, and information on any restrictions against such sales."

**B. TOWER'S REQUESTS FOR PRODUCTION**

**1. <u>Request for Production No. 3</u>**

Tower's Request for Production No. 3 is currently written as follows:

> "All documents and things referring or relating to any companies in or outside the United States, who have purchased or contracted to purchase LCDIs from Shanghai ELE, including all contracts and communications relating to those purchases."

The scope of this Request is inappropriate as it covers companies outside of the United States that have purchased or contracted to purchase LCDIs from Shanghai ELE, even if such LCDIs were assembled in the air conditioner units that are not sold in the United States. Shanghai ELE may be able to supplement its answer to this Interrogatory if it is amended as follows with the emphasized language:

> "All documents and things referring or relating to any companies in or outside the United States, who have purchased or contracted to purchase LCDIs from Shanghai ELE ***and Shanghai ELE knew have sold products with Shanghai ELE's LCDI as a component part in the State of Rhode Island or other state(s) of the United States***, including all contracts and communications relating to those purchases."

**2. <u>Request for Production No. 4</u>**

Tower's Request for Production No. 4 is currently written as follows:

> "All documents and things referring or relating to any companies in or outside the United States, who distribute products into the United States and the State of Rhode Island, where those products include an LCDI manufactured or sold by Shanghai ELE."

The scope of this Request is inappropriate. Shanghai ELE only sells its LCDI products to air conditioner manufacturers and has no knowledge of or control over to where such

manufacturers sell their air conditioners. Shanghai ELE may be able to supplement its answer to this Interrogatory if it is amended as follows with the emphasized language:

> "All documents and things referring or relating to any companies in or outside the United States, who ***Shanghai ELE knew*** distribute products into the United States and the State of Rhode Island, where those products include an LCDI manufactured or sold by Shanghai ELE."

**3. Request for Production No. 5**

Tower's Request for Production No. 5 is currently written as follows:

> "All documents and things referring or relating to any companies, retailers, wholesalers, installers, or suppliers in the United States, who have or had retail outlets, stores, distribution centers, warehouses, or other facilities in the State of Rhode Island and also carry, carried, or have contracted to or agreed to carry products that contain an LCDI manufactured by Shanghai ELE."

The scope of this Request is inappropriate. Shanghai ELE only sells its LCDI products to air conditioner manufacturers and has no knowledge whether some other third party companies may have somehow obtained from some sources on the United States domestic market certain air conditioners that contain Shanghai ELE's LCDIs. Shanghai ELE may be able to supplement its answer to this Interrogatory if it is amended as follows with the emphasized language:

> "All documents and things referring or relating to any companies, retailers, wholesalers, installers, or suppliers in the United States, ***to whom Shanghai ELE has sold its LCDI products, and*** who have or had retail outlets, stores, distribution centers, warehouses, or other facilities in the State of Rhode Island and also carry, carried, or have contracted to or agreed to carry products that contain an LCDI manufactured by Shanghai ELE."

4. **Request for Production No. 9**

Tower's Request for Production No. 9 is currently written as follows:

> "All documents and things referring or relating to any distribution channels that could result in a Shanghai ELE LCDI being sold as part of a product in Rhode Island, including all LCDI customers, and the customers, distributors, agents, wholesalers, and retailers of those LCDI customers, and information on any restrictions against such sales."

The scope of this Request is inappropriate. Shanghai ELE only sells its LCDI products to air conditioner manufacturers and has no knowledge of any distribution channel that would result in a Shanghai ELE LCDI being sold individually or as part of a product in Rhode Island. Shanghai ELE may be able to supplement its answer to this Interrogatory if it is amended as follows with the emphasized language:

> "All documents and things referring or relating to any distribution channels that ***Shanghai ELE knew*** could result in a Shanghai ELE LCDI being sold as part of a product in Rhode Island, including all LCDI customers, and the customers, distributors, agents, wholesalers, and retailers of those LCDI customers, and information on any restrictions against such sales."

5. **Request for Production No. 10**

Tower's Request for Production No. 10 is currently written as follows:

> "All documents and things referring or relating to any restrictions or limitations placed on the distribution, sale, or use of any Shanghai ELE LCDI."

The scope of this Request is inappropriate as it covers Shanghai ELE's LCDIs that are assembled in air conditioners sold outside of the United States. Shanghai ELE may be able to supplement its answer to this Interrogatory if it is amended as follows with the emphasized language:

> "All documents and things referring or relating to any restrictions or limitations placed on the distribution, sale, or use of any Shanghai ELE LCDI ***within the United States***."

6. **<u>Request for Production No. 11</u>**

Tower's Request for Production No. 11 is currently written as follows:

> "All instructions and manuals that describe or concern the installation, shipping, operation, use, repair, or replacement of any Shanghai ELE LCDI."

The scope of this Request is inappropriate as it covers Shanghai ELE's LCDIs that are assembled in air conditioners installed, shipped, operated, used, repaired or replaced outside of the United States. Shanghai ELE may be able to supplement its answer to this Interrogatory if it is amended as follows with the emphasized language:

> "All instructions and manuals that describe or concern the installation, shipping, operation, use, repair, or replacement of any Shanghai ELE LCDI ***within the United States***."

7. **<u>Request for Production No. 12</u>**

Tower's Request for Production No. 12 is currently written as follows:

> "All documents and things referring or relating to any warranties Shanghai ELE provides or has provided relating to its LCDI."

The scope of this Request is inappropriate as it covers warrantees, if any, provided by Shanghai ELE to its LCDIs outside of the United States. Shanghai ELE may be able to supplement its answer to this Interrogatory if it is amended as follows with the emphasized language:

> "All documents and things referring or relating to any warranties Shanghai ELE provides or has provided ***within the United States*** relating to its LCDI."

## IV. CONCLUSION

For the reasons stated above, it is respectfully submitted that Tower's Motion to Compel should be denied.

Dated: January 29, 2007

Respectfully submitted

DEFENDANT
SHANGHAI ELE MANUFACTURING
CORPORATION,

By its attorneys

/S/

Tony D. Chen
Email: tchen@agsk.com
ALSCHULER GROSSMAN LLP
Tony D. Chen
Marshall B. Grossman
William J. O'Brien
1620 26th Street, Suite 4000N
Santa Monica, CA 90404-4060
Telephone: 310.225.9025
Fax: 310.907.2025

tchen@alschuler.com
mgrossman@alschuler.com
wobrien@alschuler.com

Of Counsel:
Jeffrey S. Brenner
Email: jbrenner@nixonpeabody.com
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
Telephone: 401.454.1030
Fax: 401.454.1042

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participate, Bruce W. Gladstone, Esq., at bgladstone@cm-law.com, identified on the Notice of Electronic filing (NEF) and paper copies will be sent via regular mail, postage prepaid to Thomas F. Holt, Esq., Larissa S. Bifano, Esq. and John J. Cotter, Esq., Kirkpatrick & Lockhart Nicholson Graham LLP, State Street Financial Center, One Lincoln Street, Boston, MA 02111-2950 on this 29th day of January, 2007.

Jacqueline Spoonts