# EXHIBIT 6

**Tony Chen**

---

**From:** Bifano, Larissa S. [lbifano@klng.com]
**Sent:** Thursday, December 07, 2006 7:58 AM
**To:** Tony Chen
**Cc:** Cotter, John J.
**Subject:** TOW/ELE Protective Order and discovery requests
**Attachments:** BOS-#1032277-v1-TOW_ELE_Protective_Order.DOC

Dear Mr. Chen,

Thank you for your email and telephone call yesterday. I appreciate your help and cooperation.

Please find attached an updated protective order. I have reformatted section 6 to include a 6(a) and a 6(b). Please provide the relevant text for 6(b)(2), i.e. the corporate/management officers that you would like to include. Once we have the changes finalized, we will have the protective order filed.

Thank you for agreeing to a one month extension and also indicating that, if necessary, we would be able to obtain further extensions to respond to your Motion to Dismiss.

With regard to the list of discovery topics that you had sent me yesterday, we appreciate your cooperation. However, we would still like to seek discovery on Shanghai ELE's distribution channels that enable Shanghai ELE to indirectly deliver products to consumers to Rhode Island. You had indicated yesterday that Shanghai ELE, once it has sold its products to a manufacturer in China, has no control over where the new products with Shanghai ELE's plugs will be sold. You also had indicated that the facts of this case involve too many layers of distributors as compared to the case law.

However, in *Asahi*, four justices found that a Japanese Corporation that manufactured tire valves in Japan and sold those valves to a Taiwanese company, who then incorporated those valves into tires that it sold in the United States, had sufficient contacts with the State of California for personal jurisdiction. Although there were sufficient contacts with the State of California, the Court declined to exercise jurisdiction, as requiring a Japanese company to defend an indemnification claim brought by a Taiwanese company, where the original United States Plaintiff had already settled his claims, did not comport with notions of fair play and substantial justice. Justice Brennan noted that "a defendant who places their product in the stream of commerce benefits economically from the retail sale of the final product in the forum State indirectly benefits from the State's laws that regulate and facilitate commercial activity. These benefits accrue regardless of whether that participant directly conducts business in the forum State." *Asahi Metal Indus. Co. Ltd. v. Superior Court of California*, 480 U.S. 102, 117 (1987). Therefore, direct contact with the forum state is not necessarily required for the minimum contacts to support personal jurisdiction.

Additionally, the Supreme Court in *World-Wide Volkswagen* recognized that "if the sale of a product of a manufacturer or distributor is not simply an isolated occurrence, but arises from efforts of the [defendants] to serve, directly, or indirectly, the market for its product..., it is not unreasonable to subject it to suit." 44 U.S. 286, 297 (1980) . Furthermore, "the forum state does not exceed its powers of under the Due Process clause if it asserts personal jurisdiction over a corporation that delivers products to the stream of commerce with the expectation that they will be purchased by consumers in the forum state." *Id.* at 297-98. Shanghai ELE clearly knows and expects that its products will or would be sold in the United States (Shanghai ELE has obtained UL approval, Shanghai indicates it is selling on the American market on its website), thus Shanghai ELE would also know that those products would likely be sold in Rhode Island as well.

Therefore, information related to Shanghai ELE's *indirect* contacts with the State of Rhode Island, such as the identity of the Chinese Manufacturer's to which they sell and the retailers to which those manufacturer's

sell to would be relevant to determining whether or not ELE has placed its product in the stream of commerce and thus is relevant to Shanghai ELE's contacts with the State of Rhode Island.

Additionally, the Federal Circuit, in *Beverly Hills Fan*, has also recognized that a defendant who has established distribution channels that provide the product to the forum state is subject to jurisdiction in that forum. One of the defendants, Ultec,a Chinese manufacturer, manufactured the accused fan in Taiwan. The other defendant, Royal, a New Jersey company, imported those fans into the United States. The infringing fan was sold at a Builder's Square (a precursor to Home Depot) in the forum state, Virginia. The plaintiff argued that "Ultec was purposefully shipping and selling, through intermediaries, the accused fan to customers in Virginia, and that shipping and selling are ongoing and continuous." *Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21 F.3d 1558, 1563 (Fed. Cir. 1994). The Federal Circuit found that although Ultec was not shipping the fan to Virginia directly, since it had an established distributor that sold the accused fans to a retailer within the forum state that then sold the accused product to a Virginia resident, the court had jurisdiction over the defendant.

Therefore, since jurisdiction may be based on the defendant's indirect contacts with the forum state, we request discovery relating to the identity of the manufacturers that Shanghai ELE sold its LCDI's to and any distributors that those manufacturers used to bring those products into the United States. This information relates to the distribution channels that Shanghai ELE has created to serve the United States and Rhode Island markets. As many courts (I can provide more cases if you would like) have looked to a defendant's indirect contacts with the forum, this information is clearly relevant to determining whether or not Shanghai ELE has sufficient contacts with the forum state. If you are concerned that Tower will unfairly use such information, keep in mind that the protective order will be entered into this case shortly.

Please let me know if you will be amenable to discovery on Shanghai ELE's indirect contacts with the Rhode Island and Shanghai ELE's distribution channels. I hope to have discovery requests to you within the next few days. Since we have a limited time to respond to your motion, I would appreciate responses to our discovery requests, once served, within two weeks of their service. Additionally, we are investigating the possibility of using another firm in Shanghai for a video deposition.

Kind regards,

Larissa Bifano

Larissa S. Bifano
Kirkpatrick & Lockhart Nicholson Graham LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Direct: (617) 951-9139
Fax: (617) 261-3175
lbifano@klng com

This electronic message contains information from the law firm of Kirkpatrick & Lockhart Nicholson Graham LLP that may be privileged and confidential The information is intended for the use of the addressee(s) only If you are not an addressee. note that any disclosure. copying. distribution. or use of the contents of this message is prohibited If you have received this e-mail in error. please contact the sender at the number listed above

For more information about K&LNG. visit us at www klng com.