IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Tower Manufacturing Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Shanghai ELE Manufacturing Corporation,<br><br>Defendant. | Civil Action No.06-170S-DLM |

**TOWER'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY**

Pursuant to Local Rule 7(b)(2), Tower submits this Reply in support of its Motion to Compel Discovery (Docket No. 27). In short, Tower's Motion should be granted and jurisdictional discovery of Shanghai ELE's distribution network allowed, because (1) Shanghai ELE does not dispute that its accused infringing LCDI products are found in Rhode Island, (2) Shanghai ELE's direct knowledge of shipments of infringing devices is not necessary for jurisdiction, and (3) Rule 4(k)(2) permits jurisdiction over foreign defendants in these exact circumstances.

## I. ARGUMENT

Tower's motion seeks an order compelling Shanghai ELE to correct two categorical deficiencies in its discovery responses, namely the omission of Shanghai ELE's (1) indirect contacts with Rhode Island; and (2) direct and indirect contacts with the

United States as a whole. Shanghai ELE's objection does not dispute that, in connection with the shipments and sales of its infringing LCDIs, it has indirect contacts with Rhode Island, or that it has direct and indirect contacts with the United States. Shanghai ELE addresses Tower's motion with a shotgun approach that can be boiled down to two principal arguments.[1] First, Shanghai ELE argues that it cannot have "an established distribution channel to serve the Rhode Island market" because it "has no knowledge of or control over" shipments or sales of its infringing product in Rhode Island. (p. 6 of Objection, Docket No. 36.) Shanghai ELE's second argument is that Rule 4(k)(2) does not apply because Tower has not made "a *prima facie* showing that personal jurisdiction is not available under any situation-specific federal statute." (p. 4 of Objection.) For reasons explained below, both arguments are legally and conceptually flawed.

### A. SHANGHAI ELE'S "DIRECT KNOWLEDGE" THEORY IS NOT THE LAW

Personal jurisdiction arises when "a corporation . . . delivers its products into the stream of commerce with the expectation that they will be purchased by consumers of the forum State." World-Wide Volkswagen Corp. v. Woodson, 44 U.S. 286, 298 (1980). Thus, the proper inquiry is whether Shanghai

[1] Shanghai ELE's approach is exemplified by its accusation that Tower seeks "unlimited" discovery that amounts to a "fishing expedition." (p. 2 of Objection.) Even a casual reader of Tower's motion can conclude that these accusations are unsupported.

ELE had good reason to know its products would be sold in Rhode Island. To avoid this result, Shanghai ELE attempts to rewrite personal jurisdiction jurisprudence to include a direct knowledge component. In other words, as Shanghai ELE would have it, a defendant could not be subject to personal jurisdiction unless it had direct knowledge of shipments or sales of its infringing product in the forum. This is simply not the law.

Try as it might, Shanghai ELE cannot get around the fact that it took numerous affirmative steps to direct its LCDIs to the U.S. market including, as set forth on its website, applying for U.S. patents, obtaining an Underwriter's Laboratory certificate, and entering partnerships with U.S. retailers such as Home Depot. (Exhibit A.) Home Depot has nine stores in Rhode Island, and that alone should give Shanghai ELE a reasonable expectation that its LCDIs will be purchased by Rhode Island consumers.

Shanghai ELE's "direct knowledge" argument is also conceptually flawed in that it would create a legal loophole for a foreign defendant to shield itself from suit, simply by transferring title to its infringing products to American distributors oversees and avoiding direct knowledge of delivery. These flaws make Shanghai ELE's argument untenable. If nothing else, Shanghai ELE's intricate "direct knowledge" theory shows that it has not yet come to terms with the fact that its efforts

to serve the United States market have exposed it to suit in this federal judicial district.[2]

### B. Shanghai ELE's Proposal to Narrow Discovery Should be Rejected Because it is Founded on the "Direct Knowledge" Theory

Shanghai ELE proposed narrowing Interrogatory Nos. 1, 2, and 7 and Request for Production Nos. 3, 4, and 9. Such narrowing, however, would do nothing more for those discovery requests than perpetuate Shanghai ELE's flawed "direct knowledge" theory.[3] The amendments Shanghai ELE proposes to Interrogatory No. 3 and Request for Production No. 5 are also objectionable because they would exclude from discovery indirect sales of the infringing LCDIs, which is precisely the subject matter that Tower seeks to discover and one of the principal reasons for filing this motion.

---

[2] Besides its "direct knowledge" theory, Shanghai ELE goes so far as to ask the Court for a free pass for having "already provided" timely, though deficient, discovery responses in a cooperative fashion. Shanghai ELE's cooperation, while a positive step, is not a substitute for complete discovery responses.

[3] In its objection to Interrogatory No. 2, Shanghai ELE stated that the interrogatory is "seeking the identities of all of Shanghai ELE's customers, to whom Tower may sell Tower's LCDIs in competition with Shanghai ELE." (p. 6 of Objection.) Counsel for the parties have negotiated, and agreed upon, a protective order precisely to address this situation. The agreed-to protective order limits certain documents to "Attorney's Eyes Only" and, once entered by the Court, will address Shanghai ELE's concerns.

### C. Tower is Entitled to Jurisdictional Discovery Commensurate with a National Contacts Approach under Rule 4(K)(2)

Shanghai ELE's second principal argument, challenging the applicability of Fed.R.Civ.P. 4(k)(2), fails for several reasons. First, it casts its arguments in terms of First Circuit standards for personal jurisdiction in non-patent cases, rather than in terms of Federal Circuit standards for personal jurisdiction in cases related to patent law. Beverly Hills Fan Co. v. Royal Soveriegn Corp., 21 F.3d 1558, 1554-55 (Fed. Cir. 1994) (Federal Circuit law applies to jurisdictional issues in patent cases.)

Second, the case Shanghai ELE cites, United States v. Swiss Am. Bank, Ltd., does not stand for what Shanghai ELE states. To the extent Shanghai ELE argues that a national contacts approach under Rule 4(k)(2) cannot be applied in this case because the patent laws do not provide for nationwide service of process, the Federal Circuit has unequivocally dispelled this theory. Cochran Consulting, Inc. v. Uwatec USA, Inc., 102 F.3d 1224, 1232 (Fed. Cir. 1996)(affirming the application of Rule 4(k)(2) to a foreign defendant accused of patent infringement). At bottom, Shanghai ELE has not (and cannot) cite any supporting authority to avoid the application of Rule 4(k)(2) in this case and the commensurate jurisdictional discovery that results.

### D. Shanghai ELE's Proposal to Narrow Tower's Discovery Requests Should be Rejected Because it Limits the Requests to Documents Located in the U.S.

For Request for Production Nos. 10-12, Shanghai ELE proposes inserting "within the United States," but it is unclear whether inserting this phrase in Request for Production No. 10 modifies "documents and things" or the "restrictions or limitations." Likewise, in Nos. 11 and 12, it is unclear what this phrase modifies. To the extent that these amendments require that the requested documents or things be physically located in the United States to be discoverable, Tower objects to these amendments.

## II. CONCLUSION

For at least the reasons discussed above, Tower respectfully requests that the Court issue an Order compelling Shanghai ELE to fully respond to Interrogatory Nos. 1-3 and 7 and Request for Production Nos. 3-5 and 9-12.

Bruce W. Gladstone (#2643)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, RI 02903
Tel.: 401.331.5700
Fax: 401.331.5787
Email: bgladstone@cm-law.com

John J. Cotter (*pro hac vice*)
Larissa S. Bifano (*pro hac vice*)
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
Email: jcotter@klgates.com
Email: lbifano@klgates.com

State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Tel.: 617.261.3100
Fax: 617.261.3175
Attorneys for Plaintiff,
**Tower Manufacturing Corporation.**

Dated: February 2, 2007 By: s/Larissa S. Bifano

CERTIFICATE OF SERVICE

I, Larissa S. Bifano, certify that on February 2, 2007, a true and correct copy of TOWER’S REPLY IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY was served upon the attached Service List in the manner indicated.

s/ Larissa S. Bifano

**SERVICE LIST**

| | | |
|---|---|---|
| Jeffrey S. Brenner<br>**Nixon Peabody LLP**<br>One Citizens Plaza<br>Providence, RI 02903 | ECF | Local Counsel for Defendant,<br>**Shanghai ELE Manufacturing Corp.** |
| Tony D. Chen<br>**Alschuler Grossman LLP**<br>1620 26th Street, Suite 4000N<br>Santa Monica, CA 90404-4060 | ECF | Counsel for Defendant,<br>**Shanghai ELE Manufacturing Corp.** |
| Bruce W. Gladstone<br>**Cameron & Mittleman LLP**<br>56 Exchange Terrace<br>Providence, RI 02903 | ECF | Local Counsel for Plaintiff,<br>**Tower Manufacturing Corp.** |