IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Tower Manufacturing Corporation,<br>Plaintiff,<br>vs.<br>Shanghai ELE Manufacturing Corporation,<br>Defendant. | Civil Action No.06-170S |

**MOTION TO COMPEL SHANGHAI ELE'S COMPLIANCE WITH THE COURT'S FEBRUARY 5, 2007 ORDER**

This Court denied defendant Shanghai ELE Manufacturing Corporation's Motion for a Protective Order (Docket No. 22), and ordered a deposition pursuant to plaintiff Tower Manufacturing Corporation's Rule 30(b)(6) Deposition Notice, specifying that the deposition should occur "via videoconference at a mutually convenient time and place in the People's Republic of China, in a location as close as practicable to Shanghai." (Docket No. 40). In view of legal restrictions that prohibit Tower from conducting a deposition in Beijing, China, Tower has proposed that the deposition be conducted at its counsel's office in Hong Kong, China. Shanghai ELE, however, refuses to come to Hong Kong. Therefore, Tower moves to compel Shanghai ELE to comply with the Order and bring its 30(b)(6) witness to Hong Kong.

**ARGUMENT**

The following reasons and attached Exhibits support Tower's Motion:

1. In denying Shanghai ELE's motion for a protective order, the Court ordered that the deposition should take place "via videoconference at a mutually convenient time and place in the People's Republic of China, in a location as close as practicable to Shanghai." (Docket No. 40)

2. During the hearing on Shanghai ELE's motion, both parties contemplated Hong Kong (along with Beijing) as one of the possible locations for the deposition. (Hr'g Tr. 15:5-13 and 22:10, January 22, 2007, Ex. A)

3. Since the hearing, Tower has determined that Chinese law does not permit depositions of Chinese citizens in Beijing or other places on the mainland of China, but that depositions in Hong Kong, China are freely allowed. (See printouts from U.S. Department of State Website re: Hong Kong (Ex. B) and People's Republic of China Judicial Assistance (Ex. C)). Tower therefore requested that Shanghai ELE proceed with the deposition in Hong Kong. (February 14, 2007 Letter from Tower's Counsel, Ex. D).

4. Shanghai ELE refuses to participate in a Rule 30(b)(6) deposition in Hong Kong, stating that a deposition in Hong Kong would "place an undue burden" on Shanghai ELE due to "the travel restriction imposed by Chinese authorities," but without citing any particular hardship, monetary or otherwise. (See February 14, 2007 Letter from Shanghai ELE's Counsel, Ex. E).

5. Hong Kong is part of the People's Republic of China and, like Beijing, is a two hour flight from Shanghai. As Tower understands it, the "undue burden" placed on Shanghai ELE would include obtaining a travel permit at a cost of less than $25. Tower understands that these permits are readily granted. (See printout from Hong Kong Immigration Website, Ex. F).

6. Although Tower has offered to pay for the travel permit, Shanghai ELE has refused to apply for one and insists that it will not travel to Hong Kong for a deposition. (Ex. E).

7. The Order requires "mutual convenience": filling out a form and obtaining a permit to go to Hong Kong does not seem to be a significant inconvenience; yet it appears to be impossible to proceed in Beijing without risking "arrest, detention, expulsion, or deportation" (Ex. C at pg. 3), hardly making it convenient to have a deposition there. Accordingly, the most mutually convenient place for the deposition is Hong Kong.

**CONCLUSION**

For the foregoing reasons Shanghai ELE should be compelled to attend Tower's 30(b)(6) deposition in Hong Kong at a mutually convenient time.

Dated: February 20, 2007

Respectfully Submitted:

/s/ Bruce W. Gladstone
Bruce W. Gladstone
Email: bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, RI 02903
Tel.: (401) 331-5700
Fax: (401) 331-5787

John J. Cotter
(*admitted pro hac vice*)
Email: jcotter@klng.com
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Telephone: (617) 261-3100
Fax: (617) 261-3175

Larissa S. Bifano
(*admitted pro hac vice*)
Email: lbifano@klng.com
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Telephone: (617) 951-9139
Fax: (617) 261-3175

Attorneys for Plaintiff,
Tower Manufacturing Corp.

CERTIFICATION

The undersigned hereby certifies that on the 20th day of February, 2007 a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipient identified as a registered participant on the Notice of Electronic Filing (NEF):

| | |
|---|---|
| Jeffrey S. Brenner, Esquire<br>Nixon Peabody LLP<br>One Citizens Plaza<br>Providence, RI 02903<br>Phone: 401-454-1000<br>Fax: 401-454-1030<br>jbrenner@nixonpeabody.com | |
| | |

In addition, a copy of the foregoing was served via **first class mail, postage prepaid** upon the following attorney of record, who has not been identified as an ECF recipient:

| | |
|---|---|
| Tony D. Chen, Esq.<br>Alschuler Grossman LLP<br>1620 26th Street<br>Fourth Floor, North Tower<br>Santa Monica, CA 90404-4060<br>Phone: 310-255-9025<br>Fax: 310-907-2025<br>tchen@alschuler.com | Marshall B. Grossman, Esq.<br>Alschuler Grossman LLP<br>1620 26th Street<br>Fourth Floor, North Tower<br>Santa Monica, CA 90404-4060<br>Phone: 310-907-1000<br>Fax: 310-907-2000<br>mgrossman@alschuler.com |
| William J. O'Brien, Esq.<br>Alschuler Grossman LLP<br>1620 26th Street<br>Fourth Floor, North Tower<br>Santa Monica, CA 90404-4060<br>Phone: 310-255-9025<br>Fax: 310-907-2025<br>wobrien@alschuler.com | |

/s/ Bruce W. Gladstone