# EXHIBIT B

Thursday February 15, 2007

# Hong Kong Judicial Assistance

DISCLAIMER: THE INFORMATION IN THIS CIRCULAR RELATING TO THE LEGAL REQUIREMENTS OF SPECIFIC FOREIGN COUNTRIES IS PROVIDED FOR GENERAL INFORMATION ONLY AND MAY NOT BE TOTALLY ACCURATE IN A PARTICULAR CASE. QUESTIONS INVOLVING INTERPRETATION OF SPECIFIC FOREIGN LAWS SHOULD BE ADDRESSED TO FOREIGN COUNSEL.

**PROVISO:** This flyer seeks only to provide information; it is not an opinion on any aspect of U.S., foreign, or international law. The U.S. Department of State does not intend by the contents of this flyer to take a position on any aspect of any pending litigation.

***Note: Hong Kong became a Special Administrative Region (SAR) of the People"s Republic of China on July 1, 1997 in accordance with the 1984 Sino-British Joint Declaration. The People"s Republic of China has advised the United States that the Hague Service Convention, the Hague Evidence Convention and the Hague Legalization Convention remain in effect for Hong Kong and that the Hong Kong Central Authorities continue to be located in Hong Kong. Moreover, as noted below, Hong Kong Central Authorities continue to accept document submitted in English and do not require a Chinese translation of documents submitted under the Hague Service or Evidence Conventions. Should any changes develop over time, the Department of State will update this information.***

## Service of Process

Hong Kong and the United States are parties to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters (20 U.S.T. 361, T.I.A.S. 6638; 28 U.S.C.A. (Appendix following Rule 4 FRCvP); 16 I.L.M. 1339 (1977)). The Hague Service Convention provides for service by international registered mail, by agent and by formal request to the foreign central authority. *(See Rule 4(f)(1) F.R.Cv. P.)* For a detailed discussion of the operation of the Hague Service Convention, consult our flyer on the Convention (See "Additional Information" below). Service can be effected in Hong Kong under the Convention through the Hong Kong Central Authority. A request for service by the Central Authority can be made by an attorney by submitting the documents to be served under cover of form USM-94, in duplicate to the foreign central authority." The Convention form (USM-94) is available at the office of any United States Marshal and is reprinted in the Martindale Hubbell Law Directory, Law Digest Volume, Selected International Conventions, after the text of the Hague Service Convention.

**HONG KONG CENTRAL AUTHORITY:** The Chief Secretary for Administration of Hong Kong SAR, Central Government Offices, Lower Albert Road, Hong Kong, tel: (011)(852) 2810-2954; fax: (011)(852) 2877-0802.

**TRANSLATIONS:** The Hong Kong Central Authority has informed the Hague Conference for Private International Law that all documents forwarded to them for service under the provisions of the Convention must be in duplicate and must be written in or translated into English. **No Chinese translation is required.**

**U.S. CENTRAL AUTHORITY:** Office of International Judicial Assistance, Civil Division, Department of Justice, 1100 L St., N.W., Room 11006, Washington, D.C. 20530, tel: 202)

307-0983; fax: (202) 514-6584.

**COSTS:** There are generally no costs incurred in connection with service through the central authority under the Convention.

**METHODS OF SERVICE:** Article 5(b) - Personal Service: If personal service is required, strike out methods (a) and (c) on the Request for Service form (USM-94) and indicate method (b) on the form, noting that the documents should be served personally upon the person or company to be served.

**COMPLETING THE USM-94 FORM:** To obtain guidance on completing the USM-94 form, consult our general flyer on the Hague Service Convention.

**TRANSMITTING THE COMPLETED REQUEST:** The completed request form and documents to be served, (two copies of each), should be mailed by requesting counsel as the "applicant" directly to the foreign Central Authority as provided by Article 3 of the Convention. See our flyer, Hague Service Convention , for details regarding completion and transmittal of the forms and accompanying documents.

**OTHER METHODS:** Hong Kong did not make any reservations with respect to service by international registered mail or service by agent. However, Hong Kong advises that service by the Convention is the preferred method.

## OBTAINING EVIDENCE

**APPLICABLE TREATIES OR OTHER AGREEMENTS:** The Vienna Convention on Consular Relations, 21 UST 77; 596 UNTS 261; TIAS 6820 (Article 5); the agreement between the United States and the People"s Republic of China regarding the maintenance of the U.S. Consulate General in Hong Kong signed between the United States and China in March 1997; and the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters, 28 USCA 1781 (1980 Cumulative Suppl) and 23 UST 2555; TIAS 7444. See also the law digest volume of the Martindale-Hubbell Law Directory under selected international conventions. Articles 15-16 of the Hague Evidence Convention provide for the taking of evidence of willing witnesses by diplomatic and consular officers.

**DEPOSITIONS OF WILLING WITNESSES:** Depositions of willing witnesses abroad may be taken on notice or pursuant to a commission before any consul or vice consul of the United States at Hong Kong (22 U.S.C. 4215; 4221; 18 U.S.C., Appendix, Rules of Criminal Procedure, Rules 15 and 17; 28 U.S.C., Appendix, Rules of Civil Procedure, Rules 28-31.) In Hong Kong, most voluntary depositions are taken in hotels and offices and do not involve participation by the U.S. consular officer. Telephone depositions are permitted.

**SCHEDULING A DEPOSITION AT THE U.S. CONSULATE GENERAL:** Services of the U.S. consular officer in connection with oral depositions or depositions on written questions must be scheduled in advance directly with the U.S. Consulate General. Contact the American Citizens Services section of the Consular Section of the U.S. Consulate General in Hong Kong via phone or fax as provided below. If the services of a U.S. consular officer are required to administer oaths to the witnesses, stenographer and any interpreter outside the Consulate General, additional fees are charged for such services. Consult the Office of American Citizens Service"s general flyer Obtaining Evidence Abroad . Commercial stenographer and interpreter services are widely available in Hong Kong. Consult the U.S.

Consulate General for additional information.

**HOST COUNTRY CLEARANCE - PARTICIPATION OF LOCAL, STATE OR FEDERAL GOVERNMENT OFFICIALS FROM THE UNITED STATES:** If a local, state, or federal government official from the United States intends to participate in the voluntary deposition of a willing witness in Hong Kong, formal host country/U.S. Consulate General clearance is required. This can be obtained by contacting the Office of American Citizens Services. The request should be made at least ten days prior to the taking of the deposition to allow sufficient time for Hong Kong authorities to make a determination about the official travel.

**COMPULSION OF TESTIMONY, DOCUMENTARY OR PHYSICAL EVIDENCE:** If compulsion of evidence is required, in civil, commercial, and some administrative cases (considered by foreign Central Authority on a case by case basis) the Hague Evidence Convention provides a "Model Letter of Request" which should be transmitted, in duplicate, directly from the court in the United States seeking assistance to the Hong Kong Central Authority. In cases not governed by the Hague Convention, letters rogatory may be used. Consult our general flyer, Preparation of Letters Rogatory . See note below regarding criminal cases.

**HONG KONG CENTRAL AUTHORITY:** The Hong Kong Central Authority for requests under the Hague Evidence Convention is the Chief Secretary for Administration of Hong Kong SAR, Central Government Offices, Lower Albert Road, Hong Kong, tel: (011) (852) 8102954. Under the Hague Evidence Convention, the requesting court in the United States transmits the model letter of request, and accompanying documents, in duplicate, directly to the foreign central authority.

**TRANSLATIONS:** The Hong Kong Central Authority has advised the Hague Conference on Private International Law that requests for compulsion of evidence under the provisions of the Convention must be submitted in duplicate and must be written in or translated into the English language. **No Chinese translation is required.**

**TRANSMITTAL OF A REQUEST:** Under Section 75 of the Hong Kong Evidence Ordinance and Part VIII of Rule 70 of the Rules of the Supreme Court, the letter of request is sent directly from the American court to the Hong Kong Central Authority for the Convention, the Chief Secretary for Administration of Hong Kong SAR.

**APPLICATION TO THE HONG KONG COURT:** The Hong Kong judicial authority will hear an application for assistance, under Section 75 of the Evidence Ordinance, and has the power to render assistance to a foreign court to obtain evidence by compulsion in Hong Kong for civil proceedings in that court. This application can be made directly in a motion to the court by a Hong Kong counsel or indirectly, pursuant to a letter of request under the Hague Evidence Convention. If application is made directly by local Hong Kong counsel, rather than in the form of a model letter of request from the American court to the Hong Kong central authority, the application must be made ex parte and must be supported by an affidavit made in Hong Kong to which the application is attached. The accompanying affidavit should give evidence in support of the request, name the examiner, and state that he or she is a fit and proper person. It should also state any ancillary arrangements envisaged.

**APPOINTMENT OF AN EXAMINER/PARTICIPATION OF AMERICAN COUNSEL:** In civil proceedings an examiner is appointed by the Hong Kong court. That examiner is usually a member of the local bar association. Examination may or may not take place in the court. If

outside the court, the examiner has complete discretion whether or not to allow the American attorney to question the witness. If the examination takes place in a court, an American attorney would not be allowed to question the witness. The degree of participation by an American attorney in an examination of a witness held outside the court is up to the examiner. However, if the Hong Kong court declined to authorize the examiner of choice, and ordered that the matter be heard before a Hong Kong authority, it is our understanding that direct examination by American counsel would not be possible. Inside a Hong Kong court, the American attorney could be allowed to attend if permission was obtained from the Hong Kong judicial authority in advance. If in attendance, an American attorney would be allowed to take notes and to consult to the extent of whispering or passing notes to local counsel if this had been agreed to by that counsel in advance and so long as no disturbance of the court was created.

**PRE-CONDITIONS BEFORE THE HIGH COURT WILL CONSIDER A CASE:** Three conditions generally must be fulfilled before the Hong Kong court can exercise the jurisdiction conferred upon it to make any order under the Evidence Order. (However, it may still be worth attempting a request even if all conditions are not met since cases are determined on a case-by-case basis.)

**GENERAL REQUIREMENTS:**

1. There must be an application to the court (in Hong Kong) for an order for evidence to be obtained in Hong Kong;

2. The Hong Kong court must be satisfied that the application is made in pursuance of a request by or on behalf of a court, described as "the requesting court" exercising jurisdiction outside Hong Kong;

3. The Hong Kong court must be satisfied that the evidence requested will be obtained for the purposes of civil proceedings which either have been instituted before the requesting court or where institution before that court is contemplated.

**GENERAL GUIDELINES FOR PREPARING THE LETTER OF REQUEST FOR USE IN HONG KONG:**

The letter of request should at a minimum contain references to the following matters:

1. The nature of the proceedings pending or contemplated in the United States;

2. In the case of civil proceedings, a statement that proceedings have been instituted or that they are contemplated;

3. A statement that any particular witnesses" evidence is required for that proceeding and is relevant to that proceeding;

4. The name of any witnesses to be called to be examined;

5. Details of the documents to be produced.

Requesting American counsel may wish to include in the letter of request that they be permitted to participate in proceedings in Hong Kong. It is wise, however, to include other options, such as permission for local Hong Kong counsel representing the plaintiff and the defendant to participate in the questioning of the witness, should the Hong Kong judge decide that American attorneys not be permitted to participate directly. Finally, the letter of

request generally includes specific written interrogatories and cross-interrogatories which the Hong Kong judge can put to the witnesses, should the judge determine that counsel for plaintiff and defendant not be permitted to participate, either directly or through designated local counsel and that all questions should be posed by the judge.

**CRIMINAL CASES:** Prior to July 1, 1997, the United States negotiated an agreement on Mutual Legal Assistance in Criminal Matters (MLAT) with Hong Kong authorities, with the concurrence of authorities of the People"s Republic of China that such an agreement could be reached with Hong Kong S.A.R. authorities to apply only to Hong Kong. The U.S.- Hong Kong agreement on Mutual Legal Assistance in Criminal Matters came into effect on January 21, 2000. For information about Mutual Legal Assistance Agreements, contact the Office of International Affairs, Criminal Division, Department of Justice, Washington D.C. 20530, tel: (202) 514-0015, or the Office of the Legal Adviser, Department of State, Law Enforcement and Intelligence (L/LEI), Washington D.C. 20520, tel: (202) 647-5111. Defense counsel cannot utilize mechanisms provided for under MLAT agreements, and thus must follow the formal letter rogatory procedure outlined in our general flyer, Preparation of Letters Rogatory .

**LISTS OF FOREIGN ATTORNEYS:** Lists of foreign attorneys willing to represent U.S. citizens have been prepared by the American Consulate General in Hong Kong. Copies may be obtained from the Department of State, Office of American Citizens or directly from the U.S. Consulate General in Hong Kong.

**AUTHENTICATION OF DOCUMENTS:** Hong Kong remains a party to the Hague Convention Abolishing the Requirement for Legalization of Foreign Public Documents (TIAS I0072; 527 UNTS 189; 20 Int"l Legal Materials 1405-1419 (1981).) The Hong Kong competent authority to issue certifications pursuant to the Convention, (known as "apostille" certificates) remains the Registrar, Hong Kong High Court; Deputy Registrar or Assistant Registrar, High Court, Hong Kong, 38 Queensway, Hong Kong, tel: (852) 2825-4226, fax: (852) 2869-0640. For an explanation of how the process works in Hong Kong, see the U.S. Consulate General home page (http://www.usconsulate.org.hk) under American Citizens Services, Notarials. See also our general flyer on "International Judicial Assistance, Notarial Services and Authentication of Documents" under Judicial Assistance. See also our general flyer on the Hague Legalization Convention . But see the State Department Authentications Office home page .

**U.S. CONSULATE GENERAL LOCATION:** The U.S. Consulate General is located at 26 Garden Road, Central, Hong Kong. The mailing address is PSC 461, Box 5, FPO AP 96521-0006; tel: (011)(852) 2523-9011, fax: (011)(852) 2845-4845, web site: http://www.usconsulate.org.hk, e-mail: acshnk@netvigator.com"

**ADDITIONAL INFORMATION** : The Office of American Citizens Services has available general information flyers on international judicial assistance. These topics include:

Preparation of Letters Rogatory
Obtaining Evidence Abroad
Service of Process Abroad
Authentication of Documents

**Using the Internet:** Many of our judicial assistance flyers are also available on the Internet

via the Department of State, Bureau of Consular Affairs home page **under Judicial Assistance .**

**TREATY DATABASES ON THE INTERNET:**

United States Department of State, Office of the Legal Adviser, Treaty Affairs, List of Treaties and Other International Agreements of the United States In Force: http://www.state.gov/www/global/legal_affairs/tifindex.html.

United Nations (UN): Databases/Treaties at http://untreaty.un.org ;

Council of Europe (COE) under Texts/Treaties , COE press releases including treaty action ;

Organization of American States (OAS) .

**ADDITIONAL QUESTIONS:** If you have further questions, contact the East Asia and Pacific Division of the Office of American Citizens Services, CA/OCS/ACS/EAP, Department of State, Room 4817 N.S., Washington, D.C. 20520, tel: (202) 647-6769; 202-647-5226; fax: 202-647-2835.

Return to Judicial Assistance Page

---

USA.gov Government Made Easy

This site is managed by the Bureau of Consular Affairs, U.S. Department of State. External links to other Internet sites should not beconstrued as an endorsement of the views contained therein. Copyright Information Disclaimers