# EXHIBIT C

Thursday February 15, 2007

## OBTAINING EVIDENCE IN CHINA

DISCLAIMER: THE INFORMATION IN THIS CIRCULAR RELATING TO THE LEGAL REQUIREMENTS OF SPECIFIC FOREIGN COUNTRIES IS PROVIDED FOR GENERAL INFORMATION ONLY AND MAY NOT BE TOTALLY ACCURATE IN A PARTICULAR CASE. QUESTIONS INVOLVING INTERPRETATION OF SPECIFIC FOREIGN LAWS SHOULD BE ADDRESSED TO FOREIGN COUNSEL.

**PROVISO:** This flyer seeks only to provide information; it is not an opinion on any aspect of U.S., Chinese, or international law. The U.S. Department of State does not intend by the contents of this flyer to take a position on any aspect of any pending litigation.

**SERVICE OF PROCESS IN CHINA:** China is a party to the Hague Convention on Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (20 U.S.T. 361, T.I.A.S. 6638; 28 U.S.C.A. (Appendix following Rule 4 FRCvP); 16 I.L.M. 1339 (1977)). The Convention entered into force between the U.S. and China in 1991. *(See Rule 4(f)(1) F.R.Cv. P.)* For a detailed discussion of the operation of the Hague Service Convention, see our flyer on the Convention . Service can be effected in China under the Convention through the Chinese Central Authority. A request for service by the Central Authority can be made by an attorney by submitting the documents to be served under cover of form USM-94, in duplicate to the foreign central authority. "Duplicate" means a completed USM-94, one original English version of the documents to be served (summons must bear seal of the court); one translation of all documents to be served; plus a photocopy of all of the above which constitutes the second set of document). The Convention forms themselves (USM-94) do **not** need to be translated. The Convention form (USM-94) is available at the office of any United States Marshal and is reprinted in the Martindale Hubbell Law Directory, Law Digest Volume, Selected International Conventions, after the text of the Hague Service Convention.

**SERVICE BY MAIL PROHIBITED:** American courts have held that formal objections to service by mail made by countries party to a multilateral treaty or convention on service of process at the time of accession or subsequently in accordance with the treaty are honored as a treaty obligation, and litigants should refrain from using such a method of service. **See *DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280 (3d Cir. 1981), [cert. den., 454 U.S. 1085]; *Porsche v. Superior Court* , [123 Cal. App. 3d 755,] 177 Cal. Rptr. 155 (1981).** Service by registered mail should **not** be used in China, which notified the Hague Conference on Private International Law and the Government of the Netherlands (the depository) on accession, ratification or subsequently that it objects to service in accordance with Article 10, sub-paragraph (a) of the Convention, via postal channels. See Memorandum of the Administrative Office of the U.S. Courts (November 6, 1980) at Cumulative Digest of United States Practice in International Law, 1981-1988, Department of State, Office of the Legal Adviser, 1447 (1994) or Ristau, Sec. 3-1-9, p. 70.2 (1995 supp.).

**CHINA CENTRAL AUTHORITY:**

Department of Judicial Assistance and Foreign Affairs
Ministry of Justice of the People"s Republic of China
10 Chaoyangmen Nandajie, Chaoyang District
Beijing 100020
China

Tel. (8610) 6250-6239

**U.S. CENTRAL AUTHORITY:** Office of International Judicial Assistance, Civil Division, Department of Justice, 1100 L St., N.W., Room 11006, Washington, D.C. 20530, tel: 202) 307-0983; fax: (202) 514-6584.

Effective June 1, 2003, the U.S. Department of Justice is delegating the service of process function to a private contractor, Process Forwarding International, 910 5th Avenue, Seattle, WA 98104 USA, telephone: 206-521-2979; fax: 206-224-3410; email: info@hagueservice.net ; website: http://www.hagueservice.net .

This includes service of incoming requests for service in the United States under the Hague Service Convention and transmittal of proof of service to the requester. Requesters will be able to make payments directly at the http://www.hagueservice.net website and check on the status of active cases. See the website for the fee structure.

See the U.S. communication to the Hague Conference on Private International Law at http://www.hcch.net/e/status/stat14e.html#us.

Process Forwarding International is the only private process service company authorized to act on behalf of the United States Central Authority, in accordance with Articles 2-6 of the Convention, to receive requests for service from other Contacting States, proceed to serve the documents, and complete the certificate in the form annexed to the Convention. Process Forwarding International is responsible for the geographical coverage of its tasks in the following areas: the United States, Guam, American Samoa, Puerto Rico, U.S. Virgin Islands, and the Commonwealth of the Northern Mariana Islands.

**TRANSLATIONS:** China did not make a specific reservation regarding translations at the time it deposited its instruments of accession to the Convention. However, the Chinese Central Authority has advised the U.S. Embassy in Beijing that documents to be served should be translated into Mandarin Chinese. The Convention form itself (USM-94) does not need to be translated.

**COSTS:** Effective June 10, 2003, all requests for service of process in civil and commercial matters must be accompanied by an $89 service fee, payable via international money order. Otherwise, they will be returned to the applicant. The money order should be made payable to the Supreme People"s Court of the People"s Republic of China.

**METHODS OF SERVICE:** Article 5(b) - Personal Service: If personal service is required, strike out methods (a) and (c) on the Request for Service form (USM-94) and indicate method (b) on the form, noting that the documents should be served personally upon the person or company to be served.

**COMPLETING THE USM-94 FORM:** To obtain specific instructions on completing the USM-94 form, use the phone on your fax machine and dial 202-647-3000 to access our automated fax service. Enter the four digit code for the general flyer *Hague Service Convention* - 1051. Follow the prompts and the flyer will print automatically on your fax machine.

**TRANSMITTING THE COMPLETED REQUEST:** The completed request form and documents to be served, with accompanying translation (two copies of each), should be mailed by requesting counsel as the "applicant" directly to the foreign Central Authority as provided by Article 3 of the Convention. See our flyer on the *Hague Service Convention* for details regarding completion and transmittal of the forms and accompanying documents.

**OTHER METHODS:** In its instruments of accession, China objected to the methods of service provided for in Article 10 of the Convention, including service by mail (Article 10 (a)) as noted above.

**SUMMARY: Judicial assistance between the United States and China is governed by the Vienna Convention on Consular Relations, 21 U.S.T. 77, TIAS 6820, 596 U.N.T.S. 261, to which the United States and the People"s Republic of China are parties, and the U.S. - China Consular Convention, 33 U.S.T. 3048, TIAS 10209 and the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters. (See also 22 U.S.C. 4215, 4221.) The Government of the People"s Republic of China has advised the United States of the procedures it considers acceptable under Chinese law and practice concerning obtaining evidence in China. Taking evidence in China for use in foreign courts is problematic. China does not recognize the right of persons to take depositions, and any effort to do so could result in the detention and/or arrest of U.S. citizen participants. This flyer seeks to alert you to the problem so that you may advise appropriate parties.**

**VOLUNTARY DEPOSITIONS:** Upon its accession to the Hague Evidence Convention, China declared that the provisions of Chapter II of the Convention except for Article 15 will not be applicable. This means that diplomatic and consular officers may take the evidence without compulsion of nationals of the United States. However, Article 15 also contains a provision which states that a contracting state may declare that evidence may be taken by a diplomatic officer or consular agent only if permission to that effect is given upon application made by him or on his behalf to the appropriate authority designated by the declaring State. Traditionally, Chinese authorities do **not** recognize the authority or ability of foreign persons, such as American attorneys, to take voluntary depositions of willing witnesses, even before a U.S. consular officer, Article 27(1) of the U.S. - China Consular Convention of 1980 notwithstanding. In view of this position, the United States is seeking a clarification from the People"s Republic of China regarding its recognition of the right of U.S. consular officers to take voluntary depositions of U.S. citizens in China.

Given China"s declaration on accession to the Hague Evidence Convention that it does not consider itself bound by Articles 16-22 of Chapter II of the Convention, China could well deem taking depositions by American attorneys or other persons in China, as a violation of China"s judicial sovereignty. Such action could result in the arrest, detention, expulsion, or deportation of the American attorneys and other participants. *(See our Consular Information Sheet for China for information about arrests and criminal penalties in China.)* The right to administer oaths in China is strictly governed by local Chinese law and applicable treaty. A person authorized to administer oaths in the United States may not be recognized by Chinese authorities as empowered to perform that function in China. Even a Chinese "notary" or other person empowered to administer oaths may not be recognized by Chinese authorities as empowered to do so in connection with depositions, given China"s strict position on that question. Conducting a deposition in a hotel with oaths to be administered by such a private person could have serious implications for the individual administering the oath, as well as other participants. In 1989, China permitted the taking of a limited deposition in the matter of ***U.S. v. Leung Tak Lun, et al.;*** **CR 88-0214-WHO** in an action before the U.S. District Court for the Northern District of California. China has advised the United States that the granting of authority for the taking of that deposition should not be regarded as a precedent.

Efforts to obtain permission from the Chinese Ministry of Foreign Affairs to conduct depositions since that time have proven unsuccessful.

**CHINESE POSITION ON ISSUE OF OBTAINING EVIDENCE IN CHINA:** China has communicated its views on the subject of obtaining evidence in a series of diplomatic notes to the U.S. Embassy in Beijing. In diplomatic note No. 106 dated November 6, 1981, the Chinese Ministry of Foreign Affairs advised the U.S. Embassy that if a court of the United States requests the depositions of witnesses resident in the People"s Republic of China, it is necessary to submit a letter rogatory through the diplomatic channel. The Chinese Ministry of Foreign Affairs reiterated its government"s position on depositions of witnesses within China by foreign attorneys or consuls in Diplomatic Note No. 88 dated April 14, 1988. The note said that for a U.S. consular officer to receive or witness statements made under oath or affirmation in China in contravention of Chinese law would not conform to the provisions of the U.S. - China bilateral consular convention. Most recently, the Chinese government repeated this position in a Circular Diplomatic Note No. 77 dated September 11, 1996 to all Chiefs of Foreign Missions in Beijing. China deposited its instruments of accession to the Hague Evidence Convention December 8, 1997. The United States declared its acceptance of China"s accession to the Convention in June 1998. The Convention entered into force between the United States and the PRC in August 1998. The United States is seeking clarification from the Government of the People"s Republic of China concerning how the Hague Evidence Convention will be applied in China.

**TRANSMITTAL OF LETTERS OF REQUEST IN CIVIL AND COMMERCIAL MATTERS FOR COMPULSION OF EVIDENCE:** Requests for compulsion of evidence in civil and commercial matters may be forwarded directly to the Chinese Central Authority. Utilize the model letter of request annexed to the text of the Convention. See our general flyer on the operation of the *Hague Evidence Convention* .

**CHINESE CENTRAL AUTHORITY:**

Bureau of International Judicial Assistance
Ministry of Justice of the People"s Republic of China
10 Chaoyangmen Nandjie, Chaoyang District
Beijing 100020
China

**PREPARATION OF LETTERS ROGATORY FOR USE IN CHINA IN CRIMINAL AND ADMINISTRATIVE MATTERS:** In diplomatic note No. 106 dated November 6, 1981, the Chinese Ministry of Foreign Affairs advised the U.S. Embassy that a letter rogatory must bear the signature of the judge and seal of the court. Moreover, the letter rogatory should contain the following information: the name of the court making the request, the names of the parties, the subject matter of the litigation, the name and address of the witness, and written interrogatories and cross interrogatories. The letter rogatory and written questions must be accompanied by a Chinese translation. No further authentication is required. For more information, consult our general flyer *Preparation of Letters Rogatory* .

**USING LETTERS ROGATORY TO REQUEST DEPOSITIONS IN CHINA IN CRIMINAL AND ADMINISTRATIVE MATTERS:** In April 1991, the United States requested, without success, that Chinese and U.S. citizens be deposed in China in connection with two criminal cases. In those cases, Chinese judicial authorities did not reply to the letters rogatory from U.S. courts requesting permission to depose the witnesses. Since that time, there has been no success in obtaining permission from Chinese authorities to take depositions pursuant to a letter rogatory or letter of request. In view of the Chinese position on this question, at the present time, it does **not**

appear possible to take the deposition of a witness located in China. Nevertheless, should you wish to pursue such a request, this office would, of course, be prepared to transmit a letter rogatory through appropriate diplomatic channels as explained in the *Preparation of Letters Rogatory* information flyer. As noted above, we have no indication that China would respond favorably to a letter rogatory requesting participation by American or Chinese counsel in the depositions of witnesses in China, or, as an alternative, that a request for depositions on written questions to be conducted by appropriate Chinese authorities would be granted.

**POSSIBLE OPTIONS AVAILABLE:** If the witness is willing to be deposed, one option might be to persuade the witness to travel to another country or jurisdiction where it is possible to conduct voluntary depositions. Consult our country-specific judicial assistance information flyers for details about procedures in other countries.

**COMPULSION OF TESTIMONY OR DOCUMENTARY EVIDENCE:** While it is possible to request compulsion of evidence in China pursuant to a letter rogatory or letter of request (Hague Evidence Convention), such requests have not been particularly successful in the past. Requests may take more than a year to execute. It is not unusual for no reply to be received or after considerable time has elapsed, for Chinese authorities to request clarification from the American court with no indication that the request will eventually be executed. It may be useful to consult local counsel in China for further guidance. But see discussion below regarding the role of lawyers in the Chinese judicial system. See note above regarding preparation of letters rogatory for use in China. Upon its accession to the Hague Evidence Convention, China declared that "in accordance with Article 23 of the Convention concerning the Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in common law countries, only the request for obtaining discovery of the documents clearly enumerated in the Letters of Request and of direct and close connection with the subject matter of the litigation will be executed." The United States is seeking clarification from the Government of the People"s Republic of China regarding its implementation of the Hague Evidence Convention.

**CHINESE ATTORNEYS/AMERICAN LAW FIRMS IN CHINA:** It is our understanding that Chinese law offices are within the jurisdiction and authority of the Ministry of Justice. Under the Ministry of Justice is the Department of Public Notaries and Lawyers, which in turn establishes the legal advisory offices at the provincial and local levels. All lawyers and public notaries in China are part of this system, and as such are employees of the State. Lawyers in the Chinese system therefore do not necessarily assume the advocacy role expected of lawyers in the United States, but rather have obligations to the State as well as to their "clients." Anyone who retains the services of a lawyer in China should understand this difference between the American and Chinese legal systems. American law firms with a presence in China merely maintain "representative" offices which may provide legal advice to clients on commercial, tax, or economic law as it relates to investment in China by foreign firms. Although the foreign attorney may be permitted to "consult" on a case, foreigners who encounter legal difficulties may only be represented by a Chinese lawyer.

**CRIMINAL MATTERS:** Local, state and federal prosecutors interested in obtaining evidence in China may also wish to consult the Office of International Affairs, Criminal Division, U.S. Department of Justice, Washington, D.C. 20520 at (202) 514-0015.

**TRAVEL OF U.S., STATE, and LOCAL GOVERNMENT OFFICIALS:** When traveling to China in an official capacity in connection with a judicial assistance matter, it is necessary to obtain formal host country clearance from Chinese authorities through the U.S. Embassy in Beijing. Contact the Department of State, Office of American Citizens Services for assistance.

**ADDITIONAL INFORMATION:** Many of our judicial assistance flyers are also available on the

Internet via the Department of State, Bureau of Consular Affairs home page at http://travel.state.gov under Judicial Assistance or through the main State Department home page at http://www.state.gov under Travel, Consular, or International Legal Assistance. See also, the Department of State, Office of the Legal Adviser for Private International Law (L/PIL) home page at http://www.state.gov/www/global/legal_affairs/private_intl_law.html for information regarding private international law unification. See also the home pages for many of our embassies which are linked to the Consular Affairs home page .

**Treaty Databases on the Internet:**

United States Department of State, Office of the Legal Adviser, Treaty Affairs, List of Treaties and Other International Agreements of the United States In Force http://www.state.gov/www/global/legal_affairs/tifindex.html

United Nations (UN): Databases/Treaties at http://untreaty.un.org

Council of Europe (COE) http://www.coe.fr/index.asp under Texts/Treaties http://conventions.coe.int/

Organization of American States (OAS): http://www.oas.org under Documents/Treaties and Conventions.

**U.S. Embassy and Consulates in China:** U.S. citizens visiting China are encouraged to register at the U.S. Embassy or one of the U.S. consulates in China. They may obtain updated information on travel and security within the country at the Embassy or one of the Consulates. It is possible to register with the U.S. Embassy in Beijing from the United States via the Embassy"s home page on the Internet at http://www.usembassy-china.org.cn . The Consular Section of the U.S. Embassy in Beijing is located at 2 Xiu Shui Dong Jie, Beijing - 100600; tel: 011-86-10-6532-3831; fax: 011-86-10-6532-3178. For the addresses, telephone and fax numbers of the Consulates in Guangzhou, Shanghai, Shenyang and Chengdu, consult our Consular Information Sheet for China available on the Department of State home page on the Internet or via our automated fax system as explained above.

**SELECTED REFERENCES:**

Chan, The Role of Lawyers in the Chinese Legal System, 13 Hong Kong L.J. 157 (1983).

Chang, The Making of the Chinese Bankruptcy Law: A Study of the Chinese Legislative Process, 28 Harv. Int"l. L.J. 333,372 (1987).

Chen, Private International Law of the People"s Republic of China: An Overview, 35 Am. J. Comp. L. 445, 486 (1987).

Chiu, Chinese Attitudes Toward International Law in Post-Mao Era 1978-1987, 21 Int"l Law. 1127,1166 (1987).

Devoe, Commercial Dispute Resolution between the United States and the People"s Republic of China: Problems and Prospects, 7 Suffolk Transnat"l L.J. 329 (1983-1984).

Doing Business in China: Legal Financial and Negotiating Aspects, Law & Business, Inc. (1979).

Fu, Legal Person in China: Essence and Limits, 41 Am. J. Comp. L. 261, 298 (1993).

Hsia & Zeldin, Recent Legal Developments in the People"s Republic of China, 28 Harv. Int"l L. 249, 272 (1987).

Ingriselli, International Dispute Resolution in the People"s Republic of China, Int"l. Bus. Law. 376 (October 1984).

Keller, Sources of Order in Chinese Law, 42 Am. J. Comp. L. 711, 760 (1994).

Lubman & Wajnowski, Criminal Justice and the Foreigner, China Bus. Rev., 30 (Nov-Dec. 1985).

Mitchell & Stein, U.S. - China Commercial Contracts, 20 Int"l. Law. 897-920 (1986).

Spanogle & Baranski, Chinese Commercial Dispute Resolution Methods, 35 Am. J. Comp. L. 761, 800 (1987).

Wang, The Judicial Explanation of Chinese Criminal Law, 43 Am. J. Comp. L. 569, 580 (1995).

Zheng, Lawyers and Legal Practice in China, 36 Am. J. Comp. L.473, 524 (1988).

Zheng, Bankruptcy Law of the People"s Republic of China: Principles, Procedure and Practice, 19 Vand. J. Transnat"l. L. 683,684-94 (1986).

Zheng, Foreign Banking in the People"s Republic of China: Laws and Practice, 21 Int"l. Law. 437, 486 (1987).

**Questions:** If you have further questions, contact the East Asia and Pacific Division of the Office of American Citizens Services and Crisis Management, CA/OCS/ACS/EAP, Department of State, Room 4817 N.S., Washington, D.C. 20520, tel: (202) 647-6769; fax: (202) 647-2835.

**WHAT IS THE OFFICE OF AMERICAN CITIZENS SERVICES:** The Office of American Citizens Services (ACS), a component of the Directorate of Overseas Citizens Services in the Department of State"s Bureau of Consular Affairs, is responsible, inter alia, for receiving and transmitting requests for international judicial assistance under 28 U.S.C. Section 1781 (see 22 C.F.R. Section 92.67). ACS also addresses other legal assistance requests that foreign states may make by diplomatic channels to the United States, including those for which assistance may be available under 28 U.S.C. 1782. ACS is also responsible for other aspects of international judicial assistance for the Department of State. This responsibility is derived from U.S. consular treaty obligations, 22 U.S.C. 4215, 4221, 22 C.F.R. Part 92 et seq., and authority delegated to the Bureau of Consular Affairs by the Secretary of State.

Return to Judicial Assistance Page

USA.gov Government Made Easy

This site is managed by the Bureau of Consular Affairs, U.S. Department of State. External links to other Internet sites should not beconstrued as an endorsement of the views contained therein. Copyright Information Disclaimers