# EXHIBIT D

February 14, 2007

Larissa S. Bifano
D 617.951.9139
F 617.261.3175
larissa.bifano@klgates.com

**First Class Mail**
**Via Facsimile 310.907.2025**

Tony D. Chen, Esq.
Alschuler Grossman LLP
1620 26th St
Fourth Floor, North Tower
Santa Monica, CA 90404-4060

Re: Tower Manufacturing Corporation v. Shanghai ELE Manufacturing Corporation
Case No. 06-170S

Dear Tony:

Since the hearing on your Motion for Protective Order, I have spoken with you several times regarding the Court ordered deposition pursuant to Tower's Rule 30(b)(6) Deposition Notice. I spoke with you on February 2, 2007, regarding the logistics of the deposition. I then indicated that I had learned that Chinese law may not allow U.S. attorneys to conduct the deposition in Shanghai or Beijing, but would permit the holding of the deposition in Hong Kong. You said you would speak with your client about conducting the deposition in Hong Kong.

During our February 5, 2007 telephone conversation you indicated that your client was not receptive to holding the deposition in Hong Kong, primarily because of the need for your client to obtain a travel permit to travel from Shanghai to Hong Kong. I requested that you ask your client to apply for a permit. We also discussed the possibility of having one of our Beijing attorneys conduct the deposition in Beijing. We are still investigating that possibility, but that does not seem to be an option under Chinese law.

We spoke again on February 13, 2007. During that conversation we again discussed holding the deposition in Hong Kong, and I proposed that Tower would consider paying the travel permit fee of HK$160. This time, you indicated that your client would not travel to Hong Kong, due to travel difficulties. You said that holding the deposition in Hong Kong would not comply with the Court order. You also proposed that Tower take its discovery by means other than a deposition, such as interrogatories, which we rejected.

However, the Court has ordered a Rule 30(b)(6) deposition, and during the hearing Hong Kong was mentioned as a possible deposition location. Hong Kong is equidistant from

Shanghai as Beijing. Accordingly, holding the deposition in Hong Kong would comply with the Court order and geographically be as convenient for your client as Beijing.

Because you refuse to comply with the order, you leave us no choice but to seek a further order from the Court. Of course, if your client reconsiders, please let us know immediately.

Very truly yours,

Larissa S. Bifano

cc: Jeffrey S. Brenner, Esq. (w/ encls.)
Bruce W. Gladstone, Esq. (w/ encls.)