# EXHIBIT F

ALSCHULER GROSSMAN LLP
ATTORNEYS AT LAW

TONY D. CHEN
ATTORNEY AT LAW
TCHEN@ALSCHULER.COM
Direct Dial: 310-255-9025
Direct Fax: 310-907-2025

OUR FILE NUMBER
13764-207036

February 14, 2007

Larissa S. Bifano, Esq.
Kirkpatrick & Lockhart Nicholson Graham LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950

Re: *Tower Mfg. Corp. v. Shanghai ELE Mfg. Corp.*
U.S. District Court Rhode Island No: CA 06-170S

Dear Ms. Bifano:

I received your letter dated February 13, 2007. While your letter recapitulated the topics we discussed in the past several days regarding the Rule 30(b)(6) Deposition of Shanghai ELE in China, it does not accurately reflect the entirety of our discussion.

The Court has ordered the deposition "be conducted via videoconference at a mutually convenient time and place in the People's Republic of China, in a location as close as practicable to Shanghai." Contrary to your belief, the Court never ordered my client to go to Hong Kong for the deposition. During our discussion, I indicated that Hong Kong is not a mutually convenient place to my client as taking the deposition in Hong Kong will place extra burden on my client due to the travel restriction imposed by the Chinese authorities. I also indicated that while my client prefers to have the deposition taken in a location as close as practicable to Shanghai, we would not rule out Beijing as an alternative location as there is no travel restriction for my client to go to Beijing.

At the hearing for the protective order, Hong Kong was mentioned because your firm indicated that it has an office in Hong Kong. However, the legal issues concerning taking deposition in Shanghai or Beijing were not raised during the hearing. Should you have raised these issues at the hearing, we could have addressed them and advised the Court of the extra burden for taking the deposition in Hong Kong, and the Court may have considered an alternative solution to the deposition. As we have always maintained, given the limited scope of the deposition and existence of other alternative discovery means, the burden of taking the deposition on both sides may far outweigh the benefit.

We urge you to reconsider your position. Should you move for a court order to have the deposition taken in Hong Kong, we will oppose your motion because it will place an undue burden on my client while other alternative discovery means exist.

Very truly yours,

Tony D. Chen

TDC:js

cc: Jeffrey Brenner, Esq.

921711_1.DOC