UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TOWER MANUFACTURING CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SHANGHAI ELE MANUFACTURING CORPORATION,<br><br>Defendant. | Civil Action No. CA 06 170S |

**DECLARATION OF TONY D. CHEN IN SUPPORT OF SHANGHAI ELE MANUFACTURING CORPORATION'S OPPOSITION TO TOWER MANUFACTURING CORPORATION'S MOTION TO COMPEL**

I, Tony D. Chen, declare as follows:

1. I am a Partner at Alschuler Grossman LLP, counsel of record in this action for Defendant Shanghai ELE Manufacturing Corporation ("Shanghai ELE"). I am a member of the Bar of the State of California. I have personal knowledge of the matters stated in this declaration and would testify truthfully to them if called upon to do so.

2. On Friday, December 1, 2006, I received a telephone call from Ms. Larissa S. Bifano ("Ms. Bifano") of Kirkpatrick & Lockhart Nicholson Graham LLP, counsel of record for Plaintiff Tower Manufacturing Corporation ("Tower"), regarding Tower's request for extension of time in filing its opposition to Shanghai ELE's pending motion to dismiss, and Tower's discovery on Shanghai ELE's forum related activities. Ms. Bifano sent me a follow up email, a true and correct copy of which is attached hereto as Exhibit 1, which contained a list of discovery topics that Tower intended to propound upon Shanghai ELE.

3. I sent a quick reply email to Ms. Bifano, a true and correct copy of which is attached hereto as Exhibit 2, informing her that I would send her a substantive response on the following Monday or Tuesday.

4. On Monday, December 4, 2006, I sent an email to Ms. Bifano, a true and correct copy of which is attached hereto as Exhibit 3, advising her that Shanghai ELE would grant a one-month extension of time for Tower to file its opposition to Shanghai ELE's motion to dismiss, and also expressing Shanghai ELE's objection to the discovery topics proposed by Tower.

5. On Tuesday, December 5, 2006, I received an email from Ms. Bifano, a true and correct copy of which is attached hereto as Exhibit 4, containing a revised list of discovery topics proposed by Tower.

6. Shanghai ELE has acted in good faith in cooperating with Tower in the limited scope discovery that Tower is entitled to conduct with regard to Shanghai ELE's forum related activities. On Wednesday, December 6, 2006, I sent a response email to Ms. Bifano, a true and correct copy of which is attached hereto as Exhibit 5, with an outline of topics that Shanghai ELE would be agreeable for discovery related to jurisdiction issues. I also advised Ms. Bifano that if Tower intended to conduct oral deposition as part of the limited discovery, any deposition of Shanghai ELE's personnel must be conducted in Shanghai with adequate advance notice.

7. On Thursday, December 7, 2006, I received an email from Ms. Bifano, a true and correct copy of which is attached hereto as Exhibit 6. After reviewing the email, I had a lengthy telephone conversation with Ms. Bifano, and expressed my belief that Tower's reliance on a case cited in her email, Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558 (Fed. Cir. 1994), was misplaced, in that in Beverly Hills Fan, the Court granted exercising of jurisdiction over foreign defendant Ultec Enterprises Co. Ltd. because it was the manufacturer of the alleged infringing product and sold the product through domestic defendant Royal Sovereign Corp. into the forum state, whereas in the instant case Shanghai ELE's LCDI was a component

product sold to Chinese air conditioner manufacturers (who are similarly situated comparable to Ultec in the Beverly Hills Fan case) whose air conditioners were the products found in Rhode Island, and since Shanghai ELE is at least one more layer removed from any forum related activity, Beverly Hills Fan is inapplicable here.

8. On Friday, December 8, 2006, without any further discussion with me, Ms. Bifano sent me via email Tower's First Set of Interrogatories (Nos. 1-8) and Requests for Production of Documents (Nos. 1-12). A true and correct copy of Ms. Bifano's accompanying email is attached hereto as Exhibit 7. Ms. Bifano stated that "I apologize for sending them out before discussing them with you."

9. On Tuesday, December 12, 2006, I received via first class mail the service copies of Tower's First Set of Interrogatories and Requests for Production of Documents. A true and correct copy of Ms. Bifano's accompanying letter, dated Friday, December 8, 2006, is attached hereto as Exhibit 8. As required in the Interrogatories and also repeated in Ms. Bifano's letter, Tower has unilaterally set a two-week deadline for Shanghai ELE to respond to its discovery demands. Ms. Bifano also stated that "please note that the requests are somewhat broader th[a]n what you had posited in your email of Wednesday, December 6, 2006."

10. On Wednesday, December 13, 2006, I sent a letter to Ms. Bifano, a true and correct copy of which is attached hereto as Exhibit 9, expressing my disappointment to Tower's discovery demands that were substantially broader than what Shanghai ELE had agreed to in my previous telephone conversations and email exchanges with Ms. Bifano. I also stated that while Shanghai ELE could not agree to the two-week response time limit unilaterally imposed by Tower, Shanghai ELE would nonetheless try to respond to Tower's discovery demands in a timely manner.

11. Shanghai ELE has also acted in good faith in providing an adequate and timely response to Tower's discovery demands. On December 21, 2006, within two weeks of receiving Tower's Interrogatories and Requests for Production, Shanghai ELE served on Tower Shanghai ELE's Responses to Tower's Interrogatories (Exhibit A attached to Tower's motion to

compel) and Shanghai ELE's Response to Tower's Requests for Production (Exhibit B attached to Tower's instant motion).

12. On Friday, December 29, 2006, Mr. Robert Smith ("Mr. Smith"), a colleague of Ms. Bifano, sent me via facsimile a letter (Exhibit C attached to Tower's instant motion), regarding Shanghai ELE's responses to Tower's discovery demands.

13. On Tuesday, January 2, 2007, I had an extended telephone discussion with Mr. Smith, and explained Shanghai ELE's position regarding the limited scope that Tower was entitled to discovery on Shanghai ELE's forum related activities. Unfortunately Mr. Smith and I were unable to resolve the differences between Tower's and Shanghai ELE's respective positions on this issue.

14. Nonetheless, Shanghai ELE again acted in good faith in granting a further extension of time to Tower for filing its opposition to Shanghai ELE's motion to dismiss. On Thursday, January 4, 2007, I sent an email to Mr. Smith, a true and correct copy of which is attached hereto as Exhibit 10, authorizing him to sign a stipulation for the extension on my behalf and file it with the court.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 16th day of January, 2007 at Santa Monica, California.

T. D. Chen

Tony D. Chen

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participate, Bruce W. Gladstone, Esq., at bgladstone@cm-law.com, identified on the Notice of Electronic filing (NEF) and paper copies will be sent via regular mail, postage prepaid to Thomas F. Holt, Esq., Larissa S. Bifano, Esq. and John J. Cotter, Esq., Kirkpatrick & Lockhart Nicholson Graham LLP, State Street Financial Center, One Lincoln Street, Boston, MA 02111-2950 on this 29th day of January, 2007.

Jacqueline Spoonts