**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| TOWER MANUFACTURING CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SHANGHAI ELE MANUFACTURING CORPORATION,<br><br>Defendant. | Civil Action No. CA 06 170S |

**DEFENDANT SHANGHAI ELE MANUFACTURING CORPORATION'S OPPOSITION TO PLAINTIFF TOWER MANUFACTURERING CORPORATION'S MOTION TO COMPEL COMPLIANCE WITH DEPOSITION ORDER**

Defendant Shanghai ELE Manufacturing Corporation ("Shanghai ELE") hereby submits its Opposition to Plaintiff Tower Manufacturing Corporation ("Tower")'s Motion to Compel Shanghai ELE's Compliance with the Court's February 5, 2007 Order ("Order").

**1. The Court Did Not Order that the Deposition Must Be Taken In Hong Kong**

The Order requires that the deposition "be conducted via videoconference at a mutually convenient time and place in the People's Republic of China, in a location as close as practicable to Shanghai." The Order did not say that the deposition must be taken in Hong Kong. Tower has no ground to compel the taking of the deposition in Hong Kong.

**2. Tower Never Advised the Court of the Problems of Taking Deposition in China**

At the hearing, Plaintiff's counsel told the Court that it had offices in both Beijing and Hong Kong, and stated "I know it's a good distance but in Beijing and Hong Kong we have those facilities, we could use them." (Exhibit A to Tower's moving paper, p. 15, lns. 5-6).

Shanghai ELE's counsel suggested video-conferencing but stated "I'm not sure whether deposition has been conducted that way" (Id., p. 14, lns. 14-16). However, while all these possibilities were explored at the hearing, never once has Plaintiff's counsel raised any issue concerning the legality of taking deposition in Shanghai or Beijing. Plaintiff's counsel has offices in Beijing, China and presumably is familiar with Chinese law. If such issues were addressed at the court hearing, Shanghai ELE would have an opportunity to address them to the Court and advise the Court of the difficulties and burden for taking the deposition in Hong Kong.

**3. Shanghai ELE Cooperated with Tower in Arranging the Deposition**

Only after the court hearing did Plaintiff's counsel begin to raise this issue and insist that the deposition be taken in Hong Kong. Even so, Shanghai ELE's counsel has worked cooperatively with Plaintiff's counsel in meeting and conferring about the locale of the deposition. Shanghai ELE's counsel expressed Shanghai ELE's desire to have the deposition taken in Shanghai or Beijing, as previously discussed between counsel. Shanghai ELE's counsel also has advised Plaintiff's counsel of the travel restriction for ordinary Chinese citizens to go to Hong Kong, and urged Tower's counsel to consider alternative ways to conduct discovery on this limited subject matter, given all the difficulties and expenses on both sides.

**4. Taking the Deposition in Hong Kong will Place Extra Burden on Shanghai ELE**

For ordinary Chinese citizens, going to Hong Kong is not as easy as Plaintiff's counsel portrayed by merely paying a fee to get a travel permit. Ordinary Chinese citizens must go back to their home town to initiate the application process even if they are working in other cities (such as Shanghai). Most people's applications are rejected if they do not have property, relatives or business operations in Hong Kong. There is no assurance that Shanghai ELE's personnel will definitely be granted the travel permit to Hong Kong.

5. **Shanghai ELE Has Agreed to Explore the Possibility of Traveling to Hong Kang**

Shanghai ELE's counsel has cooperated with Tower's counsel in meet and confer about the location of the deposition. Although communication with Shanghai ELE's personnel was difficult during the Chinese New Year holiday season in the last two weeks of February, counsel for Shanghai ELE nonetheless made efforts to reach Shanghai ELE's personnel at home. Shanghai ELE will explore the possibility of getting a travel permit to Hong Kong but cannot guarantee that it can obtain one.

6. **Shanghai ELE Has Answered the Question to Be Covered by the Deposition**

Furthermore, Shanghai ELE has already adequately responded to Tower's previous interrogatories regarding the non-existent "service center". Shanghai ELE indeed does not have a service or support center in the United States and the statement on its website was simply inaccurate. As English is not the native language of the personnel of Shanghai ELE, it is not unlikely that certain content on the English pages of Shanghai ELE's website is not perfectly accurate. If Tower wishes to seek further clarification from the oral deposition, it may do so through alternative means (*e.g.*, further interrogatories).

7. **More Direct Interrogatories May Well Be An Alternative of the Deposition**

Given the limited scope the Court ordered for the deposition, Tower can easily serve very direct written interrogatories of the same questions it plans to ask at the oral deposition. Using written interrogatories appears to be a more sensible alternative solution to this probelm, given (1) the legal issues raised by Tower for taking deposition in China; (2) the extra burden and difficulty placed on Shanghai ELE to go to Hong Kong for the deposition; and (3) the delay to the whole process (related to Shanghai ELE's pending Motion to Dismiss for lack of personal jurisdiction) as a result of forcing the deposition to be taken in Hong Kong.

For the reasons stated above, it is respectfully submitted that Tower's Motion to Compel Compliance should be denied.

Dated: March 6, 2007

Respectfully submitted

DEFENDANT
SHANGHAI ELE MANUFACTURING CORPORATION,

By its attorneys

/S/

Tony D. Chen
Email: tchen@agsk.com
ALSCHULER GROSSMAN LLP
Tony D. Chen
Marshall B. Grossman
William J. O'Brien
1620 26th Street, Suite 4000N
Santa Monica, CA 90404-4060
Telephone: 310.225.9025
Fax: 310.907.2025

tchen@alschuler.com
mgrossman@alschuler.com
wobrien@alschuler.com

Of Counsel:
Jeffrey S. Brenner
Email: jbrenner@nixonpeabody.com
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
Telephone: 401.454.1030
Fax: 401.454.1042

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participate, Bruce W. Gladstone, Esq., at bgladstone@cm-law.com, identified on the Notice of Electronic filing (NEF) and paper copies will be sent via regular mail, postage prepaid to Thomas F. Holt, Esq., Larissa S. Bifano, Esq. and John J. Cotter, Esq., Kirkpatrick & Lockhart Nicholson Graham LLP, State Street Financial Center, One Lincoln Street, Boston, MA 02111-2950 on March 6, 2007.

Jacqueline Spoonts