UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TOWER MANUFACTURING CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SHANGHAI ELE MANUFACTURING CORPORATION,<br><br>Defendant. | Civil Action No. 06-170-S |

**STIPULATED PROTECTIVE ORDER**

Plaintiff Tower Manufacturing Corporation ("Tower") and Defendant Shanghai ELE Manufacturing Corporation ("Shanghai ELE") (collectively, "the parties"), anticipate that discovery in this action will require the production of documents and things and testimony that contains confidential, sensitive, and/or proprietary information requiring protection against unrestricted disclosure and use. In the interest of expediting discovery and limiting disputes regarding access to such information, the parties stipulate that they will provide access to such information under the following terms, subject to the approval of the Court.

**IT IS ORDERED as follows:**

1. This Order shall be applicable to and govern without limitation all information, things, or documents (or portions of such items) produced or disclosed in connection with this action, including, without limitation, responses to document

requests, subpoenas, pleadings, answers to interrogatories, depositions, exhibits, motions, briefs, pretrial orders, stipulations, responses to requests for admissions, and all other discovery taken, including testimony adduced at trial, and matters in evidence before the Court, that any party or any third party who elects to be governed by this Order and who further submits to the jurisdiction of this Court (referred to as the "Designating Party") produces or discloses.

2. The parties recognize that different categories exist, with varying degrees of sensitivity, with respect to information which will be produced in the course of this litigation. For purposes of this Order, such categories shall be designated and treated as follows:

(A) Non-Confidential Information. Non-Confidential Information is information for which the entity producing the information does not assert any sensitivity with respect to its future dissemination. Information so produced will bear no stamp identifying it as subject to this Protective Order and the party receiving it is not in any way restricted in its future dissemination or use.

(B) Confidential Information. Confidential Information is non-public information used in, or pertaining to, an entity's business which that entity takes reasonable efforts to keep confidential or which the entity is otherwise required

to keep confidential by agreement or by law. Such information may include, by way of example and not limitation, financial, marketing, technical, licensing, research and development, or other commercial information.

In designating information as Confidential Information, a party (including third-parties producing such information) will make such designation only as to materials which that party in good faith believes constitute such materials as used by it in, or pertaining to, its business, which material is not generally known and/or which the party would normally not reveal to third parties or would cause third parties to maintain in confidence.

(C) Attorney's Eyes Only Information. Attorney's Eyes Only information is Confidential Information that may only be disclosed or viewed by attorneys or persons authorized to view the information by the attorneys.

3. The term "Protected Information" shall mean all categories of information other than that which is Non-Confidential Information. In this action the categories of Protected Information are Confidential Information and Attorney's Eyes Only Information.

4. Protected Information shall be designated and marked as follows:

(A) Documents: All documents produced in this litigation, whether voluntarily or in response to a discovery

request, Court order, subpoena duces tecum, or a request for admission, as well as any exhibits, motions, briefs, pretrial orders, stipulations, and any information contained in any of the above-mentioned documents, may be designated as Protected Information by placing the following legend, or an equivalent thereof, on any such document prior to production, service, or filing: "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY." Such legend shall be placed on each page containing Protected Information.

(B) Magnetic Media Documents: Where documents are produced in a magnetic media (such as floppy diskette, tape, or digital memory), the disk, cartridge, reel, or medium container shall be marked with the appropriate confidentiality notice as described in ¶4(A) above. To the extent any of the information contained on such media is printed, such printouts shall be marked as described in ¶4(A) above by the printing party.

(C) Physical Exhibits: The confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit designating it "CONFIDENTIAL MATERIAL OF [Designating Party]."

(D) Partial Designations: In the case of information incorporated in answers to interrogatories or in responses to requests for admissions, the appropriate legend shall be placed on each page on which such answer or response is listed.

(E) Deposition Proceedings: Designations of portions, or the entirety, of deposition transcripts (including exhibits) as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" shall be made by a statement to such effect on the record in the course of the deposition, or upon review of such transcript by counsel for the Designating Party within twenty (20) business days after counsel's receipt of the transcript. Upon designation of the transcript on the record during the deposition, that portion of the deposition shall continue only if all persons present for that portion are allowed to have access to said Protected Information under the terms of this Order. The Court Reporter or other person recording the proceedings shall segregate any portion of the transcript of the deposition or hearing which has been stated to contain confidential information and may furnish copies of these segregated portions, in a sealed envelope, only to the deponent as required by law, to the deponent's counsel, to the Court, and to counsel for the parties bound by the terms of this Order.

During the first twenty (20) business days after receipt of a deposition transcript, the transcript shall be treated as Protected Information under the terms of this Order. If the transcript has not been designated as containing Protected Information during the deposition, within twenty (20) business days after receipt of the deposition transcript, counsel shall

make any such designations by sending written notice to the Court Reporter and to counsel for the parties. The notice shall reference this Order and identify the pages and/or exhibits so designated. All copies of transcripts thus designated shall be marked with a notice indicating the confidentiality of the material contained within the transcript and shall be governed by the terms of this Order.

5. Materials Designations

(A) Materials designated "CONFIDENTIAL-ATTORNEY'S EYES ONLY" may be disclosed only to the following persons:

(i) Retained outside counsel of record to any party to this action, and attorneys, legal assistants, and clerical employees working under the supervision of such counsel;

(ii) The parties' independent expert(s), but only to the extent that:

(a) the Designating Party is given notice of the identity and the curriculum vitae of such expert ten (10) business days in advance of the proposed disclosure of Protected Information;

(b) the Designating Party has not, within the ten (10) business day period, objected to disclosure of its Protected Information to such expert; and

(c) the expert has executed the Acknowledgement and Agreement to be bound by the terms of this Order in the form attached as Exhibit A. If an objection is made, no disclosure of said Protected Information shall be made until the parties resolve the matter, the objection is withdrawn, or the Court grants a motion permitting disclosure;

(iii) Any person from whom testimony is taken, provided that (1) such documents or information were authored by, addressed to, or received by such persons or other persons employed by the same entity as such persons, or (2) such documents or information were produced by or obtained from such persons or their employer;

(iv) The Court in this proceeding and Court personnel;

(v) Persons employed by litigation support service companies who are employed to assist said attorneys, such as independent document copiers, graphics artists, and jury consultants, provided that such persons are provided with a copy of this Protective Order and agree not to disclose to others not bound by this Order any Protected Information to which they are given access; and

(vi) Any other person to whom the Designating Party first either

(a) agrees in writing or

(b) agrees on the record during a deposition.

(B) Materials designated “CONFIDENTIAL” may be disclosed only to the following persons:

(i) Any of the persons listed in section 5(A).

(ii) No more than three (3) management level personnel of each party who are authorized by the respective party to supervise and make decisions in this litigation on behalf of such party.

6. When the consent of a party is required for disclosure under this Order, the party from whom consent is required will ensure, before refusing to consent, that it has made a good faith attempt to reach an agreement, including redacting or otherwise limiting the disclosure wherever possible.

7. Each person to whom Protected Information is to be made available under paragraph 5(A)(ii), shall be provided with a copy of this Order and shall first acknowledge in writing that they have reviewed the terms of this Order by executing the ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE TERMS OF THE PROTECTIVE ORDER (“ACKNOWLEDGEMENT”) attached as Exhibit A. Such signed ACKNOWLEDGEMENT shall be retained by counsel for the parties and shall be available for inspection by the Court upon request. Counsel for the Designating Party must be notified in

writing ten (10) business days before any Protected Information is provided or disclosed to any of the persons described in paragraph 5(A)(ii) to enable the Designating Party to object to the disclosure or seek Court intervention. Similar acknowledgements shall be obtained and maintained with respect to Protected Information materials provided by third parties. The persons receiving materials designated Protected Information are prohibited from disclosing such materials, or information contained in the Protected Information materials, to any person, except in conformance with this Order.

8. Each individual, employed by or acting as an independent contractor for a party or its subsidiary, who receives any materials designated as Protected Information agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performances under, compliance with, or violations of this Order.

9. The recipient of any materials designated Protected Information provided under the terms of this Order shall maintain such information and materials in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use, and/or dissemination of such information.

10. Protected Information shall not be made available to any person except as authorized under this Order. Protected

Information may be used only for the purposes of prosecution or defense of claims asserted in this action and for no other purpose whatsoever. In no event shall any person receiving Protected Information use it for commercial or competitive purposes or make any public disclosure of the contents thereof. However, nothing contained in this Order shall affect the right of the Designating Party to disclose information designated solely by the Designating Party under this Order.

11. Protests of the designation of Protected Information will occur only as follows:

(A) If a party believes that material designated Protected Information is not in fact the proper subject for such designation, or should be reclassified or revealed to an individual not otherwise authorized to have access to such material under the terms of this Order, then such party shall provide to the Designating Party written notice of this disagreement with the designation, specifying by page and line number, if possible, the specific material subject to the notice. The party challenging the designation and the Designating Party shall first try to resolve such dispute in good faith.

(B) If the party challenging the designation and the Designating Party are unable to resolve their dispute, then the party challenging the designation may request appropriate relief

from the Court. It shall be the burden of the Designating Party to establish that the contested material is properly designated under this Order. In any event, unless and until a Court ruling is obtained changing a designation, or it is otherwise agreed, the material involved shall be treated according to its designation.

12. Inadvertent Disclosures.

(A) If a Designating Party inadvertently discloses to a receiving party any document, thing, or information containing information that it deems confidential without designating it as Protected Information, the Designating Party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing and the receiving party shall treat the document, thing, or information as Protected Information under this Order. To the extent such document, thing, or information may have been disclosed to persons other than authorized persons described in this Order, the receiving party shall make a reasonable effort to retrieve the document, thing, or information promptly from such persons and to limit any further disclosure to non-authorized persons.

(B) If a Designating Party inadvertently discloses to a receiving party information that is privileged, protected under the work-product doctrine, or otherwise immune from discovery, said Designating Party producing said information

shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and unless a court order deems the privilege or immunity waived, no party to this action shall assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within ten (10) business days of the earliest of (1) discovery by the receiving party of the inadvertent production, or (2) receiving a written request for the return of such item or items of information, except that the receiving party may retain sufficient copies to enable it to challenge the extension of any privilege or immunity over such items or copies. The party having returned such inadvertently produced item or items of information may, without asserting waiver because of inadvertent production, seek production of such documents in accordance with the Federal Rules of Civil Procedure.

13. Submissions of Protected Information to the Court shall only be as follows:

(A) A party who lodges or files any paper, pleading, or exhibit containing, discussing, describing, or constituting Protected Information shall state on the first page of the paper, pleading, or exhibit containing such Protected

Information that it contains Protected Information and is submitted under seal. All documents or papers filed in opposition or reply to any sealed motion or document, which opposition or reply discusses, describes, or quotes any portion of the contents of such sealed motion or document, shall itself be filed under seal.

14. This Order is intended to regulate the handling of Protected Information and documents during the pretrial period of this litigation, but shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties or by order of the Court.

15. Adherence to this Order in no way constitutes an admission by any party that any information provided in this action and not subject to this Order is not proprietary or protected. Conversely, adherence to this Order in no way constitutes an admission by any party that any information provided in this action subject to this Order is proprietary or protected.

16. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person, nor obligate any party or person to provide any discovery to which it asserts objections.

17. None of the restrictions set forth in this Order shall apply to any information which: (1) has been lawfully obtained

by a party before this Order is entered; (2) as a matter of written record was independently developed by the receiving party; (3) is acquired in good faith from a third party who is not a party or an employee or former employee of a party to this action and who has the right to make such disclosure and was not required to hold such information in confidence; or (4) was, is, or becomes public knowledge by means not in violation of the provisions of this Order, and not involving wrongful disclosure by a third party, or a party to this action.

18. Except as provided below, within sixty (60) days after entry of a final, non-appealable judgment concluding this litigation, all originals and copies of Protected Information (other than material provided to the Court or Court personnel) shall be destroyed and a written statement certifying destruction shall be sent to opposing counsel; or alternatively, at the option of the Producing Party and at that party's expense, a party may request all Protected Information it produced be returned for its own disposition. Except for Protected Information included in counsel's work product which is securely stored, all extracts from Protected Information, summaries, and compilations thereof, and all written, graphic, and recorded versions shall be destroyed by each recipient of the material and a certificate of their destruction shall be provided by the Designating Party. The termination of

proceedings in this action shall not relieve the parties from the obligation to maintain the confidentiality of all Protected Information received pursuant to this Order.

19. After the entry of a final, non-appealable judgment concluding this litigation, counsel of record may retain one copy of all Protected Information produced under this Order. Such copy shall be maintained in a secured storage facility and not disclosed to anyone outside of counsel of record’s firm. If a subpoena or other compulsory process is received by counsel of record requesting such Protected Information, counsel of record retaining the copy of Protected Information shall object to the production of the Protected Information based on the obligations of non-disclosure under this Order, and shall notify the Designating Party so that party may intervene if it so chooses and seek protection of its Protected Information in the forum that issued the compulsory process.

20. Nothing in the foregoing provisions of this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of these proceedings or specific documents or testimony as that party may deem appropriate, including but not limited to restrictions on public disclosure or disclosure to competitors.

21. The terms of this Order shall apply to all protected documents or material produced or disclosed by third parties who elect to be governed by this Order and who further submit to the jurisdiction of this Court.

22. Each party reserves the right to apply to the Court to modify the terms of this Order in the event that the party reasonably believes that it is necessary. In the event such application is made, all persons described herein shall be bound by this Order until it is modified by the Court.

**AGREED AND APPROVED AS TO FORM:**

Dated: March 14, 2007

PLAINTIFF
TOWER MANUFACTURING CORP.,

By its attorneys:

s/ Larissa S. Bifano
Bruce W. Gladstone
Email: bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, RI 02903
Tel.: 401.331.5700
Fax: 401.331.5787

John J. Cotter(*pro hac vice)*
Email: johnn.cotter@klgates.com
Larissa S. Bifano(*pro hac vice)*
Email: larissa.bifano@klgates.com
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Tel.: 617.261.3100
Fax: 617.261.3175

Respectfully submitted,

DEFENDANT
SHANGHAI ELE MANUFACTURING CORP.

By its attorneys:

/s Tony D. Chen
Jeffery S. Brenner
Email:jbrenner@nixonpeabody.com
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel.: 401.454.1042
Fax: 401.454.1030

Tony D. Chen(*pro hac vice*)
Email: tchen@agsk.com
ALSCHULER GROSSMAN LLP
1620 26th Street, Suite 4000N
Santa Monica, CA 90404-4060
Tel.: 310.225.9025
Fax: 310.907.2025

ENTERING AS AN ORDER of this Court this ____ day of ______________, 2007.

ENTER:

________________________________

PER ORDER:

________________________________

CERTIFICATE OF SERVICE

I, Larissa S. Bifano, certify that on March 14, 2007, a true and correct copy of STIPULATED PROTECTIVE ORDER was served upon the attached Service List in the manner indicated.

s/ Larissa S. Bifano

**SERVICE LIST**

| | | |
|---|---|---|
| Jeffrey S. Brenner<br>**Nixon Peabody LLP**<br>One Citizens Plaza<br>Providence, RI 02903 | ECF | Local Counsel for Defendant, **Shanghai ELE Manufacturing Corp.** |
| Tony D. Chen<br>**Alschuler Grossman LLP**<br>1620 26th Street, Suite 4000N<br>Santa Monica, CA 90404-4060 | ECF | Counsel for Defendant, **Shanghai ELE Manufacturing Corp.** |
| Bruce W. Gladstone<br>**Cameron & Mittleman LLP**<br>56 Exchange Terrace<br>Providence, RI 02903 | ECF | Local Counsel for Plaintiff, **Tower Manufacturing Corp.** |