UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TOWER MANUFACTURING CORPORATION, :
Plaintiff, :
:
v. : CA 06-170 S
:
SHANGHAI ELE MANUFACTURING :
CORPORATION, :
Defendant. :

**ORDER**
**GRANTING IN PART**
**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

On March 15, 2007, the Court conducted a hearing on Plaintiff Tower's Motion to Compel Discovery (Document ("Doc.") #27) ("Motion") and made the following rulings.

With regard to Shanghai ELE Manufacturing Corporation's objection to the definition of the terms "Defendant" and "you" in Plaintiff's interrogatories and requests for production, the objection is sustained to the extent that the definition of these terms shall not include "predecessors, affiliated or related companies." However, Plaintiff shall be allowed to question Defendant's witness(es) at the Rule 30(b)(6) deposition regarding Defendant's predecessors and affiliated or related companies. Such questioning must be conducted within the confines of the previously established three hour time limit for the deposition.

**Interrogatory No. 1**

The Motion is granted to the extent that Defendant shall answer the interrogatory as modified by the Court and stated below:

> Please identify and provide contact information, including the name, postal and email address, phone number, and contact person of any companies that have purchased or have contracted to purchase LCDIs from

> Shanghai ELE and as to which Shanghai ELE has reason to believe that the LCDIs may ultimately be offered for sale in Rhode Island or the United States.

The Court rejected Plaintiff's argument that Defendant should be required to provide the names of any companies that have purchased or have contracted to purchase LCDIs from Defendant even if Defendant has no reason to believe that the LCDIs may ultimately be offered for sale in Rhode Island or the United States. The Court was unpersuaded by Plaintiff's claim that the LCDIs at issue are designed and manufactured by Defendant for the United States market and that this justifies requiring Defendant to disclose all of its customers to Plaintiff. Plaintiff acknowledged that the LCDIs could be used in Canada and parts of Mexico. In addition, the Court accepted Defendant's argument that U.S. standards reflect a high level of quality and that a manufacturer, such as Defendant, can adopt those standards as a way of insuring that the product it produces is of high quality without necessarily intending that the product be sold in the United States.

**Interrogatory No. 2**

The Motion is granted to the extent that Defendant shall answer the interrogatory as modified by the Court and stated below:

> Please identify and provide contact information, including the name, postal and email address, phone number, and contact person of any companies that have distributed or distribute products in the United States or the State of Rhode Island, where those products contain an LCDI manufactured by Shanghai ELE.

The Court noted that the answer provided by Defendant to Interrogatory No. 2 as originally drafted by Plaintiff was limited to products containing an LCDI manufactured by Defendant

being distributed into the "State of Rhode Island ...." This is insufficient. Defendant must also answer regarding such products being distributed into the United States. It may be that Defendant has no knowledge of such companies or products notwithstanding the wider geographical scope of the question. However, if Defendant has reason to believe a company has in the past or is now distributing into the United States one or more products containing an LCDI manufactured by Defendant, it must provide this information. Absolute certainty is not required. The standard which Defendant is to apply is "reason to believe."

**Interrogatory No. 3**

The Motion is granted. Defendant is to answer the interrogatory as it is written. The Court pointed out to Defendant that the interrogatory contains the phrase "in the United States" followed thirteen words later by the phrase "in the State of Rhode Island" and that Defendant's answer did not track this language, but instead used the phrase "in the State of Rhode Island" followed by the phrase "in Rhode Island."

As to this interrogatory, Defendant is only required to identify companies in the United States which it has reason to believe: a) carry a product containing an LCDI manufactured by Defendant and b) have a facility in Rhode Island. It is not necessary that Defendant have reason to believe that the product containing the LCDI is sold or located at the Rhode Island facility. It is only necessary that Defendant have reason to believe that the company carries, somewhere in the United States, a product containing the LCDI and that the company has a facility in Rhode Island.

**Interrogatory No. 7**

The Motion is denied.

**Request for Production No. 3**

The Motion is granted to the extent that Defendant shall answer the request for production as modified by the Court and stated below:

> All documents and things referring or relating to any companies who have purchased or contracted to purchase LCDIs from Shanghai ELE, including all contracts and communications relating to those purchases, and as to which companies Shanghai ELE has reason believe the company is shipping LCDIs into Rhode Island or the United States.

**Request for Production No. 4**

The Motion is granted to the extent that Defendant shall answer the request for production as modified by the Court and stated below:

> All documents and things referring or relating to any companies who distribute products into the United States and the State of Rhode Island, where those products include an LCDI manufactured or sold by Shanghai ELE, and Shanghai ELE has reason to believe that such products are distributed into the United States and/or the State of Rhode Island.

**Request for Production No. 5**

The Motion is granted. The Court pointed out to Defendant that the request for production contains the phrase "in the United States" followed thirteen words later by the phrase "in the State of Rhode Island" and that Defendant's answer did not track this language, but instead used the phrase "in the State of Rhode Island" followed by the phrase "in Rhode Island."

_____As to this request for production, Defendant is only required to produce documents and things referring to companies in the United States which it has reason to believe: a) carry a product containing an LCDI manufactured by Defendant and b) have

a facility in Rhode Island. It is not necessary that Defendant have reason to believe that the product containing the LCDI is sold or located at the Rhode Island facility. It is only necessary that Defendant have reason to believe that the company carries, somewhere in the United States, a product containing the LCDI and that it has a facility in Rhode Island.

**Request for Production No. 9**

The Motion is granted to the extent that Defendant shall answer the request for production as modified by the Court and stated below:

> All documents and things referring or relating to any distribution channels that Defendant has reason to believe could result in a Shanghai ELE LCDI being sold as part of a product in Rhode Island, including all LCDI customers, and the customers, distributors, agents, wholesalers, and retailers of those LCDI customers, and information on any restrictions against such sales.

**Request for Production No. 10**

The Motion is granted to the extent that Defendant shall answer the request for production as modified by the Court and stated below:

> All documents and things referring or relating to any restrictions or limitations placed on the distribution, sale, or use of any Shanghai ELE LCDI which would tend to show the product is intended for use in the United States.

**Request for Production No. 11**

The Motion is granted to the extent that Defendant shall answer the request for production as modified by the Court and stated below:

> All instructions and manuals that describe or concern

> the installation, shipping, operation, use, repair, or replacement of any Shanghai ELE LCDI which would tend to show that the product is intended for use in the United States.

**Request for Production No. 12**

The Motion is granted to the extent that Defendant shall answer the request for production as modified by the Court and stated below:

> All documents and things referring or relating to any warranties Shanghai ELE provides or has provided relating to its LCDIs which would tend to show that the product is intended for use in the United States.

**SUMMARY AND TIME FOR COMPLIANCE**

To the extent that the above rulings do not grant the Motion, the Motion is denied. Defendant shall supplement its responses to the above interrogatories and requests for production within thirty (30) days of the date of this Order.

So Ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
March 16, 2007