UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TOWER MANUFACTURING CORPORATION,<br><br>Plaintiff,<br>v.<br><br>SHANGHAI ELE MANUFACTURING CORPORATION,<br><br>Defendant. | Civil Action No. 06-170S-DLM |

**TOWER'S MOTION FOR SANCTIONS FOR SHANGHAI ELE'S FAILURE TO COMPLY WITH DISCOVERY ORDERS**

Pursuant to Federal Rule of Civil Procedure 37, Tower moves for sanctions for the reasons set forth in the attached Memorandum.

Dated: June 6, 2007

Respectfully submitted,

PLAINTIFF
TOWER MANUFACTURING CORP.,

By its attorneys:

s/ Bruce W. Gladstone

John J. Cotter (*pro hac vice*)
Larissa S. Bifano (*pro hac vice*)
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
E-mail: john.cotter@klgates.com
E-mail: Larissa.bifano@klgates.com
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Tel.: 617.261.3100
Fax: 617.261.3175

Bruce W. Gladstone (#2643)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, RI 02903
Tel.: 401.331.5700
Fax: 401.331.5787
E-mail: bgladstone@cm-law.com

**CERTIFICATE OF CONFERENCE**

As reflected in paragraph 6 and throughout the accompanying Memoradum, I certify that I have communicated with Shanghai ELE's counsel on several occasions to resolve Shanghai ELE's compliance with the March 16 Discovery Order. Additionally, Mr. Cotter and I spoke with counsel for Shanghai ELE on June 5, 2007 to resolve the issues raised by this motion, but were unable to reach an agreement that included Shanghai ELE's payment for Tower's discovery costs and compliance with all of the discovery orders and requests referenced in this motion.

s/ Larissa Bifano________

# CERTIFICATE OF SERVICE

I, Larissa Bifano, certify that on June 6, 2007, a true and correct copy of TOWER'S MOTION FOR SANCTIONS FOR SHANGHAI ELE'S FAILURE TO COMPLY WITH DISCOVERY ORDERS was served upon the attached Service List in the manner indicated.

s/ Larissa Bifano

______________________________

# SERVICE LIST

| | | |
|---|---|---|
| Jeffrey S. Brenner<br>**Nixon Peabody LLP**<br>One Citizens Plaza<br>Providence, RI 02903 | ECF | Local Counsel for Defendant,<br>**Shanghai ELE Manufacturing Corp.** |
| Tony D. Chen<br>**Bingham McCutchen LLP**<br>1620 26th Street, Suite 4000N<br>Santa Monica, CA 90404-4060 | ECF | Counsel for Defendant,<br>**Shanghai ELE Manufacturing Corp.** |
| Bruce W. Gladstone<br>**Cameron & Mittleman LLP**<br>56 Exchange Terrace<br>Providence, RI 02903 | ECF | Local Counsel for Plaintiff,<br>**Tower Manufacturing Corp.** |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TOWER MANUFACTURING CORPORATION,<br><br>Plaintiff,<br>v.<br><br>SHANGHAI ELE MANUFACTURING CORPORATION,<br><br>Defendant. | Civil Action No. 06-170S-DLM |

**MEMORANDUM IN SUPPORT OF TOWER'S MOTION FOR SANCTIONS FOR SHANGHAI ELE'S FAILURE TO COMPLY WITH DISCOVERY ORDERS**

Since December 2006, Plaintiff Tower Manufacturing Corporation has been seeking discovery from defendant Shanghai ELE on personal jurisdiction issues in order to respond to Shanghai ELE's Motion to Dismiss. Unfortunately, Shanghai ELE has elected to stonewall discovery and ignore the Court's discovery Orders issued after Tower's two prior motions to compel. As such, Tower has spent significant legal fees and effort, both obtaining the discovery orders in the first place and now seeking compliance with them. Filing another motion to compel seems pointless, leaving Tower with little choice but to move for Rule 37 sanctions.

The following facts justify sanctions:

1. The Court denied Shanghai ELE's first effort to block discovery via a Motion for Protective Order, and ordered a Rule 30(b)(6) Deposition of Shanghai ELE "to explain how it is that [Shanghai ELE] state[s] on its web site [Shanghai ELE has] a customer support center and yet [Shanghai ELE] state[s] in [its] answers to interrogatories that [it does] not have a customer support center." (January 22, 2007 Hr'g Tr. 27:13-17, Dkt. No. 38; see also February 5, 2007 Order, Dkt. No. 40 ("Feb. 5 Order")).

2. Shanghai ELE then refused to appear in Hong Kong for the deposition. Tower moved to compel compliance with the Feb. 5 Order. (Dkt. No. 44). The Court granted Tower's motion, noting that "[t]he Court wishes the deposition to take place as soon as possible. Defendant is to proceed expeditiously." (March 16, 2007 Order Granting Motion to Compel Compliance, Dkt. No. 50, at 1 ("March 16 Compliance Order")). Shanghai ELE then waited a month before applying for a permit to travel to Hong Kong. (See April 20, 2007 e-mail from Shanghai ELE's Counsel, Exhibit A).

3. Similarly, Shanghai ELE did not respond in detail to Tower's discovery responses, forcing Tower (after multiple attempts to negotiate a resolution) to file a motion to compel. (Dkt. No. 37). The Court substantially granted

Tower’s requests. (March 16, 2007 Order Granting in Part Plaintiff’s Motion to Compel Discovery, Dkt. No. 49 (“March 16 Discovery Order”)).

4. In its March 16 Discovery Order, the Court noted that if Shanghai ELE

> has reason to believe a company has in the past or is now distributing into the United States one or more products containing an LCDI manufactured by [Shanghai ELE], it must provide this information. Absolute certainty is not required. The standard which [Shanghai ELE] is to apply is “reason to believe.” (March 16 Discovery Order at 3).

For example, if Shanghai ELE “sells to a Japanese company and that Japanese company distributes the product into the United States then [Shanghai ELE] would be required to disclose that.” (March 15, 2007 Hr'g Tr. 23:14-17, Dkt. No. 54). Additionally, the Court noted that “[t]here is not to be any willful blindness here.” (Id. at 26:12-13).

5. Shanghai ELE and its attorney, Tony Chen, have stated numerous times that Shanghai ELE sells its LCDIs to air conditioner manufacturers, such as Korean manufacturer LG. “The manufacturers then assembled their air conditioner products with the LCDI device as a component part. The air conditioners were then exported to and sold in the United States as whole units…” (Shanghai ELE’s Motion to Dismiss,

Dkt. No. 13 at 3; Declaration of Long Zhang, Dkt. No. 14 at 3; Shanghai ELE's Motion for Protective Order, Dkt. No. 22 at 2; see also January 22, 2007 Hr'g Tr. 5:9-11). However, Shanghai ELE has only provided contact information and documents for Friedrich Air Conditioning Co. and Fedders Co.

6. Shanghai ELE then failed to comply with the Court's March 16 Discovery Order, as neither of Tower's counsel was served with ELE's responses by their due date of April 16, 2007. After Tower notified Shanghai ELE of its lack of compliance, on April 20, 2007 Shanghai ELE's counsel e-mailed the responses with 84 pages of documents to Tower's counsel, with each response bearing a certificate of service by mail on April 13, 2007.[1] (Shanghai ELE's Discovery Responses (not including documents produced), Ex. B.). On April 30, 2007, Tower wrote to Shanghai ELE to specify certain deficiencies in Shanghai ELE's responses and production, and requested Shanghai ELE's supplementation in full compliance with the March 16 Discovery Order. (See Tower's April 30, 2007 Letter, Ex. C). At Shanghai ELE's request, Tower extended Shanghai

[1] As of today, neither of Tower's Rhode Island or lead counsel has received in the mail copies of the responses.

ELE's supplementation deadline to May 11, 2007, but when Shanghai ELE did not respond by May 16, 2007, Tower again requested a response from Shanghai ELE. (See Tower's May 16, 2007 Letter, Ex. D). Shanghai ELE's counsel replied six days later, claiming that he would discuss supplementation with Shanghai ELE during the upcoming weekend. (May 22, 2007 e-mail from Shanghai ELE's counsel, Ex. E).

7. Tower also sought discovery from third parties in order to obtain the information that Shanghai ELE refused to provide. (23:9-12). Tower served subpoenas on Benny's, Inc., Esmond, RI; Underwriter's Laboratories Inc., Northbrook, IL; Wal-Mart Stores, Inc., Bentonville, AK; The Home Depot, Inc., Atlanta, GA; and U.S. Natural Resources d/b/a Friedrich Air Conditioning Co., San Antonio, TX. Then Shanghai ELE involved itself in third party discovery as well, by making representations to Friedrich that Shanghai ELE would produce certain documents so as to obviate any need for Friedrich to produce similar documents. As a result, once again Tower had to move to compel, this time in the Western District of Texas against Friedrich. Judge Orlando Garcia there agreed with Tower, noting that "[w]hile the Court does not doubt the

representations of Friedrich's attorney, Mr. Chen's representations are not proof that Shanghai ELE will satisfy Requests 1 & 2." (See May 18, 2007 Order, Ex. F). Judge Garcia then ordered the third party, Friedrich, to produce documents responsive to Tower's subpoena. Id.

8. Tower attempted to depose Mr. Barkley Bao of Shanghai ELE on June 1, 2007 (HK time) pursuant to the Court's Feb. 5 Order and March 16 Compliance Order. Because of lengthy interruptions by Shanghai ELE counsel[2] (Shanghai ELE's counsel spoke for 31.75% of the deposition[3]), instructions not to answer[4], stonewalling by the witness[5], the witness's

[2] Shanghai ELE's counsel engaged in speaking objections, colloquies and coaching the witness throughout the deposition, consuming 635 lines out of 2,000 lines of the first 80 pages of the 82 page draft deposition transcript (Ex. G) used for this analysis.

[3] For comparison purposes, the witness provided answers to Tower's questioning attorney for 217 lines, the questioning attorney for Tower spoke for 574 lines, Tower's local Hong Kong attorney for 54 lines, the interpreter spoke for 118 lines, the videographer spoke for 22 lines, and the court reporter spoke for 7 lines.

[4] Despite the lack of a privilege or trade secret ground, Shanghai ELE's counsel instructed the witness not to answer five questions. (See June 1, 2007 Deposition Tr. ("Depo. Tr.") at 9:2-3, 15:14-17, 20:14-15, 35:20-25 (witness refused to answer question because of Mr. Chen's objection), 38:9-11, 40:19-20.

[5] Throughout the deposition, Mr. Bao consumed 98 lines stating that the question is outside the scope for which he was present to testify (Depo. Tr. at 18:16, 19-20, 23-25; 19:1-5; 70:15-25; 71:1-4; 35:23-25), instructing Tower's attorney on how to take a deposition (Id. at 48:7-15; 70:15-25; 71:1-4;; 50:17-23; 49:19-24), and testifying that he could not identify the companies

lack of knowledge of the 30(b)(6) deposition topics,[6] and numerous alleged translation problems[7], Tower was unable to obtain information from the witness on the two deposition topics, even though Shanghai ELE extended the deposition beyond the three hour time limit proposed by the Court[8]. Specifically, Tower was unable to determine, because of the above-referenced tactics:

a. Whether or not Mr. Bao's job extended to locations other than Shanghai, China. Depo. Tr. at 7:19.

---

listed on Shanghai ELE's website because the website only listed trademarks, not company names (Id. 67:14-21).

[6] Mr. Bao testified that as the marketing manager, he did not know about the ownership of Shanghai ELE (35:8-16; 47:13-17) or who was involved in the preparation of the website (61:4-5, 7-9). Additionally, Mr. Chen's objections prevented the witness from answering direct questions on Shanghai ELE's customer service center in America. (Id. at 31:9-32:4).

[7] Mr. Chen engaged in lengthy colloquies on the terms "affiliated" for 51 lines (45:5-9, 14-18; 46:4-8; 51:24-25; 52:1, 3-13, 19-21; 53:1-13, 25; 54:1-4) and "customer" for 62 lines (68:19-25; 69:24-25; 73:25; 74:1-2; 5-19; 24-25, 75:1-10; 18-25, 76:1-16). Mr. Chen also objected to the translations of the terms "physical locations" for 6 lines (14:6-11), "caution" for 7 lines (27:13-14, 16-18, 21-22), "before" for five lines (34:20-24), and "confused" (42:18-19).

[8] The above-listed tactics are sanctionable under Rule 37. Calzatuficio S.C.A.R.P.A. S.P.A. v. Fabiano Shoe Co., Inc., 201 F.R.D. 33, 39-41 (D. Mass. 2001).

b. Whether or not Mr. Bao had any information on Shanghai ELE's statement regarding a customer service center on its website. Id. at 31:9-32:4.

c. The names of the customers to whom Shanghai ELE provides support. Id. at 62: 19-25; 64:8-25; 67:14-21.

d. Whether or not any of Shanghai ELE's customers were located in America. Id. at 69:22-23.

e. Whether or not Shanghai ELE had provided any customer support to customers in America. Id. at 73:9-10.

In short, Shanghai ELE's tactics have forced Tower to defend one discovery motion and prosecute three others in two jurisdictions, just to attempt (unsuccessfully) to obtain from Shanghai ELE the jurisdictional discovery to which Tower is entitled. For the foregoing reasons, Tower requests:

A. That the Court issue an order precluding Shanghai ELE from providing evidence contrary to the following[9]:

[9] Rule 37(b)(2)(A) permits the Court to issue "[a]n order that the matters regarding which the [discovery] order was made or any of designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order." Additionally, under Rule 30(b)(6) the defendant has an obligation to prepare its designee to give binding answers. If the designee is unable to do so, the

a. Shanghai ELE sells and has sold LCDIs to the following companies, which provide air conditioners having Shanghai ELE LCDI products to the U.S. market: Daewoo International, Haier Co. Ltd., Samsung, Fedders Corp. (located in Shanghai, China and Liberty Corner, NJ), LG Electronics, and Midea America (manufacturer of Everstar air conditioners).

b. Air conditioners with Shanghai ELE LCDIs are sold at The Home Depot, Inc. retail locations throughout the United States and in Rhode Island.

c. Shanghai ELE obtained UL certification so as to permit its LCDI's to be used and sold in the United States.

d. Shanghai ELE's use on its LCDI products of standard National Electrical Manufacturers Association ("NEMA") connectors, used only in North America, shows that Shanghai ELE intended that its LCDI products be used in the United States.

---

defendant cannot introduce evidence at trial regarding information or facts that it refused to provide at the deposition. Ieradi v. Lorillard, Inc., 1991 WL 158911 *3 (E.D.Pa. Aug. 13, 1991).

e. Shanghai ELE’s English website shows that Shanghai ELE’s products are intended for use in the United States.

f. The printed English words on Shanghai ELE’s LCDI product show that Shanghai ELE intended that is LCDI products be used in the United States.

g. Mr. Bao performed his duties as Shanghai ELE’s marketing manager in locations other than Shanghai, China, including the United States.

h. Mr. Bao discussed the sales of LCDIs with other people in the industry, including all the companies listed on its website.

i. Mr. Bao and his employees are responsible for marketing Shanghai ELE’s LCDI products to the United States.

j. Shanghai ELE has a customer support center located in America.

k. Shanghai ELE sells its LCDI products to customers located in America.

l. Shanghai ELE has provided customer support for its LCDIs, including technical support, business support,

transport support, delivery support and storage support to LCDI customers in America.

B. A Court order requiring Shanghai ELE to reimburse Tower for Tower's reasonable attorneys' fees and costs expended in preparing and prosecuting this motion.

C. A Court order requiring Shanghai ELE to reimburse Tower for Tower's reasonable attorneys' fees and costs expended in preparing and prosecuting Tower's two prior motions to compel in this Court.

D. A Court order requiring Shanghai ELE to reimburse Tower for Tower's reasonable costs and attorneys' fees expended in pursuing third party discovery. Fashion House, Inc. v. K Mart Corp., 124 F.R.D. 15, 17-19 (D. R.I. 1988).

E. Any other relief the Court deems necessary.[10]

[10] Under Rule 37(b)(2)(A), a court may find that it has personal jurisdiction over the defendant as a sanction for failure to comply with discovery orders. Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxutes de Guinee, 456 U.S. 694 (1982). (Supreme Court upheld the district court's finding of personal jurisdiction over the foreign defendant as a sanction for discovery abuses.)

Dated: June 6, 2007

Respectfully submitted,

PLAINTIFF
TOWER MANUFACTURING CORP.,

By its attorneys:

s/ Bruce W. Gladstone

John J. Cotter (*pro hac vice*)
Larissa S. Bifano (*pro hac vice*)
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
E-mail: john.cotter@klgates.com
E-mail: Larissa.bifano@klgates.com
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Tel.: 617.261.3100
Fax: 617.261.3175

Bruce W. Gladstone (#2643)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, RI 02903
Tel.: 401.331.5700
Fax: 401.331.5787
E-mail: bgladstone@cm-law.com

## CERTIFICATE OF SERVICE

I, Larissa Bifano, certify that on June 6, 2007, a true and correct copy of MEMORANDUM IN SUPPORT OF TOWER'S MOTION FOR SANCTIONS FOR SHANGHAI ELE'S FAILURE TO COMPLY WITH DISCOVERY ORDERS was served upon the attached Service List in the manner indicated.

s/ Larissa Bifano

## SERVICE LIST

| | | |
|---|---|---|
| Jeffrey S. Brenner<br>**Nixon Peabody LLP**<br>One Citizens Plaza<br>Providence, RI 02903 | ECF | Local Counsel for Defendant,<br>**Shanghai ELE Manufacturing Corp.** |
| Tony D. Chen<br>**Bingham McCutchen LLP**<br>1620 26th Street, Suite 4000N<br>Santa Monica, CA 90404-4060 | ECF | Counsel for Defendant,<br>**Shanghai ELE Manufacturing Corp.** |
| Bruce W. Gladstone<br>**Cameron & Mittleman LLP**<br>56 Exchange Terrace<br>Providence, RI 02903 | ECF | Local Counsel for Plaintiff,<br>**Tower Manufacturing Corp.** |