# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS, SAN ANTONIO DIVISION

FILED
MAY 2 1 2007
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ______ DEPUTY CLERK

TOWER MANUFACTURING CORP., Plaintiff, § v. § SHANGHAI ELE MANUFACTURING CORP., Defendant. §

CAUSE NO. SA-07-MC-262-OG

## ORDER

Before the Court is Tower Manufacturing Corp.'s motion to compel the compliance of Friedrich Air Conditioning & Refrigeration Co. with a subpoena duces tecum. Tower, a Rhode Island manufacturer of electrical devices, sued Shanghai ELE, a Chinese manufacturer of electrical devices called leakage current detection interruption ("LCDI") devices, for infringement of U.S. Patent No. 6,738,241 in Rhode 1sland.

After Shanghai ELE moved to dismiss for lack of personal jurisdiction, Tower served interrogatories and document requests on Shanghai ELE seeking information relating to Shanghai ELE's direct and indirect contacts with Rhode Island and, in accordance with FED. R. CIV. P. 4(k)(2), with the United States. Shanghai ELE limited its interrogatory responses to direct contacts with Rhode Island and did not produce any documents. Tower moved to compel. On March 16, 2007, Magistrate Judge David L. Martin modified, but largely granted, all but one of Tower's requests, ordering that Shanghai ELE "must answer regarding [LCDIs] being distributed into the United States."

This subpoena duces tecum arises because Tower has sought discovery from members of Shanghai ELE's United States distribution channel, including Friedrich. On February 2, 2007,

Tower served a Rule 45 subpoena on Friedrich. Friedrich is a manufacturer of air conditioners and it is undisputed that it uses LCDIs manufactured by Shanghai ELE, among others, in those air conditioners. Tower seeks information from Friedrich relating to its contacts with Shanghai ELE involving Shanghai ELE's LCDIs and Friedrich's use of those LCDIs. The subpoena requests production of Friedrich's documents relating to purchases, importation, use, and distribution of LCDI devices from Shanghai ELE to establish minimum contacts either directly or indirectly with Rhode Island under a stream of commerce theory, or sufficient contacts with the United States under FED. R. CIV. P. 4(k)(2).[1]

Friedrich objects to the motion to compel. First, regarding the documents requested in paragraphs 1 and 2 of exhibit A to the subpoena ("Requests 1 & 2"), Friedrich argues the requested information is in the possession of Shanghai ELE and can be obtained from it.

---

[1] Exhibit A to the subpoena would require Friedrich:

> to provide documents and information, dated January 1,2002 or later, with respect to the following subjects:
>
> 1. All documents relating to any purchases of Leakage Current Detection Interruption ("LCDI") devices manufactured by Shanghai ELE Manufacturing Corporation ("Shanghai ELE"), including but not limited to communications and negotiations between Shanghai ELE and Friedrich Air Conditioning Co. ("Friedrich"), contracts for the sale and purchase of LCDIs, purchase orders, invoices, and bills of lading.
> 2. All documents relating to the importation of Shanghai ELE LCDIs into the United States.
> 3. All documents relating to the use of Shanghai ELE LCDIs for Friedrich air conditioners, including but not limited documents relating to the make, model, serial number and BTU rating of Friedrich air conditioners containing Shanghai ELE LCDIs.
> 4. All documents relating to distributors and retailers located in the United States who purchase, have purchased, or have agreed to purchase air conditioners from Friedrich containing Shanghai ELE LCDIs, including hut not limited to purchase orders, invoices, bills of lading, contracts, and communication.

Friedrich's lawyer states that he spoke with Shanghai ELE's lawyer, Tony Chen, who told Friedrich's lawyer that he was responding to Tower's pending discovery requests in the Rhode Island case and that these responses would cover Requests 1 & 2. While the Court does not doubt the representations of Friedrich's attorney, Mr. Chen's representations are not proof that Shanghai ELE will satisfy Requests 1 & 2. According to representations by Tower, Shanghai has not yet produced any information in response to the order granting Tower's motion to compel. Nor has Friedrich offered any authority for the proposition that Tower is not entitled to discovery from third parties if it might duplicate what it receives from parties to the case. Therefore, Friedrich shall produce documents responsive to Requests 1 & 2.

Friedrich argues that it does not have the information requested in paragraphs 3 and 4 of subpoena exhibit A ("Requests 3 & 4"). Friedrich states that it purchases LCDIs from three different manufacturers, and it does not record which manufacturer's LCDIs go into its air conditioners. Thus, it is impossible for Friedrich to determine which manufacturer's LCDI is in any particular air conditioner.

The information sought, however, is broader than Friedrich indicates. Request 3, at least, relates to *any* use of Shanghai ELE's LCDIs. Request 4 is more problematic, given Friedrich's failure to record which of its air conditioners contain Shanghai ELE's LCDIs. If Friedrich keeps no such records, it may have no documents concerning which distributors and retailers have purchased Friedrich air conditioners containing Shanghai ELE's LCDIs. Nevertheless, Friedrich shall produce the documents it has that are responsive to Requests 3 & 4.

Finally, Friedrich argues that the First Circuit in which Rhode Island is located has not adopted the stream of commerce theory. It is Federal Circuit law, however, not that of the First

Circuit, that applies to issues of personal jurisdiction in patent cases, and the Federal Circuit has found jurisdiction in cases like this one. Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1564-66 (Fed. Cir. 1994).

Friedrich also indicates that any information it produces is confidential. Production under the subpoena duces tecum is protected under the stipulated protective order in the parent case (a copy of which is attached to Tower's motion to compel as Exhibit H), which by its terms applies to third parties. The protective order will protect Friedrich's information from disclosure.

For these reasons, Tower's motion to compel is GRANTED. Friedrich shall produce the documents requested which it possesses within ten business days of this order.

SIGNED this 18 day of May, 2007.

ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE