# EXHIBIT K

# MOTION FOR SANCTIONS

DRAFT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TOWER MANUFACTURING CORPORATION,<br>Plaintiff,<br>v.<br>SHANGHAI ELE MANUFACTURING CORPORATION,<br>Defendant. | Civil Action No. 06-170S-DLM |

**TOWER'S MOTION TO HOLD SHANGHAI ELE IN CONTEMPT AND FOR SANCTIONS FOR FAILURE TO COMPLY WITH DISCOVERY ORDERS**

Since December 2006, Plaintiff Tower Manufacturing Corporation has been seeking information from Shanghai ELE on narrow personal jurisdiction issues, in order to respond to Shanghai ELE's Motion to Dismiss. Unfortunately, Shanghai ELE has elected to stonewall discovery and ignored the Court's discovery Orders issued after Tower's two prior motions to compel. As such, Tower has spent significant legal fees and effort, both obtaining the discovery orders in the first place and now seeking compliance with them. Filing another motion to compel seems pointless, leaving Tower with little choice but to move to hold Shanghai ELE in contempt and seek Rule 37 sanctions.

DRAFT

The following facts support holding Shanghai ELE in contempt and justify sanctions:

1. The Court denied Shanghai ELE's first effort to block discovery via a Motion for Protective Order, and ordered a Rule 30(b)(6) Deposition of Shanghai ELE "to explain how it is that [Shanghai ELE] state[s] on its web site [Shanghai ELE has] a customer support center and yet [Shanghai ELE] state[s] in [its] answers to interrogatories that [it does] not have a customer support center." (January 22, 2007 Hr'g Tr. 27:13-17, Dkt. No. 38; see also February 5, 2007 Order, Dkt. No. 40 ("Feb. 5 Order")).

2. Shanghai ELE then refused to appear in Hong Kong for the deposition. Tower moved to compel compliance with the Feb. 5 Order. (Dkt. No. 44). The Court granted Tower's motion, noting that "[t]he Court wishes the deposition to take place as soon as possible. Defendant is to proceed expeditiously." (March 16, 2007 Order Granting Motion to Compel Compliance, Dkt. No. 50, at 1 ("March 16 Compliance Order")). Shanghai ELE then waited a month before applying for a permit to travel to Hong Kong. (See April 20, 2007 e-mail from Shanghai ELE's Counsel, Exhibit A).

3. Similarly, Shanghai ELE did not respond in detail to Tower's discovery responses, forcing Tower (after multiple

DRAFT

attempts to negotiate a resolution) to file a motion to compel. (Dkt. No. 37). The Court substantially granted Tower's requests. (March 16, 2007 Order Granting in Part Plaintiff's Motion to Compel Discovery, Dkt. No. 49 ("March 16 Discovery Order")).

4. In its March 16 Discovery Order, the Court noted that if Shanghai ELE

> has reason to believe a company has in the past or is now distributing into the United States one or more products containing an LCDI manufactured by [Shanghai ELE], it must provide this information. Absolute certainty is not required. The standard which [Shanghai ELE] is to apply if "reason to believe." (March 16 Discovery Order at 3).

For example, if Shanghai ELE "sells to a Japanese company and that Japanese company distributes the product into the United States then [Shanghai ELE] would be required to disclose that." (March 15, 2007 Hr'g Tr. 23:14-17, Dkt. No. 54). Additionally, the Court noted that "[t]here is not to be any willful blindness here." (Id. at 26:12-13).

5. Shanghai ELE and its attorney, Tony Chen, have stated numerous times that Shanghai ELE sells its LCDIs to air conditioner manufacturers, such as Korean manufacturer LG. "The manufacturers then assembled their air conditioner products with the LCDI device as a component part. The air

DRAFT

conditioners were then exported to and sold in the United States as whole units…" (Shanghai ELE's Motion to Dismiss, Dkt. No. 13 at 3; Declaration of Long Zhang, Dkt. No. 14 at 3; Shanghai ELE's Motion for Protective Order, Dkt. No. 22 at 2; see also January 22, 2007 Hr'g Tr. 5:9-11).

6. Shanghai ELE then failed to comply with the Court's March 16 Discovery Order, as neither of Tower's counsel received ELE's responses by their due date of April 16, 2007. After notifying Shanghai ELE of its lack of compliance, Shanghai ELE's counsel e-mailed the responses and documents to Tower's counsel on April 20, 2007, bearing a certificate of service by mail of April 13, 2007.[1] (Shanghai ELE's Discovery Responses (not including documents produced), Ex. B.). On April 30, 2007, Tower wrote to Shanghai ELE to specify the deficiencies of Shanghai ELE's responses and production, and requested Shanghai ELE's supplementation by full compliance with the March 16 Discovery Order. (See Tower's April 30, 2007 Letter, Ex. C). At Shanghai ELE's request, Tower extended Shanghai ELE's supplementation deadline to May 11, 2007, but when Shanghai ELE did not respond by May 16, 2007, Tower again requested a response

[1] As of today, neither of Tower's Rhode Island or lead counsel has received mailed copies of the responses.

DRAFT

from Shanghai ELE. (See Tower's May 16, 2007 Letter, Ex. D). Shanghai ELE's counsel replied six days later, claiming that he would discuss supplementation with his client during the upcoming weekend. (May 22, 2007 e-mail from Shanghai ELE's counsel, Ex. E).

7. Tower also sought discovery from third parties, as Shanghai ELE's counsel suggested at the January 22, 2007 Hearing. (23:9-12). Shanghai ELE involved itself in that discovery as well, by making representations to third parties that Shanghai ELE would produce certain documents. Once again, Tower had to move to compel, this time in the Western District of Texas. Judge Orlando Garcia agreed with Tower, noting that "[w]hile the Court does not doubt the representations of Friedrich's attorney, Mr. Chen's representations are not proof that Shanghai ELE will satisfy Requests 1 & 2." (See May 18, 2007 Order, Ex. F). Judge Garcia ordered the third party, Friedrich, to produce documents responsive to Tower's subpoena. Id.

For the foregoing reasons Tower requests a Court order requiring Shanghai ELE to:

A. Supplement its document production and interrogatory responses as requested in Tower's April 30, 2007 Letter.

DRAFT

B. Reimburse Tower for its attorneys' fees and costs expending in preparing and prosecuting this motion.

C. Reimburse Tower for its attorneys' fees and costs expending in preparing and prosecuting Tower's two prior motions to compel in this Court.

D. Any other relief the Court deems necessary.

Dated: May 25, 2007

Respectfully submitted,

PLAINTIFF
TOWER MANUFACTURING CORP.,

By its attorneys:

s/ Larissa Bifano

John J. Cotter (*pro hac vice*)
Larissa S. Bifano (*pro hac vice*)
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
E-mail: jcotter@klgates.com
E-mail: lbifano@klgates.com
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Tel.: 617.261.3100
Fax: 617.261.3175

Bruce W. Gladstone (#2643)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, RI 02903
Tel.: 401.331.5700
Fax: 401.331.5787
E-mail: bgladstone@cm-law.com

DRAFT

**CERTIFICATE OF CONFERENCE**

As reflected in paragraph 6 and throughout the Motion, I certify that I have communicated with Shanghai ELE's counsel on several occasions to resolve Shanghai ELE's compliance with the March 16 Discovery Order. Additionally, I attempted to confer with Shanghai ELE's counsel on May 25, 2007 regarding the merits of this motion by telephone and by e-mailing a draft of this motion to Shanghai ELE's counsel. However, I was unable to reach him.

s/ Larissa Bifano

DRAFT

**CERTIFICATE OF SERVICE**

I, Larissa Bifano, certify that on May 23, 2007, a true and correct copy of TOWER'S MOTION TO HOLD SHANGHAI ELE IN CONTEMPT AND FOR SANCTIONS FOR FAILURE TO COMPLY WITH DISCOVERY ORDERS was served upon the attached Service List in the manner indicated.

s/ Larissa Bifano

**SERVICE LIST**

| | | |
|---|---|---|
| Jeffrey S. Brenner<br>**Nixon Peabody LLP**<br>One Citizens Plaza<br>Providence, RI 02903 | ECF | Local Counsel for Defendant,<br>**Shanghai ELE Manufacturing Corp.** |
| Tony D. Chen<br>**Bingham McCutchen LLP**<br>1620 26th Street, Suite 4000N<br>Santa Monica, CA 90404-4060 | ECF | Counsel for Defendant,<br>**Shanghai ELE Manufacturing Corp.** |
| Bruce W. Gladstone<br>**Cameron & Mittleman LLP**<br>56 Exchange Terrace<br>Providence, RI 02903 | ECF | Local Counsel for Plaintiff,<br>**Tower Manufacturing Corp.** |