# EXHIBIT L

# E-MAIL DATED 5/29/07

**Tony Chen**

---

**From:** Tony Chen
**Sent:** Tuesday, May 29, 2007 3:23 AM
**To:** 'Bifano, Larissa S.'
**Cc:** JBRENNER@nixonpeabody.com
**Subject:** RE: Tower v. Shanghai ELE

'o Counsel of Record for Tower Mfg. Corp. in the Above Reference Matter:

have received and reviewed your draft of motion for contempt and request for sanction against Shanghai ELE. Your motion is completely vitout merits at least for the following reasons.

. You were fully aware that I was enroute to China in preparation fot the upcoming deposition in Hong Kong. Nonetheess you faxed your notion to my office last Friday morning and demanded an immediate repsonse by noon on that same day. I will bring this bad faith tactic to the Court's attention should you decide to file your motion.

: You have no ground to request any sanction in connection with your past motion related to the depositon. Originally you unilaterally noticed he deposition in Boston. As a result of our motion for a protective order, the Court rejected your request to have the deposition taken in Boston, nd ordered the deposition be taken in China. Later the Court agreed to have the deposition taken in Hong Kong, and gave Shanghai ELE time to btain travel visa. Shanghai ELE acted reasonably prompt in obtaining the necessary tranvel visa, given the lengthy delay caused by the omplecity of the process under Chinese laws, of whch you were fully aware. We have exchanged many emails regarding arrnagement of the leposition in Hong Kong and you never complained about the delay to the extend that you would seek sanction against my client.

. You also have no ground to move for contempt and request for sanction in connection with your past motion related to Shanghai ELE's esponse to your interrogatories and requests for production of documents. At your motion to compel Shanghai ELE's further repsonse to certain of your interrogatories and requests, the Court denied your motion in part and took much pain to rewrite all remaining interrogatories and requests o limit their scope. Shanghai ELE has adequately responded to these remaining interrogatories and requests.

I. I have responsded to your April 30, 2007 letter, and advised you that while I disagree with your assertions, I would nevertheless discuss the ssue with my client. I have discussed the questions raised in your letter with my client and here is my client's response: these interrogaroies and equest mentioned in your letter were rewritten bt the Court with a narrower scope focused on Shanghai ELE's LCDI product. What referenced in Shanghai ELE's past website, to the extent that is mentioned certain companies named in your letter, was reference mainly related to Shanghai ELE's GFCI products with is unrelated to the underlying action. As the website was not regularly updated and the LCDI product is relatively new, the contents of the website did not necessarily reflect the circumstances surrounding the LCDI product. Based on Shanghai ELE's understanding of the interrogatories and requests rewritten by the Court, Shanghai ELE believes that its supplemental answers were correct. However, in the spirit of cooperation in the discovery process as Shanghai ELE has always been, it is willing to review again its record related to he companies mentioned in your letter, if there is any, to see whether there is additonal information that may further address the questions raised n your letter.

5. I reject your assertion that Shanghai ELE has been "stonewalling" discovery. For your much delayed response to Shanghai ELE's motion to dismiss for lack of personal jurisdiction over Shanghai ELE in Rhode Island, you have propounded multiple written discovery demands on Shanghai ELE and is going to take a deposition this coming Friday. Shanghai ELE has cooperated in good faith in this process by responding to your rewritten discovey demands with inital and supplemental responses, and also by going through the trouble in obtaining travel visa to Hong Kong and traveling to Hong Kong for the deposition.

5. With regard to your third party discovery, my communication with Fredirick's counsel is prefect legitimate and Shanghai ELE has indeed answered interrogatories and produced documents concerning Fredirick.

7. It is Tower and its counsel that have engaged in sneaky gamesmenship and inappropriate tactics designed to harass, oppress and unduely burden Shanghai ELE in this discovery process. Should you decide to file your motion, Shanghai ELE will bring all these facts to the Court's attention and reserves its right to request sanction against Tower and/or its ocunsel.

Very truly your,

Tony D. Chen, Esq.
BINGHAM McCUTCHEN LLP
Counsel for Shanghai ELE Mfg. Corp.