**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| TOWER MANUFACTURING CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SHANGHAI ELE MANUFACTURING CORPORATION,<br><br>Defendant. | Civil Action No. CA 06 170S |

**DEFENDANT SHANGHAI ELE MANUFACTURING CORPORATION'S AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

**AMENDED ANSWER**

Defendant Shanghai ELE Manufacturing Corporation ("ELE") hereby responds to the Complaint of Tower Manufacturing Corporation ("Tower") as follows:

**Parties**

1. ELE, upon information and belief, admits the allegations contained in Paragraph 1.

2. ELE admits the allegations contained in Paragraph 2.

**Jurisdiction and Venue**

3. Paragraph 3 states a legal conclusion to which no answer is required. To the extent an answer is deemed to be required, ELE denies the allegations contained in Paragraph 3.

4. Paragraph 4 states a legal conclusion to which no answer is required. To the extent an answer is deemed to be required, ELE denies the allegations contained in Paragraph 4.

5. Paragraph 5 states a legal conclusion to which no answer is required. To the extent an answer is deemed to be required, ELE denies the allegations contained in Paragraph 5.

## General Allegations

6. ELE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and therefore denies the allegations therein to the extent that a response is required.

7. ELE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and therefore denies the allegations therein to the extent that a response is required.

## Count I: Infringement of U.S. Patent No. 6,738,241

8. ELE repeats and incorporates by reference its responses set forth in the preceding paragraphs as though fully set forth herein.

9. ELE admits that Tower is the record owner of U.S. Patent No. 6,738,241 ("the '241 Patent"), which is entitled "Fireguard Circuit" and names Victor V. Aromin as inventor. Except as so admitted, ELE denies the allegations contained in Paragraph 9.

10. Paragraph 10 states a legal conclusion to which no answer is required. To the extent an answer is deemed to be required, ELE denies the allegations contained in Paragraph 10.

11. ELE denies the allegations contained in Paragraph 11.

12. ELE denies the allegations contained in Paragraph 12.

13. ELE denies the allegations contained in Paragraph 13.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The ‘241 Patent is invalid and/or unenforceable for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, without limitation, Sections 101, 102,103, and 112 thereof.

### Second Affirmative Defense

ELE did not infringe, has not infringed and is not infringing any valid claim of the ‘241 Patent; ELE did not contribute, has not contributed and is not contributing to infringement of any valid claim of the ‘241 Patent; and ELE did not induce, has not induced and is not inducing infringement of any valid claim of the ‘241 Patent.

### Third Affirmative Defense

Tower is barred under 35 U.S.C. § 287 from recovering damages for any alleged infringement occurring prior to providing actual notice to ELE of the alleged infringement of the patent-in-suit.

### Fourth Affirmative Defense

On information and belief, patentees are estopped from enforcing the patent-in-suit by virtue of proceedings before the PTO and the admissions and representations made therein by and/or on behalf of patentees.

### Fifth Affirmative Defense

Tower’s claims are barred by laches, waiver, and/or estoppel.

### Sixth Affirmative Defense

To the extent any damages were suffered by Tower, which is denied, any such damages were the result of the negligence, carelessness, acts, omissions, fault or breaches of contract or

obligations of persons other than ELE, including Tower itself and its agents and employees, over whom ELE has no control, and, accordingly, such acts bar any recovery against ELE in whole or in part.

**Seventh Affirmative Defense**

ELE specifically reserves the right to assert such other and further affirmative defenses as are revealed in the course of discovery.

Respectfully submitted,
SHANGHAI ELE MANUFACTURING CORPORATION,

By its attorneys,

/s/ Jeffrey S. Brenner
Jeffrey S. Brenner (#4369)
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Phone: 401-454-1042
Fax: 401-454-1030
Email: Jbrenner@nixonpeabody.com

Of Counsel:
Tony D. Chen (*Pro Hac Vice*)
Bingham McCutchen LLP
1620 26th Street, Suite 4000N
Santa Monica, CA 90404-4060
Phone: 310-225-9025
Fax: 310-907-2025
Email: Tony.chen@bingham.com

Joshua M. Dalton (*Pro Hac Vice*)
Lawrence T. Stanley, Jr. (*Pro Hac Vice*)
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
Phone: 617-951-8000
Fax: 617-951-8736
E-mail: Joshua.dalton@bingham.com
E-mail: Lawrence.stanley@bingham.com

Dated: March 11, 2008

## COUNTERCLAIM

Shanghai ELE Manufacturing Corporation ("ELE") for its Counterclaim against Tower Manufacturing Corporation ("Tower") alleges as follows:

### The Parties

1. ELE is a Chinese corporation having its principal place of business located in Shanghai, the People's Republic of China.

2. On information and belief, Tower is a Rhode Island corporation having its principal place of business located at 25 Reservoir Avenue, Providence, Rhode Island. ELE is informed and believes and thereon alleges that Tower is in the business of selling and/or offering for sale, among other products, integral appliance power cords with built-in electrical leakage current detection interrupter (LCDI) for fire protection in this Judicial District, and throughout the United States.

### Jurisdiction and Venue

3. ELE brings this action under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory judgments under the patent laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a). This Court also has personal jurisdiction over Tower under the applicable provisions of federal and Rhode Island state laws, and because it invoked the jurisdiction of this Court in bringing its action against ELE.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### COUNT I
### (Declaratory Judgment: Non-Infringement)

5. ELE repeats all allegations of paragraphs 1 though 4 above.

6. ELE is engaged in the business of manufacturing, among other products, electrical LCDI components to be assembled in home appliances such as air conditioners.

7. ELE is informed and believes and thereon alleges that Tower is the record owner of United States Patent No. 6,738,241 issued to Victor V. Aromin on May 18, 2004 for "Fireguard Circuit" ("the '241 Patent").

8. An immediate, real and justiciable controversy exists and is ongoing between ELE and Tower with respect to whether ELE products infringe any valid and enforceable claim of the '241 Patent.

9. ELE continues to manufacture, sell and offer for sale its LCDI products which Tower alleges infringe the '241 Patent.

10. ELE has not directly or indirectly infringed, induced infringement of, or contributed to the infringement of, any valid claim of the '241 Patent.

11. ELE's manufacturing, selling or causing to be sold and/or offering for sale of its LCDI products does not directly or indirectly infringe, induce infringement of, or contribute to the infringement of, any valid claim of the '241 Patent.

12. As a result of Tower's conduct, ELE has been harmed, and that harm is ongoing.

13. ELE requests declaratory judgment that it has not infringed and does not infringe any valid claim of the '241 Patent.

**COUNT II**
**(Declaratory Judgment: Invalidity)**

14. ELE repeats all allegations of paragraphs 1 though 13 above.

15. An actual and justiciable controversy exists between ELE and Tower with regard to the validity of the '241 Patent.

16. ELE is informed and believes and thereon alleges that the '241 Patent is invalid for failure to comply with one or more of the requirements of the patent laws of the United States, including but not limited to, those codified at 35 U.S.C. §§ 102, 103 and/or 112.

17. ELE believes that there is prior art and other evidence that anticipates or renders obvious the claims of the '241 Patent. Examples include prior art electrical system with line integrity checking device utilizing a lighting element and a limiting resistor, as well as prior art electrical systems with arcing current protection utilizing a differential transformer.

18. As a result of Tower's conduct, ELE has been harmed, and that harm is ongoing.

19. ELE requests declaratory judgment that the '241 patent is invalid.

## **PRAYER FOR RELIEF**

ELE respectfully prays that the Court enters judgment:

1. Declaring that ELE has not infringed and is not infringing any valid claim of the '241 Patent;

2. Declaring that each claim of the '241 Patent is invalid;

3. Awarding ELE its costs of suit; and

4. Awarding ELE such other and further relief deemed to be just and appropriate by the Court.

## **DEMAND FOR JURY TRIAL**

ELE hereby demands a trial by jury on all matters so triable.

Respectfully submitted
SHANGHAI ELE MANUFACTURING CORPORATION,

By its attorneys

/s/ Jeffrey S. Brenner

Jeffrey S. Brenner (#4369)
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Phone: 401-454-1042
Fax: 401-454-1030
Email: Jbrenner@nixonpeabody.com

Of Counsel:
Tony D. Chen (*Pro Hac Vice*)
Bingham McCutchen LLP
1620 26th Street, Suite 4000N
Santa Monica, CA 90404-4060
Phone: 310-225-9025
Fax: 310-907-2025
Email: Tony.chen@bingham.com

Joshua M. Dalton (*Pro Hac Vice*)
Lawrence T. Stanley, Jr. (*Pro Hac Vice*)
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
Phone: 617-951-8000
Fax: 617-951-8736
E-mail: Joshua.dalton@bingham.com
E-mail: Lawrence.stanley@bingham.com

Dated: March 11, 2008

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participant, Bruce W. Gladstone, Esq., at bgladstone@cm-law.com, John J. Cotter, Esq., at jcotter@klgates.com, and Larissa S. Bifano, Esq., at lbifano@klgates.com, identified on the Notice of Electronic filing (NEF), on this 11th of March, 2008.

/s/ Jeffrey S. Brenner