IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TOWER MANUFACTURING CORPORATION,<br>Plaintiff,<br>v.<br>SHANGHAI ELE MANUFACTURING CORPORATION,<br>Defendant. | Civil Action No. 06-170S |

**TOWER'S REPLY TO SHANGHAI ELE'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

Plaintiff Tower replies to Defendant Shanghai ELE's Amended Answer, Affirmative Defenses, and Counterclaim, as follows:

**REPLY TO COUNTERCLAIM**

The numbered paragraphs below correspond to numbered paragraphs 1-19 on pages 5-7 of the Counterclaim in Shanghai ELE's March 11, 2008 Amended Answer, Affirmative Defenses, and Counterclaim.

1. On information and belief, admits.

2. Admits.

3. Tower admits that the court has personal jurisdiction over Tower. Tower further admits that Shanghai ELE purports to bring its counterclaim under the Declaratory Judgment Act such that subject matter jurisdiction exists.

4. Admits.

COUNT II

5. In response to paragraph 5, Tower incorporates by reference its answers to paragraphs 1 through 4 above.

6. Admits.

7. Admits

8. Tower admits that it brought suit under United States Patent No. 6,738,241 (the "'241 patent") and that an actual controversy exists as to the '241 patent.

9. Admits.

10. Denies.

11. Denies.

12. Denies.

13. Denies.

COUNT II

14. In response to paragraph 14, Tower incorporates by reference its answers to paragraphs 1 through 13 above.

15. Tower admits that an actual controversy exists as to the '241 patent, but denies the remaining allegation of paragraph 15.

16. Denies.

17. Denies.

18. Denies.

19. Denies.

**JURY DEMAND**

Tower demands a trial by jury as to all issues so triable.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIM

20. By alleging the affirmative defenses to the Counterclaim set forth below, Tower does not allege, admit, concede, or imply that it has the burden of proof with respect to all or any part of the alleged affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

21. Shanghai ELE has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

22. Shanghai ELE cannot prevail against Tower in Shanghai ELE's invalidity counterclaim because the '241 patent is valid and enforceable.

### THIRD AFFIRMATIVE DEFENSE

23. Shanghai ELE cannot prevail against Tower in Shanghai ELE's Non-Infringement count of its counterclaim because Shanghai ELE infringes one or more claims of the '241 patent.

### FOURTH AFFIRMATIVE DEFENSE

24. Any claim contained in Shanghai ELE's counterclaim is wholly insubstantial, frivolous, and not advanced in good faith. Therefore, Shanghai ELE should be denied any relief in this action and Tower should be awarded its reasonable attorneys' fees and other costs and expenses incurred in defending the counterclaim.

FIFTH AFFIRMATIVE DEFENSE

25. Tower's actions have been lawful and Shanghai ELE has not suffered any injury to its business or property by reason of any act or omission of Tower.

SIXTH AFFIRMATIVE DEFENSE

26. Any losses suffered by Shanghai ELE are the result of Shanghai ELE's own conduct.

SEVENTH AFFIRMATIVE DEFENSE

27. At all times relevant to this action, Tower has acted in good faith without intention to engage in any unfair, deceptive, or unlawful conduct.

EIGHTH AFFIRMATIVE DEFENSE

28. Shanghai ELE has failed to mitigate any damages.

NINTH AFFIRMATIVE DEFENSE

29. Tower was justified in its conduct relative to this action.

TENTH AFFIRMATIVE DEFENSE

30. Tower currently has insufficient knowledge or information on which to form a belief as to whether it may have available additional, as yet unstated, defenses to Shanghai ELE's counterclaim. Tower reserves the right to assert additional defenses in the event discovery indicates that they are appropriate.

Tower requests that the Court enter judgment as follows:

1. Declaring the '241 patent valid and infringed by Shanghai ELE;

2. Awarding Tower its costs and attorneys' fees in this action; and

3. Awarding such other and further relief as the court may deem just and proper.

Dated: March 25, 2008

Respectfully submitted,

PLAINTIFF
TOWER MANUFACTURING CORPORATION,

By its attorneys:

/s/ Larissa S. Bifano
John J. Cotter (*pro hac vice* )
Larissa S. Bifano (*pro hac vice*)
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
Email: john.cotter@klgates.com
Email: larissa.bifano@klgates.com
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Tel.: 617.261.3100
Fax: 617.261.3175

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, RI 02903
Tel.: 401.331.5700
Fax: 401.331.5787
Email: bgladstone@cm-law.com

CERTIFICATE OF SERVICE

I, Larissa S. Bifano, certify that on March_25, 2008, a true and correct copy of TOWER'S REPLY TO SHANGHAI ELE'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM was served upon the attached Service List in the manner indicated.

/s/ Larissa S. Bifano

**SERVICE LIST**

| | | |
|---|---|---|
| Jeffrey S. Brenner<br>**Nixon Peabody LLP**<br>One Citizens Plaza<br>Providence, RI 02903 | ECF | Local Counsel for Defendant,<br>**Shanghai ELE Manufacturing Corp.** |
| Tony D. Chen<br>**Bingham McCutchen LLP**<br>1620 26th Street, Suite 4000N<br>Santa Monica, CA 90404-4060 | ECF | Counsel for Defendant,<br>**Shanghai ELE Manufacturing Corp.** |
| Joshua M. Dalton<br>Lawrence T. Stanley, Jr.<br>**Bingham McCutchen LLP**<br>150 Federal Street<br>Boston, MA 02110 | ECF | Counsel for Defendant,<br>**Shanghai ELE Manufacturing Corp.** |
| Bruce W. Gladstone<br>**Cameron & Mittleman LLP**<br>56 Exchange Terrace<br>Providence, RI 02903 | ECF | Local Counsel for Plaintiff,<br>**Tower Manufacturing Corp.** |