UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TOWER MANUFACTURING CORPORATION,<br><br>Plaintiff,<br>v.<br><br>SHANGHAI ELE MANUFACTURING CORPORATION,<br><br>Defendant. | Civil Action No. 06-170S |

**DECLARATION OF LARISSA S. BIFANO**

I, Larissa S. Bifano, declare that:

1. I am an attorney at the Boston office of Kirkpatrick & Lockhart Preston Gates Ellis LLP, located at State Street Financial Center, 1 Lincoln Street, Boston, Massachusetts 02111.

2. I attached as Exhibit A a true and correct copy of the cover page, page 4, and page 7 from the transcript of the January 22, 2007 hearing before Magistrate Judge Martin on Shanghai ELE's Motion for Protective Order.

3. I attached as Exhibit B a true and correct copy of the cover page, page 11, and pages 22-23 from the transcript of the November 21, 2007 hearing before Magistrate Judge Martin on Shanghai ELE's Motion to Dismiss for Lack of Personal Jurisdiction.

4. I attach as Exhibit C a true and correct copy of Defendant Shanghai ELE Manufacturing Corporation's Answers and Objections to Plaintiff Tower Manufacturing Corporation's Written Deposition Questions, served on Tower on October 10, 2007.

5. I attach as Exhibit D a true and correct copy of pages 1 and 13-15, with exhibits JJ-NN of the Declaration of Kenneth X. Xie, executed on October 22, 2007.

6. I attach as Exhibit E a true and correct copy of the cover page and page 15 from the transcript of the July 24, 2007 hearing before Magistrate Judge Martin on Tower's Motion for Sanctions.

7. I attach as Exhibit F a true and correct copy of a February 16, 2007 letter from Ted D. Lee to myself.

8. I have reviewed Kirkpatrick & Lockhart Preston Gates Ellis LLP's invoices to Tower Manufacturing Corporation for this matter dated February 21, 2007; March 21, 2007; April 11, 2007; and May 22, 2007. Based upon my review, I determined that Kirkpatrick & Lockhart Preston Gates Ellis LLP worked for over two months to obtain Shanghai ELE invoices from Shanghai ELE's Texas customer Friedrich, and that Tower paid more than $30,000 for the legal services required to obtain the Shanghai ELE invoices from Friedrich.

9. The matters that I state in this Declaration are based on my personal knowledge, and if called as a witness I could, and would, testify competently to them.

10. I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 14, 2008.

___/s/ Larissa S. Bifano______
Larissa S. Bifano