# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TOWER MANUFACTURING CORPORATION C.A. NO.06-170 S

Plaintiff

vs.

Providence, RI
NOVEMBER 21, 2007

SHANGHAI ELE

Defendant

BEFORE MAGISTRATE JUDGE DAVID L. MARTIN
(Motion To Dismiss For Lack of Personal Jurisdiction)

APPEARANCES:

FOR THE PLAINTIFF: BRUCE W. GLADSTONE, ESQ.
56 Exchange Terrace
Providence, RI 02903
331-5700

JOHN J. COTTER, ESQ
K & L Gates
Boston, Ma 02111
617-261-3175

LARISSA S. BIFANO, ATTY
K & L Gates

FOR THE DEFENDANT: TONY D. CHEN, ESQ.
ALSCHULER GROSSMAN LLP
1620 26TH St.
Suite 4000N
Santa Monica, CA 90404-4060
310-255-9025

LOCAL COUNSEL: JEFFREY BRENNER, ESQ.

FOR DEFENDANT: VICTOR POLK, ESQ.

RECEIVED
DEC - 6 2007
By

which is Home Depot. Home Depot has stores in Rhode Island and it's selling Shanghai ELE's product, the LCDI's. Isn't that established distribution channel?

MR. POLK: It would be I think under the case law that is here. The Schwanger case involved, which they site, involved a California Company, my example, selling to Walmart. And the Court saying, "You sell the product to Walmart. That's an established distribution channel." The problem with this, your Honor, is that I think you're operating under a misapprehension and a misunderstanding of where Home Depot comes in. My client, and this is in the record from the Bao Deposition, sold two kind of products. One's called the Ground Fault Circuit Interrupter, a GFCI, and one's called an LCDI. The LCDI is different from the Ground Fault Circuit, GFCI, in that the GFCI is sold as a separate product. So to that we sold directly to retailers and the Home Depot is on there as a direct sale. Our client sold GFCI's to Home Depot and those are distributed directly in the United States. The problem with it is, they're suing on LCDI's and LCDI's are not sold directly to home Depot. They're not sold as a separate product that goes into a distribution system, they're sold as a small component that then gets manufactured into a much larger product that is then sold. And so the difference is, and this is why Schwanger, for example, if we were selling to a Walmart and

that information and they added it up and found that. Well, that doesn't mean just because we -- if I sold a hair and I provided them the documents showing, which you wanted us to do, that how many I sold a hair that doesn't mean that those in fact were sold in the United States. And I don't think my client knows the answer to it. So, again, I don't think that their proof on this withstands analysis. I hope I'm answering your question, your Honor.

THE COURT: I'll accept your response. The case of Schwanger versus Munchkin, 1999 at Federal Circuit, and other Federal Circuit cases state that with regard to the Federal Due Process inquiry of the personal jurisdiction analysis, we have repeatedly stated that Federal Circuit law applies rather than that of the regional circuit. Is that familiar to you?

MR. POLK: It is familiar to me, your Honor.

THE COURT: All right. Given that, why do you cite Boit versus Gar-tech Products, a First Circuit Case on Page 7 of your reply brief for the proposition that mere awareness that a product may end up in the forum state, however, does not constitute purposeful availment?

MR. POLK: Because we did not find a Federal

Circuit Case directly on that issue, your Honor. We don't dispute that Federal Circuit law applies. And by the way, I would add, that if you notice in their papers when they get to 4(k)(2) they start coming back to -- they argue First Circuit Law applies. We didn't challenge the point, we don't think it's true.

THE COURT: All right. The last question's pretty minor. But, it doesn't appear that the pages of your reply brief are numbered at the bottom center. And if that's an omission I understand that. I'm asking simply because I find this commission happens so frequently I'm beginning to wonder whether there's a defect in the system that when people file electronically it eliminates page numbers. Was your reply memorandum numbered?

MR. POLK: I would have thought it was numbered, your Honor.

VOICE: I can respond to that.

MR. POLK: I'm sorry, Mr. Brenner can respond.

MR. BRENNER: I apologize, your Honor, because what we're doing when we're filing is that I have to file it from my office and I'm getting these -- I'm getting some of the documents from my co-counsel. And then as you can see from the notation at the