# Exhibit F

Ted D. Lee*
Michelle L. Evans
John C. Cave
Miguel Villarreal, Jr.
Eric W. Cernyar
Robert L. McRae
Michael D. Paul
Robert A. McFall†

Of Counsel:
Kenneth A. Keeling‡
Sara K. Mooney Hinkley‡

# GUNN & LEE, P.C.

**Attorneys at Law**
700 N. St. Mary's Street, Suite 1500
San Antonio, Texas 78205
Telephone: (210) 886-9500
Facsimile: (210) 886-9883
www.gunn-lee.com

* Board Certified: Civil Trial Law
† Patent Agent Consultant
‡ Houston, Texas, Office (713) 680-1447

C. Donald Gunn (1936–1999)

G-766.85

February 16, 2007

Larissa S. Bifano
Kirkpatrick & Lockhart Gates Ellis LLP
State Street Financial Center
One Lincoln Street
Boston, MA 0211-2950

**Re: Tower Manufacturing Corp. v. Shanghai ELE Manufacturing Corp.: Case No. 06-170S**

Dear Ms. Bifano:

This is in response to your letter dated February 2, 2007 and your subpoena served on U.S. Natural Resources, Inc. d/b/a Friedrich Air Conditioning Co., a copy of which is attached hereto as Exhibit A. As a customer, Friedrich Air Conditioning Co. (hereinafter "Friedrich") does not want to be involved in your controversy.

I pulled up the court file on your case styled *Tower Manufacturing Corp. v. Shanghai ELE Manufacturing Corp.*, U.S. District Court, District of Rhode Island, Cause No. 06-00170-S-DLM and printed out many of the appropriate pleadings that have been filed. I cannot help but note the following:

1. No Answer has been filed by Shanghai ELE Manufacturing Corp. (hereinafter "Shanghai");
2. A Motion to Dismiss for Lack of Jurisdiction has been filed by Shanghai; and,
3. Tower Manufacturing Corp. (hereinafter "Tower") has filed a Motion to Compel Discovery from Shanghai, which is currently pending.

In reviewing these documents, it appears that discovery at this time should be limited to jurisdictional issues. Particularly, I note that Shanghai has opposed discovery by Tower concerning anything that has occurred outside of the state of Rhode Island, which is contiguous with the boundaries of the U.S. District Court, District of Rhode Island.

Concerning all items requested in paragraphs 1 and 2 of Exhibit A of your subpoena, all of those items should be in the possession of Shanghai, a party to the lawsuit. Therefore, your discovery on those items should be directed to Shanghai.

Concerning your request in paragraphs 3 and 4 of Exhibit A attached to the subpoena, those appear to be addressed to use of the leakage current detection interruption (LCDI) devices in air conditioning units that have been made by Friedrich. There is nothing that ties anything to sales in Rhode Island. Apparently, you are attempting to prove that some LCDI was used in an air conditioner that may have been sold in Rhode Island, but that is not what you have requested. Even if you restrict your request to the State of Rhode Island, it still does not establish jurisdiction in Rhode Island under the "stream of commerce" theory.[1] Therefore, it does not appear that the information you are seeking will aid you in establishing jurisdiction over Shanghai.

Also, in checking the docket sheet with the court, no Protective Order has been entered to protect confidential, proprietary and/or trade secret information. The information that you are requesting is obviously confidential and proprietary. Assuming all the other objections addressed in this letter are satisfied, no documents will be produced unless there is a suitable Protective Order entered under which the documents may be designated to protect their confidential and/or proprietary status.

Therefore, for the reasons given hereinabove, and for the additional reasons given hereinbelow, Friedrich objects to producing the documents requested in paragraphs 1-4 of Exhibit A attached to your subpoena. More specifically, the objections include the following:

1. Friedrich objects to producing the requested documents as calling for proprietary, confidential, and/or trade secrets information;
2. Friedrich objects to having to produce the documents that are already in possession of the parties to the litigation. The requested documents should be obtained from the party, not some third party witness;
3. Friedrich objects to the production of documents to the extent that it may call for any attorney/client privilege documents or reveal attorney work product;
4. Friedrich objects to production of any documents that do not relate to jurisdictional issues currently pending before the court; and,
5. Friedrich objects to the request to the extent that they are overly burdensome, particularly requests 3 and 4 that would have required the identification of every air conditioner manufactured and/or sold by Friedrich that may have an LCDI manufactured by Shanghai therein. Furthermore, Friedrich does not have records of the LCDI device (by manufacturer) used in each model and serial number of air conditioner sold.
6. Friedrich objects to the location of production as being outside the area specified in the Federal Rules of Civil Procedure.

Ms. Bifano, please consider this letter as the formal objections by Friedrich to your subpoena. As a reminder, if you file any type of motion to compel, it must be filed in the United

[1] *Sawtelle v. Farrell*, 75 F. 3d 1381 (1st Cir. 1995); *Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F. 3d 1315 (Fed. Cir. 2005); *Fullerton Tires Corp. v. Custom Metal Spinning Corp.*, 115 F. 3d 81 (1st Cir. 1997); *Boit v. Gar-Tee Prods., Inc.*, 967 F. 2d 671 (1st Cir. 1992).

States District Court, Western District of Texas, the court which issued the subpoena. Please send me a copy of anything you may file.

If you have any questions, feel free to give me a call.

Sincerely,

Ted D. Lee

TDL:ig

cc: Jeffrey S. Brenner — *Via U.S. First Class Mail*
Nixon Peabody LLP
One Citizen Plaza
Providence, RI 02903

Marshall B. Grossman — *Via Electronic Mail & U.S. First Class Mail*
Tony D. Chen
William J. O'Brien
Alschuler Grossman LLP
1620 26th Street
Suite 4000N
Santa Monica, CA 90404-4060

Charles M. Marino — *Via U.S. First Class Mail*
Friedrich Air Conditioning Co.
4200 N. Pan Am Expressway
San Antonio, Texas 78218-5212