# Supplemental

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TOWER MANUFACTURING CORPORATION C.A. NO.06-170 S

Plaintiff

vs.

Providence, RI
JANUARY 22, 2007

SHANGHAI ELE

Defendant

BEFORE MAGISTRATE JUDGE DAVID L. MARTIN
(Defendant's Motion for a Protective Order)

APPEARANCES:

FOR THE PLAINTIFF:

BRUCE W. GLADSTONE, ESQ.
56 Exchange Terrace
Providence, RI 02903
331-5700

JOHN J. COTTER, ESQ
Kirkpatrick & Lockhart
Boston, Ma 02111
617-261-3175

FOR THE DEFENDANT:

TONY D. CHEN, ESQ.
ALSCHULER GROSSMAN LLP
1620 26TH St.
Suite 4000N
Santa Monica, CA 90404-4060
310-255-9025

LOCAL COUNSEL:

JEFFREY S. BRENNER, ESQ.
454-1000

electrical device stalking the power supply to the wall socket in the event when there's a ground fog, when there's a leakage pitch in the ground terminal and neutral, or the power, the terminal of the wall socket. Now that product is not subject to this litigation, and plaintiff does not contend that that product infringes its patent. So it's totally a unrelated product. In the past year Shanghai Ele had sold those products through indirect channels. In other words, it sold that product to Chinese exporters, and Chinese exporters sell U.S. importers or distributors in the United States, and through that transaction then the product finally sold in United States.

Now Shanghai Ele has a line on its web site, and for the purpose that if it receives, for example, any complaint from the customer on the GFCI product, it could refer that request, or surveys of complaint, to its subsequent product - customers, and through that to have whoever sells the GFCI product in the United States to provide that kind of service. It does not maintain its own service in the United States. And the telephone number on that web page is a local Shanghai telephone number. It's not like a 1-800 number here, people can call here, call free in the United States.

So, we don't see that web page itself shows the Shanghai Ele has a physical presence here. And we explain

motion.

THE COURT: I'm sorry. You told me that and I failed to pick up on the hint, so thank you. Yes. Although the motion is mistitled, this is defendant's motion for a protective order. It's document Number 22. And, Mr. Chen, you're going to argue, correct?

MR. CHEN: Yes. Thank you. Again, my name is Tony Chen from Alschuler Grossman out of Los Angeles, California. I'm attorney for defendant Shanghai Ele Manufacturing Corporation in this action by Tower Manufacturing Corporation.

Now, your Honor, you may be aware, the underlying action for this motion is a patent infringement case filed by Tower Manufacturing against my client Shanghai Ele. The patent infringement action was focused -- is focused on a patent owned by Tower, and the subject product that Tower alleged Shanghai Ele is selling in the United States is a leakage current detection interrupter product, or shorthand as LCDI. The product is a component part used for detecting using electrical appliances such as stand-alone window air conditioner unit used for detecting the leakage in electric circuit, and when upon the detection of leakage in the circuit will automatically shut off the power to the appliances to ensure the safety of the uses of the appliances.

Now Tower contends that it owns a patent covering that kind of product and alleging that Shanghai Ele is selling the product in the United States, particularly in the state of Rhode Island. And we filed a motion to dismiss on the ground that there is no personal jurisdiction over Shanghai Ele for this action.

Now, in the motion we submitted a declaration of the chief executive officer of Shanghai Ele, and we outlined the reasons. Mainly, there's no physical presence whatsoever for Shanghai Ele in the State of Rhode Island, and for that matter, in the United States. We don't -- the Shanghai Ele does not have any offices or manufacturing facilities, bank account or branches, or anything. And more particularly, Shanghai Ele also does not sell any -- the alleging LCDI product in the State of Rhode Island.

Now plaintiff contended that it has found Shanghai Ele's LCDI product in the air conditioner units sold in the State of Rhode Island. They particularly mention a place called Benny's which I understand is a local store kind of selling off the market or secondhand market stuff. But as far as Shanghai Ele is concerned, all it's LCDI products manufactured as a component part were sold in China to the manufacturers in China who manufactures air conditioner units for companies like LG, which is particularly a South Korean company having facilities in China. And Shanghai

Ele's involvement with the sales of the LCDI component part stops there. It sold its product to the air conditioner manufacturers in China. And those Chinese air conditioner manufacturers manufacture the air conditioner units in China. And beyond that, how the product end up, the whole air conditioner unit end up in Benny's in Rhode Island, we have no idea. It could go through a multiple steps or layers of the transportation.

For example, the air conditioner manufacturers in China may have sold it through the exporters in China to importers of the United States and to distributors, and God knows how levels of distributors end up to retailers and maybe end up finally to Benny's, and Benny may even buys it as a secondhand or off the market thing from some other retailers. And for all these event, or chance of events, all the transactions beyond the Chinese manufacturer, air conditioner manufacturers, Shanghai Ele has no control and has no knowledge of. So that's the basis for our motion to dismiss for lack of personal jurisdiction.

I might add, another factor is the overall air conditioner manufacturer, our understanding is probably sold on the market in the range of say $90, $100 per piece, depending on the size or the volume, the capacity, the power. But say it's a hundred dollars, now the component part of the LCDI device which manufacturing by Shanghai Ele

is only a comment for in value, maybe $4, $5 range. So, you know, about 5% of the value of the whole unit. And Shanghai Ele has never contacted any Rhode Island customers or companies, or retailer, distributor whatsoever, never advertised in the State of Rhode Island, and never send any solicitations or promotional materials to Rhode Island customers.

Now, one of the reason plaintiff has contended or served Shanghai Ele with a 30(b)(6) deposition is that it found a page on Shanghai Ele's web site. The page has attached by plaintiff as Exhibit 8 in plaintiff's opposition to Shanghai Ele's motion for this protective order, and page indicated that, I quote, "Shanghai Ele have customers support center in America providing global service", and plaintiff contends that Shanghai Ele has a customer support center in the United States and wants to depose somebody from that so-called customer support center.

Now we filed this motion for a court, for a protective order from the court because Shanghai Ele does not have any customer service or support center in the United States.

And to go one step back, Shanghai Ele sells in addition to the LCDI product, which is the subject matter for this litigation, in the past years, so another type of product called GFCI, which is a ground fog circuit interrupter, which is like a wall socket on the wall, which has a