UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TOWER MANUFACTURING CORPORATION,<br>Plaintiff,<br>v.<br>SHANGHAI ELE MANUFACTURING CORPORATION,<br>Defendant. | CIVIL ACTION<br>NO. 06-00170-S-DLM |

**DEFENDANT'S RULE 16 PRETRIAL CONFERENCE STATEMENT OF CLAIMS**

Pursuant to this Court's Notice dated February 5, 2008 and Local Rule 16(c), in advance of the Rule 16 Initial Scheduling Conference to be held on May 6, 2008, Defendant Shanghai ELE Manufacturing Corporation ("ELE") submits this pretrial conference statement of claims outlining the elements and supporting case law for its defenses and counterclaims against Plaintiff Tower Manufacturing Corporation ("Tower"). ELE manufactures and sells household electrical products, including electrical safety devices such as Leakage Current Detector Interrupters ("LCDI") and Ground Fault Current Interrupters ("GFCI"). Tower alleges in this action that ELE's LCDI devices infringe on Tower's U.S. Patent No. 6,738,241 ("the '241 Patent"). ELE's defenses and counterclaims to Tower's complaint include, *inter alia*, non-infringement and patent invalidity.

**ELE'S DEFENSES AND COUNTERCLAIMS**

## I. NON-INFRINGEMENT

In order to determine whether or not ELE has made or sold the invention defined by the '241 Patent's claims, this Court must first construe the claims of the '241 Patent and then

compare those claims to the accused devices.[1] When comparing the claims to the accused device, "every limitation set forth in a patent claim must be found in an accused product or process exactly or by a substantial equivalent."[2] The limitations set forth in the claims of the '241 Patent are not found in ELE's LDCI devices, either exactly or by a substantial equivalent. Therefore, there can be no infringement.[3]

## II. PATENT INVALIDITY – FAILURE TO COMPLY WITH THE REQUIREMENTS OF 35 U.S.C. § 102

The '241 patent is invalid because it was anticipated and does not meet the novelty requirements of 35 U.S.C. § 102. Every limitation in the '241 patent is found either expressly or inherently in a single prior art reference.[4]

## III. PATENT INVALIDITY – FAILURE TO COMPLY WITH THE REQUIREMENTS OF 35 U.S.C. § 103

The '241 patent is invalid because it is obvious. All elements of the '241 patent are found in a combination of prior art references. The prior art suggests to those of ordinary skill in the art that they should make the device and the prior art would also have revealed that those of ordinary skill would have a reasonable expectation of success in making such a device.[5]

---

[1] *Markman v. Westview Instruments Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (en banc) *aff'd* 517 U.S. 370 (1996).

[2] *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991).

[3] *See C.R. Bard, Inc. v. Stryker Corp.*, Civ. 02-515ML, 2006 WL 889220, *2 (D.R.I. April 4, 2006), *quoting Laitram Corp.*, 939 F.2d at 1535.

[4] *See* 35 U.S.C. § 102; *IPXL Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377, 1381 (Fed. Cir. 2005).

[5] *See* 35 U.S.C. § 103; *Graham v. John Deere Co.,* 383 U.S. 1 (1966); *KSR International v. Teleflex Inc.*, 127 S. Ct. 1727 (2007); *Medichem, S.A. v. Rolabo, S.L.*, 437 F.3d 1157, 1164 (Fed. Cir. 2006).

## IV. PATENT INVALIDITY – FAILURE TO COMPLY WITH THE REQUIREMENTS OF 35 U.S.C. § 112

The '241 patent is indefinite because it does not comply with the requirements of 35 U.S.C. § 112. These deficiencies include, but are not limited to, the '241 patent's lack of: (1) a written description enabling those of ordinary skill in the art to make and use the full scope of the patent without undue experimentation, (2) a written description setting forth the best mode Tower contemplated in carrying out this invention, and (3) a conclusion with one or more claims particularly pointing out and distinctly claiming the subject matter that Tower regards as its invention.[6]

## V. DEFENSE OF WAIVER

Tower cannot recover on its claims because Tower has waived its claims. The elements of an effective waiver are (1) an existing right; (2) knowledge of the right; and (3) an actual intention to relinquish that right.[7]

## VI. DEFENSE OF EQUITABLE ESTOPPEL

Tower should be equitably estopped from asserting its claims. The elements of equitable estoppel are: "1) a material misrepresentation by the party to be charged; 2) reasonable reliance thereon by the opposing party and 3) disadvantage resulting therefrom."[8]

## VII. DEFENSE OF LACHES

Tower's claims should be barred under the defense of laches because Tower's "delay in bringing [its claim] was (1) unreasonable and (2) resulted in prejudice to the opposing party."[9]

---

[6] *See* 35 U.S.C. § 112; *Abbott Laboratories v. Andrx Pharmaceuticals*, 452 F.3d 1331, 1341 (Fed. Cir. 2006); *Liquid Dynamics Corp. v. Vaughn Co., Inc.*, 449 F.3d 1209, 1224 (Fed. Cir. 2006).

[7] 28 Am. Jur. 2d Estoppel and Waiver § 201 (2000); *Irons v. Federal Bureau of Investigation*, 880 F.2d 1446, 1452 (1st Cir. 1989); *Doyle v. Huntress, Inc.*, 301 F. Supp. 2d 135, 149 (D.R.I. 2004).

[8] *K-Mart Corp. v. Oriental Plaza, Inc.*, 875 F.2d 907, 912 (1st Cir.1989)

[9] *Doyle*, 301 F. Supp. at 149 (D.R.I. 2004) (*quoting K-Mart Corp.*, 875 F.2d at 911); *see also Wanlass v. Fedders Corp.*, 145 F.3d 1461 (Fed. Cir. 1998).

## VIII. PATENT UNENFORCEABILITY – INEQUITABLE CONDUCT

To the extent ELE learns in discovery that Tower did not prosecute its application for the '241 Patent with candor, good faith, and honesty, ELE intends to amend its Answer and Counterclaim to add a counterclaim alleging that the '241 Patent ELE is unenforceable in view of Tower's inequitable conduct.[10]

Dated: May 2, 2008

Respectfully submitted,
SHANGHAI ELE MANUFACTURING CORPORATION,

By its attorneys,

/s/ Jeffrey S. Brenner
Jeffrey S. Brenner (#4369)
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Phone: 401-454-1042
Fax: 401-454-1030
Email: Jbrenner@nixonpeabody.com

Of Counsel:
Tony D. Chen (*Pro Hac Vice*)
Bingham McCutchen LLP
1620 26th Street, Suite 4000N
Santa Monica, CA 90404-4060
Phone: 310-225-9025
Fax: 310-907-2025
Email: Tony.chen@bingham.com

Joshua M. Dalton (*Pro Hac Vice*)
Lawrence T. Stanley, Jr. (*Pro Hac Vice*)
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
Phone: 617-951-8000
Fax: 617-951-8736
E-mail: Joshua.dalton@bingham.com
E-mail: Lawrence.stanley@bingham.com

[10] *See Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1178 (Fed. Cir. 1995); *Bristol-Meyers Squibb Co. v. Phone-Poulenc Rorer, Inc.*, 326 F.3d 1226, 1233(Fed. Cir. 2003).

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participant, Bruce W. Gladstone, Esq., at bgladstone@cm-law.com, John J. Cotter, Esq., at jcotter@klgates.com, and Larissa S. Bifano, Esq., at lbifano@klgates.com, identified on the Notice of Electronic filing (NEF), on this 2nd day of May, 2008.

/s/ Jeffrey S. Brenner