IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TOWER MANUFACTURING CORPORATION,

Plaintiff,

v.

SHANGHAI ELE MANUFACTURING CORPORATION,

Defendant.

Civil Action No. 06-170-S

**PLAINTIFF TOWER'S RULE 16 CONFERENCE STATEMENT**

Pursuant to this Court's February 5, 2008 Notice and April 22, 2008 Revised Notice, and Local Rule 16(c), in advance of the Rule 16 Initial Scheduling Conference to be held on May 6, 2008, Plaintiff Tower Manufacturing Corporation hereby provides a summary of the instant dispute and a statement listing the elements to be proven for each of Tower's legal claims and defenses against Defendant Shanghai ELE Manufacturing Corporation.

**NATURE OF THE DISPUTE**

This is a patent infringement dispute involving Tower's U.S. Patent No. 6,738,241 ("the '241 patent"), entitled "Fireguard Circuit," and Shanghai ELE's infringing electrical devices called leakage current detection devices, or LCDIs, which Shanghai ELE makes overseas and brings into the United States through several channels. Tower is a privately held and

locally operated manufacturer and supplier of many electrical devices, including LCDIs, which can be used as safety circuits to prevent electrical hazards in air conditioners and other electrical appliances. Tower owns the '241 patent, which was issued by the United States Patent and Trademark Office on May 18, 2004 to Victor V. Aromin, Tower engineer and inventor. Mr. Aromin has assigned all rights to the '241 patent to Tower.

Shanghai ELE infringes each element of one or more claims of the '241 patent through the production and sale of at least the Shanghai ELE 10 amp 125 volt product, bearing catalog number 00011000. Shanghai ELE has been making, using, selling, and importing the infringing product without Tower's authority. Tower requests damages for Shanghai ELE's infringement and an injunction to prevent Shanghai ELE's future infringement.

## ELEMENTS OF TOWER'S CLAIMS AND DEFENSES

### A. Tower's Patent Infringement Claim

Patent infringement consists of (1) the making, using, selling, or offering for sale, (2) within the United States, or the importing into the United States, (3) during the term of the patent, (4) the invention defined by a patent's claims, (5) without the patent owner's authority.[1]

In order to determine whether or not the defendant has made or sold the invention defined by the '241 patent's claims, this

[1] 35 U.S.C. § 271(a) (2004); DONALD S. CHISUM, CHISUM ON PATENTS v.5 § 16.01 (2004).

Court must first interpret the '241 patent claims and then compare those claims to the accused device, the Shanghai ELE product.[2] When comparing the claims to the accused device, "every limitation set forth in a patent claim must be found in an accused product or process exactly or by a substantial equivalent."[3]

Upon finding infringement, this Court may grant an injunction and shall award damages no less than a reasonable royalty.[4] In addition, for exceptional cases, this Court may award attorney fees.[5]

**B. Tower's Defense of Failure to State a Claim**

Shanghai ELE's Counterclaim should be dismissed for failure to state a claim. A claim may be dismissed for failure to state a claim if the claimant may not recover under any theory on facts alleged,[6] and here Shanghai ELE may not recover for or obtain declarations of non-infringement or validity.

[2] Markman v. Westview Instruments Inc., 52 F.3d 967, 976 (Fed. Cir. 1995) (en banc) *aff'd* 517 U.S. 370 (1996).
[3] Laitram Corp. v. Rexnord, Inc., 939 F.2d 1533, 1535 (Fed. Cir. 1991).
[4] 35 U.S.C. §§ 283, 284 (2004).
[5] 35 U.S.C. § 285 (2004); Cybor Corp. v. FAS Technologies, Inc., 138 F.3d 1448, 1460 (Fed. Cir. 1998) (en banc).
[6] Wagner v. Devine, 122 F.3d 53, 55 (1st Cir. 1997).

**C. Tower's Defense of Validity of the '241 Patent**

The '241 patent issued by the United States Patent and Trademark Office is presumed to be valid.[7] Shanghai ELE bears the burden of proving invalidity.[8]

**D. Tower's Defenses of Waiver, Estoppel, and Laches**

Shanghai ELE cannot recover or obtain a declaration on its counterclaim because Shanghai ELE has waived and delayed asserting any rights it may have had. The elements of an effective waiver are (1) an existing right; (2) knowledge of the right; and (3) an actual intention to relinquish that right.[9] The elements of equitable estoppel are: "1) a material misrepresentation by the party to be charged; 2) reasonable reliance thereon by the opposing party and 3) disadvantage resulting therefrom."[10] The defense of laches requires Shanghai ELE's "delay in bringing [its claim] was (1) unreasonable, and (2) resulted in prejudice to the opposing party."[11]

Here, Shanghai ELE knew or should have known of the '241 patent but waited until this year to assert any alleged rights.

[7] 35 U.S.C. § 282 (2004).
[8] Id.
[9] 28 Am. Jur. 2d Estoppel and Waiver § 201 (2000); Irons v. Federal Bureau of Investigation, 880 F.2d 1446, 1452 (1st Cir.1989); Doyle v. Huntress, Inc., 301 F.Supp. 135, 149 (D.R.I. 2004).
[10] K-Mart Corp. v. Oriental Plaza, Inc., 875 F.2d 907, 912 (1st Cir.1989)
[11] Doyle, 301 F.Supp. at 149 (D.R.I. 2004) (quoting K-Mart Corp., 875 F.2d at 911); see also Wanlass v. Fedders Corp., 145 F.3d 1461 (Fed. Cir. 1998).

Dated: May 2, 2008 Respectfully Submitted,

/s/ Bruce W. Gladstone
Bruce W. Gladstone
Email: bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, RI 02903
Tel.: (401) 331-5700
Fax: (401) 331-5787

John J. Cotter
(*admitted pro hac vice*)
Email: john.cotter@klgates.com
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Telephone: (617) 261-3100
Fax: (617) 261-3175

**CERTIFICATE OF SERVICE**

I, Larissa S. Bifano, certify that on May 2, 2008, a true and correct copy of RULE 16 CONFERENCE STATEMENT was served upon the attached Service List in the manner indicated.

/s/Larissa S. Bifano

**SERVICE LIST**

| | | |
|---|---|---|
| Jeffrey S. Brenner<br>**Nixon Peabody LLP**<br>One Citizens Plaza<br>Providence, RI 02903 | ECF | Local Counsel for Defendant,<br>**Shanghai ELE Manufacturing Corp.** |
| Tony D. Chen<br>**Bingham McCutchen LLP**<br>1620 26th Street, Suite 4000N<br>Santa Monica, CA 90404-4060 | ECF | Counsel for Defendant,<br>Shanghai ELE Manufacturing Corp. |
| Joshua M. Dalton<br>Lawrence T. Stanley, Jr.<br>**Bingham McCutchen LLP**<br>150 Federal Street<br>Boston, MA 02110 | ECF | Counsel for Defendant,<br>**Shanghai ELE Manufacturing Corp.** |
| Bruce W. Gladstone<br>**Cameron & Mittleman LLP**<br>56 Exchange Terrace<br>Providence, RI 02903 | ECF | Local Counsel for Plaintiff,<br>**Tower Manufacturing Corp.** |