UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TOWER MANUFACTURING CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SHANGHAI ELE MANUFACTURING CORPORATION,<br><br>Defendant. | CIVIL ACTION<br>NO. 06-00170-S-DLM |

**DECLARATION OF JOSHUA M. DALTON IN SUPPORT OF DEFENDANT'S RESPONSE TO TOWER'S MOTION FOR SANCTIONS**

I, Joshua M. Dalton, declare as follows:

1. I am a Partner at Bingham McCutchen LLP, counsel of record in this action for Shanghai ELE Manufacturing Corporation ("ELE"). I am a member of the Bar of the Commonwealth of Massachusetts. I have personal knowledge of the matters stated in this declaration and would testify truthfully if called upon to do so.

2. On April 14, 2008, I was served with Tower's Motion for Sanctions via the Court's ECF system. Tower did not confer with ELE before filing the Motion for Sanctions.

3. On April 17, 2008, counsel for ELE and counsel for Tower held their Rule 26(f) conference. During that conference call, I raised the issue of Tower's Motion for Sanctions and proposed that the parties extend ELE's time to respond to Tower's motion so that the parties could discuss whether they could resolve the issues raised in the motion without further troubling the Court.

4. On April 21, 2008, I conferred by telephone with Mr. Cotter concerning Tower's settlement demand to withdraw the Motion for Sanctions. Mr. Cotter indicated that Tower was

seeking $315,000 on the Motion for Sanctions but that Tower was willing to discuss a lesser sum to settle the dispute. Mr. Cotter indicated that the $315,000 amount did not include Tower's costs and fees associated with researching and drafting its opposition to ELE's Motion to Dismiss.

5. While Tower claims that it has spent over $300,000 on jurisdictional discovery alone, ELE has not spent over $300,000 on its entire case.

6. On April 24, 2008, ELE filed a motion to extend its time to respond to Tower's Motion for Sanctions to and including May 16, 2008.

7. On April 28, 2008, I spoke with Mr. Cotter and indicated that ELE would be willing to settle the Motion for Sanctions for $30,000, an amount that ELE viewed as more than the nuisance value of opposing the Motion for Sanctions.

8. On April 29, 2008, I received a voicemail from Mr. Cotter. In that voicemail, Mr. Cotter rejected the $30,000 settlement offer and stated that Tower believed ELE's offer was "way out of the ball park." Mr. Cotter further indicated that Tower was not willing to counter, but that if ELE was willing to start its offer at "six figures," then Tower would be willing to listen. Mr. Cotter stated that "short of that, [Tower is] not interested at all."

9. On April 29, 2008, I responded by email to Mr. Cotter's voicemail. *See* Exhibit 1 attached hereto. In that email, I noted that ELE was struggling to understand how Tower could claim it was entitled to fees anywhere near the $30,000 ELE had offered to settle, let alone the $300,000+ it was demanding. As such, I requested that Tower provide a more detailed fee claim, and specifically, to indicate what if any of the fees it was demanding were unrelated to issues already vetted by the Court or that are otherwise not properly the subject of a motion for sanctions.

10. Tower has thus far never provided the requested breakdown of its fees or otherwise responded to the questions posed in my email.

11. On May 9, 2008, I spoke again with Mr. Cotter. He indicated that Tower would be willing to settle the Motion for Sanctions in the "low $200,000s."

I declare under the penalty of perjury under the laws of the State of Massachusetts and the United States of America that the foregoing is true and correct.

Executed this 16th day of May, 2008 at Boston, Massachusetts.

/s/ Joshua M. Dalton
Joshua M. Dalton