UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TOWER MANUFACTURING CORPORATION,<br>Plaintiff,<br>v.<br>SHANGHAI ELE MANUFACTURING CORPORATION,<br>Defendant. | CIVIL ACTION<br>NO. 06-00170-S-DLM |

**DECLARATION OF LONG ZHANG**

I, Long Zhang, declare and state as follows:

1. I am the Chief Executive Officer of Shanghai ELE Manufacturing Corporation ("ELE"). I make this declaration based upon my own personal knowledge, except where noted upon information and belief, and if called upon to testify as a witness, could and would competently testify thereto.

2. On or about November 16, 2006, I signed a declaration that was submitted in support of ELE's Motion to Dismiss for lack of personal jurisdiction over ELE in the State of Rhode Island (the "Declaration"). The Declaration was my first personal involvement in United States litigation.

3. In the Declaration, I described the background of ELE as a company and its lack of contacts with the State of Rhode Island. The statements that I made in the Declaration were based upon my personal knowledge at that time.

4. Although I did not misstate any of ELE's direct contacts (or lack thereof) specifically with the State of Rhode Island, through ELE's extensive search for, and review of, documents and information in response to plaintiff Tower Manufacturing Corporation's ("Tower") discovery requests, I have since learned that the Declaration overstated ELE's lack of sales of LCDIs and GFCIs directly into the United States as a whole. I submit this affidavit in an effort to explain my understanding at the time I signed the Declaration.

5. Specifically, while confirming that "[t]here are two types of Shanghai ELE's products that are currently sold in the United States markets," in Paragraphs 10, 11, and 15, I went on to indicate that these products did not come into the United States directly, but instead came to the United States only through exporters or as part of a completed product manufactured outside of the United States. While these statements would have been accurate as to shipments to Rhode Island directly by Shanghai ELE, I have since come to understand that the statements as written overstated ELE's lack of sales to the United States directly.

6. At the time I made these statements in my declaration, I believed them to be completely true and accurate. ELE is a privately owned manufacturer of household electrical products, with its headquarters located in the City of Shanghai, China, and other manufacturing facilities located in Jiangsu and Zhejiang Provinces, China. When ELE began its sales of LCDI devices in December 2005, it focused its sales efforts on original equipment manufacturers ("OEMs") in China and the Far East. Its focus was not and has never been United States OEMS, and ELE did not export any LCDI devices to the United States during the first sales cycle (which lasted through early 2006). In the following year's sales cycle (for which ELE was in the midst of at the time I signed the Declaration), ELE again focused it sales on OEMs in the Far East, and as such I assumed that no sales had been made directly to

the United States. However, unbeknownst to me, at the time I signed the Declaration, ELE's sales department had managed to make a small number of sales (for a total of less than a hundred thousand units out of millions sold in China) to two manufacturers in the States of Texas and New York respectively.

7. I had absolutely no intent to deceive this Court or Tower when I signed the Declaration, nor did I intend to overstate ELE's lack of contacts with the United States generally in paragraphs 10, 11, and 15 of the Declaration. Rather, as the Chief Executive Officer of ELE, I did not have significant involvement in the day-to day-operations, and as such was not aware of these new, low-level sales directly to the United States. While all of my statements concerning ELE's lack of contacts specifically with the State of Rhode Island were true (including Paragraphs 3-9, 12-14, 17-19, 21-22, 24), I recognize now that I should not have been so definitive in making assertions concerning ELE's lack of contacts with the United States generally.

8. I understand that the Court has admonished ELE and its counsel for its failure to immediately and expressly correct the misstatements in Paragraphs 10, 11 and 15. I respect that admonishment issued by the Court and do not take it lightly. I deeply regret that my declaration contained statements in these three paragraphs that I have since come to learn were not completely accurate. I have learned from this experience, and I will be sure to double check the accuracy of any statements going forward as this case proceeds on its merits. Again, I at all times believed that I was making accurate statements, and never intended to misstate the facts or in any way mislead the Court or the plaintiff in this action.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on May 15th, 2008.

Long Zhang