UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TOWER MANUFACTURING CORPORATION,

Plaintiff,

v.

SHANGHAI ELE MANUFACTURING CORPORATION,

Defendant.

CIVIL ACTION
NO. 06-00170-S-DLM

**SHANGHAI ELE MANUFACTURING CORPORATION'S ASSENTED-TO MOTION FOR LEAVE TO FILE A FIVE-PAGE SUR-REPLY MEMORANDUM IN OPPOSITION TO TOWER'S MOTION FOR SANCTIONS**

Pursuant to Local Rule 7(b)(3), defendant Shanghai ELE Manufacturing Corporation ("ELE") hereby moves this Honorable Court for leave to file a sur-reply memorandum of no more than five pages in length in opposition to Tower's most recent Motion for Sanctions.

As grounds for and in support of this Motion, ELE states as follows:

1. On April 14, 2008, Tower filed and served a Motion for Sanctions against ELE [Dkt. 89].

2. On May 16, 2008, ELE filed and served its Opposition to Tower's Motion for Sanctions [Dkt. 102].

3. On May 21, 2008, the Court issued an electronic Notice of Hearing on the Motion for Sanctions for June 6, 2008 before Magistrate Judge David L. Martin.

4. On May 23, 2008, Tower filed and served its Reply to ELE's Opposition to Tower's Motion for Sanctions [Dkt. 106].

5. Tower's Reply Brief raises additional issues that merit further discussion. ELE, through its sur-reply, wishes to respond to certain arguments presented in Tower's Reply Brief.

6. Specifically, a sur-reply memorandum is necessary to respond to Tower's misapplication of the law and misstatement of the facts, including, *inter alia*, Tower's contentions (1) that Fed. R. Evid. 408 precludes the Court from considering the Declaration of Joshua Dalton submitted in connection with ELE's Opposition Brief and (2) that ELE should be sanctioned for citing First Circuit law concerning the stream of commerce theory. Both contentions are baseless and require further discussion.

7. As to the first point, Tower fails to cite any legal support to suggest that the *entire* Dalton Declaration should be excluded from consideration. Indeed, Rule 408 on its face plainly establishes that the entire Dalton Declaration should not be excluded from further consideration. A more fulsome discussion of Rule 408 and its application to the Dalton Declaration is needed and will be provided in ELE's sur-reply memorandum.

8. As to the second point, in its Reply Brief, Tower cites to a *docket* (i.e., *Jacobs Chuck Mfg. Co. v. Shandong Weida Mach. Co. Ltd.*, C.A. No. 05-185 (E.D. Tex.)) for the proposition that jurisdictional motions to dismiss in patent cases do not necessarily require jurisdictional discovery. However, if Tower pulled the pleadings from the docket, it would have learned that the Court's Memorandum Opinion and Order on defendant's Motion to Dismiss in that case directly contradicts Tower's arguments that ELE should be sanctioned for citing First Circuit law concerning the stream of commerce theory. Indeed, that decision not only shows that ELE should not be *sanctioned* for citing First Circuit law, but in reality, because the Federal Circuit has refused to clarify its position on satisfying personal jurisdiction under a stream of commerce theory, the First Circuit's position on the stream of commerce theory was the proper test for this Court to apply on ELE's Motion to Dismiss. *See Jacobs Chuck Mfg. Co. v. Shandong Weida Machinery Co., Ltd.*, 2005 WL 3299718, *3 (E.D. Tex. Dec. 5, 2005) ("In the absence of Federal Circuit guidance, this Court must follow Fifth Circuit precedent [regarding

the stream of commerce theory].”). As such, clearly ELE cannot be sanctioned for citing First Circuit law regarding the stream of commerce theory. Further discussion of the *Jacobs* case and the propriety of citing First Circuit law is needed and will be provided in ELE’s sur-reply memorandum.

9. ELE believes that the complete treatment presented in the sur-reply memorandum will assist the Court in determining whether Tower’s Motion for Sanctions should be denied.

10. Grant of this motion lies within the sound discretion of the Court and will not delay an impending deadline.

11. Tower will not be unfairly prejudiced by permitting ELE to submit a sur-reply memorandum of no more than five pages.

12. Tower has assented to ELE’s filing of a sur-reply memorandum.

**WHEREFORE**, ELE, with the assent of Tower, respectfully requests this Honorable Court to grant it leave to file its Sur-Reply in Opposition to Tower’s Motion for Sanctions.

Dated: May 28, 2008

Respectfully submitted

SHANGHAI ELE MANUFACTURING CORPORATION,

By its attorneys

/s/ Lawrence T. Stanley, Jr.

Jeffrey S. Brenner (#4369)
Email: jbrenner@nixonpeabody.com
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Phone: 401-454-1042
Fax: 401-454-1030

Of Counsel:
Tony D. Chen (*Pro Hac Vice*)
Email: tony.chen@bingham.com
Bingham McCutchen LLP
1620 26th Street, Suite 4000N
Santa Monica, CA 90404-4060

Phone: 310-225-9025
Fax: 310-907-2025

Joshua M. Dalton (*Pro Hac Vice*)
Email: josh.dalton@bingham.com
Lawrence T. Stanley, Jr. (*Pro Hac Vice*)
Email: lawrence.stanley@bingham.com
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
Phone: 617-951-8721
Fax: 617-951-8736

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the registered participants as identified on the Notice of Electronic Filing (NEF) and I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to the non-CM/ECF participants identified in the court's record.

/s/ Lawrence T. Stanley, Jr.
Lawrence T. Stanley, Jr.