UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TOWER MANUFACTURING CORPORATION, :
Plaintiff, :
:
v. : CA 06-170 S
:
SHANGHAI ELE MANUFACTURING :
CORPORATION, :
Defendant. :

**ORDER**
**DENYING SECOND MOTION**
**FOR SANCTIONS**

Before the Court is Tower's Motion for Sanctions Pursuant to 28 U.S.C. § 1927, Rule 26(G) and the Court's Inherent Power (Doc. #89) ("Second Motion for Sanctions" or "Motion") filed by Plaintiff Tower Manufacturing Corporation ("Tower"). A hearing was held on June 6, 2008. The Motion is denied for the following reasons.

First, it is untimely. Tower has been aware of all of the grounds which it now cites as a basis for imposing sanctions since at least November 21, 2007, the date of the hearing on Defendant Shanghai ELE Manufacturing Corporation's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. #13) ("Motion to Dismiss"). Indeed, Tower has been aware of some of the grounds since well before that date. Yet, the instant Motion was not filed until April 14, 2008, almost five months after the hearing. This delay is an imposition on the Court. It forces the Court to re-familiarize itself with documents, facts, and issues which it thoroughly considered in deciding the Motion to Dismiss, but which have since faded from the Court's memory. If the Motion had been filed prior to (or at least shortly after) the Court's issuance of its Report and Recommendation (Doc. #80) ("R&R of 1/15/08") on January 15, 2008, the information and knowledge

which the Court had in the forefront of its mind could have been drawn upon relatively easily.

Second, the most serious transgression by Defendant Shanghai ELE Manufacturing Corporation ("ELE") was its failure to correct the misstatements in the Declaration of Long Zhang ("First Zhang Decl.") and in the Memorandum in Support of Defendant Shanghai ELE Manufacturing Corporation's Motion to Dismiss for Lack of Personal Jurisdiction ("ELE Dismissal Mem."). The Court has already chastised ELE and its counsel in its R&R of 1/15/08 for this failure. <u>See</u> R&R of 1/15/08 at 3 n.3. Such criticism is itself a form of sanction—by no means an inconsequential one. Given this, the Court is unpersuaded that an additional penalty for this conduct is warranted.

In reaching this conclusion, the Court finds as a mitigating circumstance the passage of a year between the filing of the documents which contain the misstatements and the November 21, 2007, hearing on the Motion to Dismiss. The facts revealing the misstatements became known to the parties well before that hearing, and in the weeks and months that followed this revelation ELE adjusted its arguments accordingly. In doing so, ELE and its counsel may not have appreciated how troubling and disturbing their earlier misstatements would appear to the Court when it read all of their filings (which had been submitted months apart) in the span of a day or two. While this circumstance does not excuse the failure of ELE and their counsel to correct the record, it provides a possible explanation for their inaction.

Third, the Court is unpersuaded that Tower has been significantly prejudiced by acts or omissions about which it now complains. In particular, the Court rejects the suggestion that if ELE had disclosed its direct sales in the United States initially, ELE would not have filed the Motion to Dismiss. It is

far more likely that ELE still would have filed the Motion to Dismiss and argued that the direct sales of less than 75,000 LCDIs to companies in the United States constituted only a very small portion of its total sales which were primarily in China. While the Court ultimately found jurisdiction notwithstanding the small number of direct sales, the existence of these sales did not render ELE's Motion to Dismiss untenable.

The Court also is unpersuaded that Tower has been prejudiced by certain arguably inaccurate answers given by Mr. Barkley Bao ("Bao") to the 141 written interrogatories propounded to him. ELE produced the customer feedback forms, the documents which Tower cites as contradicting these answers, the day after serving Bao's responses to the interrogatories. Even if the answers were inaccurate, a determination the Court declines to make, the Court finds that there was no intent to deceive Tower because ELE produced the thirty-four pages of documents in a separate document production. Additionally, the Court is unconvinced that the fact that the documents were in Chinese is evidence that ELE was attempting to slip something by Tower.

Fourth, Tower suggests that ELE's conduct throughout the pendency of the Motion to Dismiss weighs in favor of granting the instant Motion. However, Tower has previously asked that ELE be sanctioned in this action, see Tower's Motion for Sanctions for Shanghai ELE's Failure to Comply with Discovery Orders (Doc. #56) ("First Motion for Sanctions"), and the Court concluded that only one of the four bases on which Tower sought sanctions warranted any relief, see Memorandum and Order Re Plaintiff's Motion for Sanctions (Doc. #70) ("M&O of 8/10/07"). Even as to that finding, the Court found that there were some mitigating circumstances, see id. at 12, 22-23, and adjusted the sanction accordingly, see id. at 22-23. Given the Court's finding regarding the First Motion for Sanctions and the unpersuasiveness

of some of the arguments advanced by Tower in connection with the instant Motion, e.g., contending that ELE's counsel had a duty to investigate independently the sales figures provided to him by ELE[1] and contending that ELE misrepresented jurisdictional law,[2] ELE's claim that Tower is overreaching here does not appear to be totally baseless.

Accordingly, the Motion for Sanctions is DENIED.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
June 11, 2008

---

[1] As ELE observes, this contention seems to suggest that ELE's "counsel was required to fly to China to personally audit ELE's financials ...." Memorandum of Law in Response to Tower's Motion for Sanctions ("ELE Mem.") at 9.

[2] ELE's citation of First Circuit law in its memorandum in support of the motion to dismiss for lack of personal jurisdiction was unhelpful and distracting. See Memorandum in Support of Defendant Shanghai ELE Manufacturing Corporation's Motion to Dismiss for Lack of Personal Jurisdiction ("ELE Dismissal Mem.") at 7, 10-11, 15, 18, 20-23. However, ELE stated without qualification that the "[e]xercise of personal jurisdiction in a patent infringement suit is governed by Federal Circuit law," id. at 5. Given this explicit statement, the Court cannot find that ELE misrepresented jurisdictional law as Tower contends.

As for Tower's contention that ELE should be sanctioned because it failed to cite Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558 (Fed. Cir. 1994), while the Court found that the circumstances in the instant case were "similar," Report and Recommendation (Unredacted) of 1/15/08 at 14, and adopted the Beverly Hills Fan court's reasoning, see id. at 20, there are also a number of differences between the two cases. This fact, plus ELE's citation of later Federal Circuit cases which cited the Beverly Hills Fan opinion, are sufficient to remove ELE's omission from the realm of sanctionable conduct.